SUSAN S. MUCK (CSB NO. 126930)
DEAN S. KRISTY (CSB NO. 157646)
CHRISTOPHER J. STESKAL (CSB NO. 212297)
KALAMA M. LUI-KWAN (CSB NO. 242121)
EMILY ST. JOHN COHEN (CSB NO. 239674)
GAURAV MATHUR (CSB NO. 242630)
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:      (415) 281-1350
smuck@fenwick.com
dkristy@fenwick.com
csteskal@fenwick.com
klui-kwan@fenwick.com
ecohen@fenwick.com
gmathur@fenwick.com

Attorneys for Defendants Connetics Corp.,
John L. Higgins, Lincoln Krochmal,
C. Gregory Vontz, and Thomas G. Wiggans

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CONNETICS CORP. SECURITIES LITIGATION | Case No.  C 07-02940 SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:     October 19, 2007<br>Time:    9:00 a.m.<br>Dept:    Courtroom 10, 19th Floor<br>Judge:   Honorable Susan Illston |

REQUEST FOR JUDICIAL NOTICE  ISO
MOTION TO DISMISS  COMPLAINT

CASE NO. C 07-02940 SI

Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Connetics Corp., John L. Higgins, Lincoln Krochmal, C. Gregory Vontz, and Thomas G. Wiggans (collectively, "defendants") hereby request that, in connection with their accompanying Motion to Dismiss Plaintiff's Amended Consolidated Class Action Complaint ("Amended Complaint" or "AC"), the Court take judicial notice of each of Exhibits 1 through 41 attached to the Declaration of Christopher J. Steskal in Support of Defendants' Motion to Dismiss Plaintiff's Amended Consolidated Class Action Complaint ("Steskal Declaration"), filed concurrently herewith.

## I. AUTHORITY FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, when deciding defendants' motion to dismiss, the Court can take judicial notice of the following categories of documents: (1) documents relied upon by plaintiff in the Amended Complaint; (2) Securities and Exchange Commission ("SEC") filings; (3) Food and Drug Administration ("FDA") filings and notices that are available on the FDA website; (4) publicly available analyst reports; (5) prior judicial filings in this case; and (6) summary exhibits based on judicially noticeable documents.

### A. The Court Should Take Judicial Notice Of Documents Relied Upon By Plaintiff In The Amended Complaint

In deciding a motion to dismiss a complaint, courts routinely take judicial notice of documents cited or relied upon by a plaintiff in that complaint under the incorporation by reference doctrine. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). A court may consider the full text of such documents, even when the complaint relies on selected portions. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Under the authorities cited above, the Court should take judicial notice of Exhibits 1 and 2 of the Steskal Declaration:[1]

- Exhibit 1 is a transcript of Connetics' April 26, 2005 conference call. Plaintiff relies on and quotes the April 26, 2005 conference call transcript in the Amended Complaint. *See, e.g.,* AC ¶¶ 261-264.

- Exhibit 2 is a document titled "Transgenic Mouse Models: Their Role in Carcinogen Identification." Plaintiff relies on and quotes this document in the Amended Complaint. *See* AC ¶ 56.

### B.  The Court Should Take Judicial Notice Of SEC Filings And Similar Public Documents

Courts routinely take judicial notice of documents that are filed with the SEC when deciding a motion to dismiss a securities fraud case. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding that judicial notice of SEC filings is proper). As this Court has held, judicial notice of SEC filings is proper regardless of whether the filings are referenced in the plaintiff's complaint. *In re SupportSoft, Inc. Sec. Litig.*, No. C 04-5222 SI, 2005 U.S. Dist. LEXIS 31406, at *2 (N.D. Cal. Nov. 19, 2005) (taking judicial notice of SEC filings that were not referenced in the complaint); *see also In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("In a securities action, a court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted."). In addition, a court must take judicial take notice of SEC filings and other public documents that contain meaningful cautionary language that protects forward-looking statements referenced in the complaint. *See* 15 U.S.C. § 78u-5(e) (requiring court to consider "any cautionary statement, which [is] not subject to material dispute, cited by the defendant"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same). Similarly, under the same principles that allow a court to take judicial notice of SEC filings, a "court may take judicial notice of [other] information [such as a company's press release] that was publicly available to reasonable investors at the time the defendant made the allegedly false statements." *Id.* (taking judicial notice of a company press release).

