1  SHIRLI FABBRI WEISS (Bar No. 079225)
   shirli.weiss@dlapiper.com
2  ALYSSON RUSSELL SNOW (Bar No. 225185)
   alysson.snow@dlapiper.com
3  **DLA PIPER US LLP**
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  619.699.3650
5  Fax:  619.699.2701

7  Attorneys for Defendant
   ALEXANDER YAROSHINSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONNETICS CORPORATION SECURITIES LITIGATION<br><br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO.  3:07-cv-02940-SI<br><br><u>CLASS ACTION</u><br><br>**ALEXANDER YAROSHINSKY'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         October 19, 2007<br>Courtroom:  10<br>Time:        9:00 a.m.<br>Judge:       Honorable Susan Illston |

**NOTICE OF MOTION AND MOTION; RELIEF REQUESTED**

PLEASE TAKE NOTICE that on October 19, 2007, at 9:00 a.m., or at such later date and time as the Court may order, in Courtroom 10 of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Alexander Yaroshinsky ("Dr. Yaroshinsky") will and hereby does move to strike the following paragraphs of Lead Plaintiff's Amended Consolidated Class Action Complaint ("Complaint"):  paragraphs 9, 25-26, 68-69, 86-94, 97-98, 148-149, 167 and 371.  This motion is based on this Notice; the Memorandum of Points and Authorities, *infra*; the accompanying Declaration of Alysson Snow; the Proposed Order; the Court's files for this action; and any oral argument of counsel at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

As explained in Dr. Yaroshinsky's Motion to Dismiss (filed concurrently with this motion), the Complaint fails to state a claim against Dr. Yaroshinsky because, *inter alia*, it fails to meet the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 (the "Reform Act").  Dr. Yaroshinsky files the instant motion separately, as is proper practice, to address a separate problem with the Complaint.  Of the 27 paragraphs that reference Dr. Yaroshinsky, 20 are taken directly from the operative complaint in a Securities and Exchange Commission lawsuit against Dr. Yaroshinsky, *SEC v. Yaroshinsky*, Case No. 06 CV2401 (RCC) (S.D.N.Y.).  *See* Declaration of Alysson Snow in Support of Motion to Strike Portions of Plaintiffs' Consolidated Amended Class Action Complaint, Exhibit 1 (attaching complaint in that case, designated here are the "SEC Complaint").  The Court should strike these 20 paragraphs because it is not proper practice to incorporate wholesale, and for their purported truth value, the unverified, inadmissible allegations of a separate complaint.   Federal Rule of Civil Procedure 12(f) gives the Court discretion to strike any immaterial or impertinent matter from a complaint.  That includes allegations which constitute inadmissible evidence. *Johnson v. GMRI, Inc.*, No. CV F 07-0283 LJO DLB, 2007 WL 2009808, *2 (E.D. Cal. July 6, 2007).

/////

/////

## II. PLAINTIFF'S ALLEGATIONS BASED ON "ONE OR MORE OTHER LAWSUITS" ARE IMPROPER.

Practically all of Plaintiff's allegations against Dr. Yaroshinsky come from someone else. Paragraphs 9, 25-26, 69, 86-87, 97-98, 149, and 371 of the Complaint are prefaced by "as set forth in the SEC Complaint" or some variation thereof, or constitute quotes from a press release issued by the SEC at the time that it filed the SEC Complaint. Moreover, while they do not contain a similar preface, paragraphs 68, 88-94, 148 and 167 of the Complaint immediately follow paragraphs in the Complaint with a similar preface, and repeat almost verbatim the allegations in the SEC Complaint. *Compare* Complaint ¶¶ 66, 88-94, 148, 167 *with* SEC Complaint ¶¶ 2, 25-34, 20, 34-35, respectively. The logical inference is that the allegations in these paragraphs, too, were lifted from the SEC Complaint.

All of the paragraphs should be stricken. Courts regularly refuse to consider allegations from an SEC complaint against a defendant for the purpose of assessing whether a plaintiff has pled a private securities claim. *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.\* (4th Cir. 2004) (refusing to take judicial notice of allegations of SEC complaint against defendants in assessing whether private securities claim was stated, as they merely were allegations); *In re Buca Inc. Sec. Litig.,* No. 05-1762 (DWF/AJB), 2006 WL 3030886, \*1 n.1 (D. Minn. Oct. 16, 2006) (same); *Geinko v. Padda*, No. 00 C 5070, 2002 WL 276236, \*6 & n.9 (N.D. Ill. Feb. 27, 2002) (allegations from complaints in other cases, including case filed by SEC, are hearsay). The reasons are simple. First, just because facts are alleged by the SEC does not mean that the facts are indisputable or have evidentiary support. *Nolte*, 390 F.3d at 317 n\*; *Buca*, 2006 WL 3030886, at \*1 n.1. Second, allegations from an SEC complaint constitute inadmissible hearsay. *Geinko*, 2002 WL 276236, \*6 & n.9. Finally, the review of an SEC complaint does not constitute the reasonable inquiry required under Rule 11 of the Federal Rules of Civil Procedure. *Id.* at \*6.

## III. CONCLUSION

The unverified allegations of a separate complaint are not a substitute for the allegations Plaintiff must provide in order to plead a securities fraud claim against Dr. Yaroshinsky under the

/////

heightened pleading standards of the Reform Act.  Accordingly, the portions of the Plaintiff's Complaint relying on the SEC Complaint must be stricken.

Dated:  August 13, 2007

          DLA PIPER US LLP


By    /s/ Alysson Snow
    SHIRLI FABBRI WEISS
    ALYSSON RUSSELL SNOW
    Attorneys for Defendant ALEXANDER YAROSHINSKY