1  SHIRLI FABBRI WEISS (Bar No. 079225)
   shirli.weiss@dlapiper.com
2  ALYSSON RUSSELL SNOW (Bar No. 225185)
   alysson.snow@dlapiper.com
3  **DLA PIPER US LLP**
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  619.699.3650
5  Fax:  619.699.2701

6
   Attorneys for Defendant
7  ALEXANDER YAROSHINSKY

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11 | | CASE NO.   3:07-cv-02940-SI |
|---|---|
| IN RE CONNETICS CORPORATION SECURITIES LITIGATION | **CLASS ACTION** |
| | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ALEXANDER YAROSHINSKY'S MOTIONS TO DISMISS AND STRIKE PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT** |
| This Document Relates To: | |
| ALL ACTIONS. | |
| | Date:       October 19, 2007<br>Courtroom:  10<br>Time:       9:00 a.m. |
| | The Honorable Susan Illston |

## I. INTRODUCTION

Pursuant to the Federal Rules of Evidence Rule 201 ("Rule 201"), Defendant Alexander Yaroshinsky hereby requests that this Court take judicial notice of the documents identified below in support of its motions to dismiss and strike portions of Lead Plaintiff's Amended Consolidated Class Action Complaint ("Complaint").

## II. JUDICIAL NOTICE IS APPROPRIATE

Rule 201 allows a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents for which Dr. Yaroshinsky requests judicial notice are encompassed within the scope of Rule 201 on several bases:

### Administrative Regulations

It is well established law that "a court may take judicial notice of 'records and reports of administrative bodies.'" *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *citing Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). A court may properly consider these records in a motion to dismiss. *Id.* As such, the Court may take judicial notice of the administrative rules and regulations of the Securities and Exchange Commission ("SEC"). On this basis, Dr. Yaroshinsky requests judicial notice of an SEC administrative release cited in his motion to dismiss, Final Rule: Selective Disclosure And Insider Trading, SEC Release Nos. 33-7881 *etc.* (Aug. 15, 2000), 65 FR 51716 (Aug. 24, 2000).

### SEC Filings

Courts have found that "a district court can take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned.'" *Yuen v. United States Stock Transfer Co.*, 966 F. Supp. 944, 945 fn. 1 (C.D. Cal. 1997) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2nd Cir. 1991)); *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3rd Cir. 2002). Because these documents are required by law to be filed with the SEC

there can be no serious questions as to their authenticity. *Oran v. Stafford*, 226 F.3d 275, 289 (3rd Cir. 2000). The Connetics Corporation Form 8-K documents dated May 12, 2005 and April 26, 2005 were filed with the SEC, and therefore are appropriate items for judicial notice.

**Content of Court Files**

A court may take judicial notice of the contents of court files. *See, e.g., Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); *Kelly v. Johnston*, 111 F.2d 613, 615 (9th Cir. 1940). Moreover, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of Fed. R. Civ. P. 12(b)(6).); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837-38 (N.D. Cal. 2000) ("Thus, the court may consider the full text of a document the complaint quotes only in part."). The Complaint cites and relief heavily on the SEC's Amended Complaint, which was filed on June 22, 2006 in the United States District Court of the Southern District of New York, Case No. 06CV2401. The Court can take judicial notice of this document.

**III.   REQUEST FOR JUDICIAL NOTICE**

Based on the above and pursuant to Rule 201, Dr. Yaroshinsky hereby requests that the Court take judicial notice of the following documents in ruling on his motion to dismiss:

1. Final Rule: Selective Disclosure and Insider Trading, SEC Release Nos. 33-7881 *etc.* (Aug. 15, 2000), 65 FR 51716 (Aug. 24, 2000), attached as Exhibit A to the Declaration of Alysson Snow In Support Of The Motion to Dismiss ("Snow Declaration").

2. Connetics Corporation Form 8-K dated May 12, 2005, attached as Exhibit B to the Snow Declaration.

3. Connetics Corporation Form 8-K dated April 26, 2005, attached as Exhibit C to the Snow Declaration.

/////

4.  Amended Complaint in *SEC v. Yaroshinsky*, Case No. 06 CV2401 (RCC) (S.D.N.Y.), filed June 22, 2006, attached as Exhibit D to the Snow Declaration.

Respectfully submitted,

Dated:  August 13, 2007

DLA PIPER US LLP

By   /s/  Alysson Snow
   SHIRLI FABBRI WEISS
   ALYSSON RUSSELL SNOW
Attorneys for Defendant ALEXANDER YAROSHINSKY