---

[1] In addition to being judicially noticeable public records, many of the SEC filings described below may also be considered by this Court when ruling on defendants' motion to dismiss because they are relied upon by plaintiff in the Amended Complaint.

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT     2     CASE NO. C 07-02940 SI

Under the authorities cited above and in the previous section, the Court should take judicial notice of Exhibits 3 to 27 of the Steskal Declaration:

- Exhibit 3 is Connetics' Form 10-K/A for the fiscal year ended December 31, 2001, filed with the SEC on or about March 29, 2002. This document contains relevant cautionary language.

- Exhibit 4 is Connetics' Form 10-K/A for the fiscal year ended December 31, 2002, filed with the SEC on or about December 2, 2003. This document contains relevant cautionary language.

- Exhibit 5 is Connetics' Form 10-K for the fiscal year ended December 31, 2003, filed with the SEC on or about March 15, 2004. This document contains relevant cautionary language.

- Exhibit 6 is Connetics' Form 10-K for the fiscal year ended December 31, 2004, filed with the SEC on or about March 16, 2005. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 248-256.

- Exhibit 7 is Connetics' Form 10-K/A for the fiscal year ended December 31, 2005, filed with the SEC on or about July 25, 2006. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 126, 130-32.

- Exhibit 8 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about May 24, 2002. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶ 41.

- Exhibit 9 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about January 9, 2004. This document contains relevant cautionary language.

- Exhibit 10 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about January 27, 2004. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 179-180.

- Exhibit 11 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about March 24, 2004. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 47-49.

- Exhibit 12 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about May 4, 2004. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 182-184.

- Exhibit 13 is Connetics' Form 8-K and Exs. 99.1 and 99.2 attached thereto, filed with the SEC on or about July 28, 2004. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.*, AC ¶¶ 201-203.

- Exhibit 14 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about October 25, 2004. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 217-219.

- Exhibit 15 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about November 23, 2004. This document contains relevant cautionary language.

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS COMPLAINT                     3                     CASE NO. C 07-02940 SI

- Exhibit 16 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about January 25, 2005. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 238-239.

- Exhibit 17 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about April 26, 2005. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶ 257-259.

- Exhibit 18 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about June 13, 2005. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 276-278.

- Exhibit 19 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about August 2, 2005. This document contains relevant cautionary language. *See, e.g.,* AC ¶¶ 282-283.

- Exhibit 20 is Connetics' Form 8-K and Exs. 99.1 and 99.2 attached thereto, filed with the SEC on or about November 1, 2005. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶¶ 294-296.

- Exhibit 21 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about May 3, 2006. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶ 322-324.

- Exhibit 22 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about July 10, 2006. This document is relied upon in the Amended Complaint and contains relevant cautionary language. *See, e.g.,* AC ¶ 127.

- Exhibit 23 is the SEC's General Instructions relating to the use of Forms 8-K.

- Exhibit 24 is the Forms 4 filed with the SEC on behalf of Thomas G. Wiggans between July 1, 2001 and July 9, 2006. These documents are relied upon in the Amended Complaint. *See, e.g.,* AC ¶¶ 165-166.

- Exhibit 25 is the Forms 4 filed with the SEC on behalf of John Higgins between July 1, 2001 and July 9, 2006. These documents are relied upon in the Amended Complaint. *See, e.g.,* AC ¶¶ 165-166.

- Exhibit 26 is the Forms 4 filed with the SEC on behalf of Gregory Vontz between July 1, 2001 and July 9, 2006. These documents are relied upon in the Amended Complaint. *See, e.g.,* AC ¶¶ 165-166.

- Exhibit 27 is Connetics' Schedule 14A, filed with the SEC on or about April 21, 2006. This document is relied upon in the Amended Complaint. *See, e.g.,* AC ¶¶ 154, 169, 172-73.

**C.   The Court Should Take Judicial Notice Of FDA Filings And Notices That Are Available On The FDA Website**

When deciding a motion to dismiss, a court may take judicial notice of FDA approval letters, public notices, and similar documents available to the public on the FDA's website. Those documents are properly subject to judicial notice because they are public records of an

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS COMPLAINT                      4                      CASE NO. C 07-02940 SI

administrative body. *See Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding that a court "may take judicial notice of records and reports of administrative bodies"); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003), *aff'd*, 388 F.3d 209 (6th Cir. 2004) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.") (citation omitted). In *In re Wellbutrin SR/Zyban Antitrust Litig.,* 281 F. Supp. 2d 751, 755 (E.D. Pa. 2003), for example, the court took judicial notice of a FDA report posted on the FDA's website. The court held that such "matters of public record may . . . be considered without converting the motion to dismiss into a motion for summary judgment." *Id.* at 755 n.2; *see also In re Vertex Pharms., Inc. Sec. Litig.*, 357 F. Supp. 2d 343, 352 n.4 (D. Mass. 2005) (taking judicial notice of FDA policy posted on website because it was "a matter of public record"); *In re Guidant Corp. Sec. Lit.*, No. 1:03-CV-0892-SEB-WTL, 2004 U.S. Dist. LEXIS 22809, at *39 n.20 (D. Ind. Nov. 8, 2004) (taking judicial notice of public filings with the FDA).

Under the authorities cited above, the Court should take judicial notice of Exhibits 28 to 34 of the Steskal Declaration:

- Exhibit 28 is Section 6010.5 of the United States Food and Drug Administration Manual of Policies and Procedures for the Center for Drug Evaluation and Research ("FDA Manual § 6010.5"). This section of the FDA Manual is available on the FDA's website at http://www.fda.gov/cder/mapp/6010.5.pdf.

- Exhibit 29 is Section 7412.2 of the United States Food and Drug Administration Manual of Policies and Procedures for the Center for Drug Evaluation and Research ("FDA Manual § 7412.2"). This section of the FDA Manual is available on the FDA's website at http://www.fda. gov/cder/mapp/7412-2.pdf.

- Exhibit 30 is a document titled "Final Printed Labeling" ("BenzaClin labeling"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/ 2000/50756_Benzaclin_ prntlbl.pdf.

- Exhibit 31 is a document titled "Approval Letter" ("BenzaClin Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/ nda/2000/50-756_Benzaclin_Approv.pdf.

- Exhibit 32 is a document titled "Administrative Documents" ("Clobex Director Review"). This document is available on the FDA's website at http://www.fda.gov/ cder/foi/nda/2003/21-535_ Clobex_ Admindocs.pdf.

- Exhibit 33 is a document titled "Approval Letter" ("Clobex Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/ nda/2003/ 21-535_Clobex_Approv. pdf.

- Exhibit 34 is excerpts from a document titled "Center for Drug Evaluation and Research: Report to the Nation 2005" ("FDA Report"). This document is available on the FDA's website at http://www.fda. gov/cder/reports/rtn/2005/rtn2005.pdf.

### D. The Court Should Take Judicial Notice Of Publicly Available Analyst Reports

When deciding a motion to dismiss a securities fraud case, a court may take judicial notice of analyst reports because they are publicly available to investors. *See Copper Mountain*, 311 F. Supp. 2d at 864 (taking judicial notice of documents that are "publicly available to reasonable investors at the time the defendant made the allegedly false statements"). That is particularly true where the analyst reports at issue "are comparable in form and content to the numerous reports that Plaintiffs heavily quote in the Complaint." *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003). Here, plaintiff cites numerous analyst reports (AC ¶¶ 46, 50, 59, 61, 63, 65, 72, 79, 81, 128, 151), but does not cite other reports that are favorable to the defendants. "As [plaintiff relies] heavily on such analysts' reports to state [its] claim, [it] can 'hardly complain when [defendants] refer to the same information in their defense.'" *Infonet*, 310 F. Supp. 2d at 1115 n.10 (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)); *see also In re Century Bus. Servs. Sec. Litig.*, No. 1:99CV02200, 2002 U.S. Dist. LEXIS 26964, at *14-15 (N.D. Ohio June 27, 2002) (holding that court may consider analyst reports in evaluating motion to dismiss a securities fraud claim).[2]

Under the authorities cited above, the Court should take judicial notice of Exhibits 35 to 37 of the Steskal Declaration:

- Exhibit 35 is an analyst report issued by Wachovia Capital Markets, LLC on April 26, 2005.

- Exhibit 36 is an analyst report issued by Jefferies & Co., Inc. on April 27, 2005.

- Exhibit 37 is an analyst report issued by Summer Street Research Partners on June 9, 2005.

---

[2] *See also BioPort*, 270 F. Supp. 2d at 973 (taking judicial notice of an article published in the Lansing State Journal); *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2006 U.S. Dist. LEXIS 33047, at *8 (N.D. Cal. May 17, 2006) (taking judicial notice of articles published in the Wall Street Journal).

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS COMPLAINT                  6                              CASE NO. C 07-02940 SI

### E. The Court Should Take Judicial Notice Of Prior Filings In This Case

A court may take judicial notice of prior proceedings and filings in a case when deciding a motion to dismiss. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (holding that a court may take judicial notice of prior proceedings when deciding a motion to dismiss); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that district court may take judicial notice of its own files); *Identity Arts v. Best Buy Enter. Servs., Inc*., No. C 05-4656 PJH, 2007 U.S. Dist. LEXIS 32060, at *11 (N.D. Cal. Apr. 18, 2007) (taking judicial notice of a declaration submitted in connection with plaintiff's earlier motion for preliminary injunction); *In re Turnstone Sys., Inc. Sec. Litig.*, No. C 01-1256 SBA, 2003 U.S. Dist. LEXIS 26709, at *104-10 (N.D. Cal. Feb. 4, 2003) (holding that "[f]ederal courts may take judicial notice of documents in their own files and the files of other courts").

Under the authorities cited above, the Court should take judicial notice of Exhibit 38 of the Steskal Declaration:

- Exhibit 38 is the Declaration of Gerald H. Silk in Support of the Motion of Teachers' Retirement System of Oklahoma for (1) Appointment as Lead Plaintiff; (2) Approval of Its Selection of Counsel as Lead Counsel for the Class; and (3) Consolidation of All Related Actions, and Exs. A and D attached thereto, filed by plaintiff Teachers' Retirement System of Oklahoma on November 17, 2006 in the action captioned *Fishbury, Ltd. v. Connetics Corp.*, No. 06-CV-11496 (S.D.N.Y.).

### F. The Court Should Take Judicial Notice Of Summary Exhibits Of Judicially Noticeable Documents

When deciding a motion to dismiss, a court may take judicial notice of tables created by counsel summarizing information contained in other judicially noticeable documents. In *DeMarco v. DepoTech Corp*., 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001), for example, the district court took judicial notice of a chart drafted by defendants' counsel listing various risk disclosures the company had included in its SEC filings and press releases. The court reasoned that consideration of the chart was proper because it was "simply a collection of quotations from documents the Court may independently consider for the reasons [already discussed]." *Id.* Similarly, a court may take judicial notice of a chart showing the company's historical stock prices. *Turnstone*, 2003 U.S. Dist. LEXIS 26709 at *107-08 (holding that judicial notice of a "tabular representation of [company's historical] stock price" was proper because "it is capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Kiyashka v. Iasiaworks, Inc.*, No. C 01-3224 SI, 2002 U.S. Dist. LEXIS 9554, at *22 (N.D. Cal. May 15, 2002) (taking judicial notice of a chart of daily stock prices of the company).

Under the authorities cited above, the Court should take judicial notice of Exhibits 39 to 41 of the Steskal Declaration:

- Exhibit 39 is a table summarizing defendants' stock sales and holdings of Connetics stock during the period of July 1, 2001 to July 9, 2006. As noted in the exhibit, the table summarizes information contained in SEC filings.

- Exhibit 40 is a table summarizing some of the meaningful cautionary language related to Velac gel that Connetics publicly disclosed in its filings with the SEC and included in its public statements.

- Exhibit 41 is a chart showing Connetics' historical stock prices from December 1, 2003 through December 28, 2006.

## II.   CONCLUSION

For the reasons set forth above, the Court should take judicial notice of Exhibits 1 through 41 to the Steskal Declaration.

Dated: August 13, 2007                                   FENWICK & WEST LLP

By: _____/s/_____
        Christopher J. Steskal

Attorneys for Defendants Connetics Corp., John L. Higgins, Lincoln Krochmal, C. Gregory Vontz, and Thomas G. Wiggans

25251/00402/LIT/1270841.5