BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
DAVID R. STICKNEY   (Bar No. 188574)
NIKI L. MENDOZA   (Bar No. 214646)
MATTHEW P. SIBEN   (Bar No. 223279)
TAKEO A. KELLAR   (Bar No. 234470)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
nikim@blbglaw.com
matthews@blbglaw.com
takeok@blbglaw.com
          -and-
CHAD JOHNSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444
chad@blbglaw.com

Attorneys for Lead Plaintiff Teachers' Retirement System of Oklahoma and Lead Counsel to the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CONNETICS SECURITIES LITIGATION | Case No. C 07-02940 SI<br><br>**CLASS ACTION**<br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS YAROSHINSKY'S AND ZAK'S MOTIONS TO STRIKE PORTIONS OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:      October 19, 2007<br>Time:      9:00 a.m.<br>Courtroom: 10<br>Judge:     Hon. Susan Illston |

## I. INTRODUCTION

Lead Plaintiff Teachers' Retirement System of Oklahoma ("Lead Plaintiff") respectfully submits this response in opposition to Defendant Alexander Yaroshinsky's Motion To Strike Portions Of The Amended Consolidated Class Action Complaint.[1]

On June 22, 2006, the United States Securities and Exchange Commission ("SEC") filed an amended complaint in the United States District Court for the Southern District of New York against defendants Alexander Yaroshinsky and Victor Zak for insider trading involving Connetics securities (the "SEC Complaint"). The Amended Consolidated Class Action Complaint (the "Complaint") in this action properly references certain specific facts contained in the SEC Complaint. *See In re Cylink Sec. Litig.*, 178 F. Supp. 2d 1077, 1080-81 (N.D. Cal. 2001) (holding that a court properly considers allegations in a securities fraud class action complaint that were derived from a complaint filed by the SEC "when evaluating the sufficiency of plaintiffs' allegations under the PSLRA"). Given that the allegations in the Complaint that reference the specific facts in the SEC Complaint are material and have bearing on the subject matter of this litigation, Lead Plaintiff respectfully submits that defendants' motions to strike should be denied.

## II. ARGUMENT

### A. Defendant Yaroshinsky's Motion To Strike Is Without Merit

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation," and such motions are "regarded with disfavor." *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal.

---

[1] In addition, on or about August 28, 2007, despite having previously filed an Answer that admits many of the allegations [Docket No. 20], defendant Victor E. Zak served a motion to strike, joining and adopting the arguments in defendant Yaroshinsky's motion to strike. [Filed September 11, 2007, Docket No. 41.] Lead Plaintiff submits this opposition in response to defendants Yaroshinsky's and Zak's motions to strike.

1996). The paragraphs in Lead Plaintiff's Complaint contested by Yaroshinsky or Zak, which set forth information contained in the SEC Complaint, unquestionably have bearing upon defendants Yaroshinsky's and Zak's securities law violations at issue in this case.[2] The specific allegations detailed in the SEC Complaint against Yaroshinsky and Zak directly support Lead Plaintiff's allegations that Yaroshinsky and Zak knowingly traded on material, non-public information. Accordingly, the facts contained in the SEC Complaint are not "immaterial" or "impertinent" material subject to Rule 12(f).

Contrary to defendants' assertions, facts alleged in the SEC Complaint provide proper bases for the allegations against them in this action. Addressing precisely this issue, the Honorable Vaughn R. Walker of the Northern District of California upheld a securities fraud complaint which included allegations derived from an SEC complaint: "information 'set forth' in a complaint filed by the SEC" which "alleges fraudulent revenue recognition practices," may be considered "when evaluating the sufficiency of plaintiffs' allegations under the PSLRA." *Cylink*, 178 F. Supp. 2d at 1080-81. Here too, Lead Plaintiff properly "set forth" information contained in the SEC Complaint, in addition to many other sources cited in the Complaint, including eight confidential witnesses and the investigation by counsel for Lead Plaintiff.

Defendant Yaroshinsky's contention that the allegations from the SEC Complaint "constitute inadmissible hearsay" is off point. Motion to Strike ("MTS") at 2. The PSLRA requires only that, "if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). At the pleading stage, "plaintiffs are only required to plead facts, not to produce admissible evidence." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000). Thus, a properly pleaded complaint may be based on hearsay evidence. *Id*. Therefore, allegations based on information from a source, especially a reliable source like the SEC Complaint, are proper.

---

[2] Defendants seek to strike some, but not all, of the Complaint's allegations that are based on the SEC Complaint. The paragraphs they seek to strike are as to Yaroshinsky and Zak only and thus such motion is irrelevant to the remaining allegations against the other defendants.

Indeed, courts in this Circuit and elsewhere have accepted allegations based on an SEC complaint in denying a motion to dismiss. *See, e.g.*, *Cylink*, 178 F. Supp. 2d at 1080, 1089; *Carlson v. Xerox Corp.*, 392 F. Supp. 2d 267 (D. Conn. 2005); *Swack v. Credit Suisse First Boston*, 383 F. Supp. 2d 223 (D. Mass. 2004). Moreover, many courts have held that even a newspaper article can serve as a "reasonable source of information and belief allegations," provided that the newspaper article includes "numerous factual particulars and is based on an independent investigative effort."[3] In *McKesson*, defendants argued in their motion to dismiss that "newspaper articles should be discounted because they are hearsay." *McKesson,* 126 F. Supp. 2d at 1272. The court rejected this argument, holding that "all pleadings on information and belief are hearsay . . . . if the newspaper article includes numerous factual particulars and is based on an independent investigative effort, it is a source that may be credited in determining whether plaintiffs have alleged facts sufficient to raise a strong inference of scienter." *Id*.

The SEC, the very governmental agency charged with investigating and enforcing securities laws from a regulatory standpoint − even more so than a newspaper − unquestionably is in a position to "possess" the information attributed to it as a source and should therefore be "credited in determining whether plaintiffs have alleged [sufficient] facts" satisfying the PSLRA. *Id.*; *see also In re Lockheed Martin Corp. Sec. Litig.*, 272 F. Supp. 2d 928, 940 (C.D. Cal. 2002) (plaintiff may use a source to support allegations "provided the source is described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged"). As a reliable source, the SEC Complaint can form one of the many bases for allegations in Lead Plaintiff's well pleaded Complaint. *Cf. De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003) (noting that "there is nothing improper about utilizing information from the SEC

---

[3] *McKesson,* 126 F. Supp. 2d at 1272; *see also In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 355 n.89 (S.D.N.Y. 2003) (newspapers, magazines, Internet sources, books, analyst reports, academic literature, congressional testimony, an SEC consent decree "can plainly form a basis for Plaintiffs' beliefs" to satisfy the PSLRA pleading standard); *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 42, 78-81 (D. Del. 2002) ("allegations derived from reputable media sources and clearly identified as such in the Amended Class Complaint are sufficient to meet the [information and belief] requirement of the PSLRA").

[complaint] as evidence to support private claims" because "[t]he PSLRA does not require that a plaintiff re-invent the wheel before filing a complaint; and one could argue that a complaint predicated on the results of an SEC investigation has far more 'evidentiary support' than one based on rumor and innuendo gleaned from 'Heard on the Street'").

### B. Defendant's Out-Of-Circuit Cases Do Not Support Striking Paragraphs From The Complaint

In support of his motion to strike, defendant Yaroshinsky cites only three out-of-circuit cases. MTS at 2. Defendant's authority is easily distinguished.

Defendant Yaroshinsky cites a footnote in *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.* (4th Cir. 2004), for his contention that "Courts regularly refuse to consider allegations from an SEC complaint against a defendant for the purpose of assessing whether a plaintiff has pled a private securities claim." MTS at 2. In *Nolte*, shareholders appealed the district court's dismissal of their securities fraud class action complaint for failure to plead fraud with particularity. *Nolte*, 390 F. 3d at 317 n.*. **While the appeal was pending**, the SEC commenced a civil action against one of the defendants in the shareholders' action. *Id*. The shareholders, ***thereafter***, "asked the Court to take judicial notice of the [subsequently filed SEC] complaint and the facts alleged therein," which were not contained in the class action complaint, which the court denied. *Id*. In stark contrast, Lead Plaintiff here is not requesting this Court take "judicial notice" of a later filed SEC complaint as evidence in support of its allegations, and indeed, the relevant specific facts contained in the SEC Complaint are already included in the Complaint in this case.

Defendant Yaroshinsky also relies on a footnote in a District Court of Minnesota case, *In re Buca Inc. Sec. Litig.*, 2006 WL 3030886, at *1 n.1 (D. Minn. Oct. 16, 2006). *Buca* similarly dealt with a request for judicial notice. There, the plaintiffs requested at the motion to dismiss stage that the Court take judicial notice of 11 documents, all pertaining to separate actions brought by the SEC and United States Attorney's Office, "includ[ing] two civil complaints filed by the SEC, documents reflecting the settlement of one of the SEC actions, two criminal complaints brought by the U.S. Attorney's Office, and documents reflecting plea agreements in

1  the criminal proceedings." *Id*.  Unlike in *Buca* and *Nolte*, here, Lead Plaintiff is not requesting
2  judicial notice of any evidence at the motion to dismiss stage.  Rather, Lead Plaintiff properly
3  uses specific facts detailed in the SEC Complaint as a source of pleading particular facts.  *See*
4  *McKesson*, 126 F. Supp. 2d at 1272 (at the pleading stage, "plaintiffs are only required to plead
5  facts, not to produce admissible evidence").  For these reasons, *Buca* and *Nolte* are neither
6  persuasive nor applicable to the instant case.

7  And finally, Yaroshinsky relies on a case from the Northern District of Illinois, *Geinko v.*
8  *Padda*, 2002 WL 276236 (N.D. Ill. Feb. 27, 2002).  In *Geinko*, however, "[t]he pervasive defect
9  in the Amended Complaint . . . [was] that it [did] not make clear what Plaintiffs directly allege as
10 fact, and what Plaintiffs merely are asserting that someone else has alleged." *Id*., at *6.  In
11 contrast, here, counsel for Lead Plaintiff has conducted an independent investigation into the
12 facts, and the Complaint details the numerous factual allegations and sources including, not only
13 the SEC, but many other corroborating sources.  Further, in *Geinko*, plaintiffs relied almost
14 solely on allegations contained in three independent actions and attached over 300 pages
15 consisting of the complaints in those other actions.  *Id*., at *1.  Unlike in *Geinko*, here, Lead
16 Plaintiff's counsel did not rely solely on the analysis of other attorneys, but rather, the specific
17 allegations in the SEC Complaint provide support and corroborate the additional sources.

18 Accordingly, the paragraphs in the Complaint disputed by Yaroshinsky and Zak that
19 reference the SEC Complaint are appropriate and should not be stricken.  *See Cylink*, 178 F.
20 Supp. 2d at 1080-81.

21 **III.  CONCLUSION**

22 Based on the foregoing, Lead Plaintiff respectfully requests that this Court deny
23 defendants Yaroshinsky's and Zak's motions to strike.

24 Dated: September 17, 2007            Respectfully submitted,

25                                      BERNSTEIN LITOWITZ BERGER
                                        & GROSSMANN LLP
26

27
                                         /s/ David R. Stickney
28                                      DAVID R. STICKNEY

DAVID R. STICKNEY
NIKI L. MENDOZA
MATTHEW P. SIBEN
TAKEO A. KELLAR
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
          -and-
CHAD JOHNSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

Attorneys for Lead Plaintiff Teachers' Retirement System of Oklahoma and Lead Counsel to the Class

26930

# CERTIFICATE OF SERVICE

I, KAYE A. MARTIN, do hereby certify that on this 17th day of September, 2007, true and correct copies of the foregoing

**Lead Plaintiff's Opposition To Defendants Yaroshinsky's And Zak's Motions To Strike Portions Of The Amended Consolidated Class Action Complaint**

were filed electronically. Those attorneys who are registered with the Electronic Case Filing ("ECF") System may access this filing through the Court's system, and notice of this filing will be sent to the parties by operation of the Court's ECF System. Attorneys not registered with the Court's ECF system will be duly and properly served via facsimile and/or Federal Express (as indicated on the attached Service List), in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

/s/ Kaye A. Martin
KAYE A. MARTIN

# Service List
In re CONNETICS SECURITIES LITIGATION
Case No.: 07-02940

| **COUNSEL FOR CONSOLIDATED PLAINTIFF FISHBURY LIMITED** | |
|---|---|
| Jean-Marc Zimmerman<br>Eduard Korsinsky<br>Pamela Lynam Mahon<br>**ZIMMERMAN, LEVI**<br>   **& KORSINSKY LLP**<br>39 Broadway, Suite 1601<br>New York, NY 10006<br>Tel: 212-363-7500<br>Fax: 212-363-7171<br>ek@zlk.com<br>jmzimmerman@zlk.com<br>pmahon@zlk.com<br><br>*Via ECF* | |
| **COUNSEL FOR CONSOLIDATED PLAINTIFF BRUCE GALLANT** | |
| Evan J. Smith<br>**BRODSKY & SMITH LLC**<br>240 Mineola Blvd.<br>Mineola, NY 11501<br>Tel: 516-741-4977<br><br>*Via FedEx* | |
| **COUNSEL FOR CONSOLIDATED PLAINTIFF MARCUS A. SEIGLE** | |
| Catherine A. Torell<br>**COHEN MILSTEIN HAUSFELD**<br>   **& TOLL P.L.L.C**<br>150 East 52nd Street<br>New York, NY 10022<br>Tel: 212-838-7797<br>Fax: 212-383-7745<br><br>*Via FedEx* | |

| | |
|---|---|
| **COUNSEL FOR DEFENDANTS CONNETICS CORPORATION, THOMAS G. WIGGANS, C. GREGORY VONTZ, JOHN HIGGINS, LINCOLN KROCHMAL, EUGENE A. BAUER, R. ANDREW ECKERT, CARL B. FELDBAUM, DENISE M. GILBERT, JOHN C. KANE, THOMAS D. KILEY, LEON E. PANETTA AND G. KIRK RAAB** | |
| Susan S. Muck<br>Dean S. Kristy<br>Christopher J. Steskal<br>Kalama M. Lui-Kwan<br>Emily St. John Cohen<br>**FENWICK & WEST**<br>275 Battery Street, Suite 1600<br>San Francisco, CA 94111<br>Tel: 415-875-2300<br>Fax: 415-281-1350<br>smuck@fenwick.com<br>dkristy@fenwick.com<br>csteskal@fenwick.com<br>klui-kwan@fenwick.com<br>ecohen@fenwick.com<br><br>*Via ECF* | Gregory A. Markel<br>**CADWALADER, WICKERSHAM & TAFT LLP**<br>1 World Financial Center<br>New York, NY 10281<br>Tel: 212-504-6112<br>Fax: 212-504-6666<br>gregory.markel@cwt.com<br><br><br><br><br><br><br><br><br><br>*Via ECF* |
| **COUNSEL FOR DEFENDANT ALEXANDER J. YAROSHINSKY** | |
| James P. Duffy IV<br>**DLA PIPER US LLP**<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212-335-4500<br>Fax: 212-504-6666<br>James.duffy@dlapiper.com<br><br>Alysson Russell Snow<br>**DLA PIPER US LLP**<br>401 B Street, Suite 1700<br>San Diego, CA 92101<br>Tel: 619-699-2858<br>Fax: 619-699-2701<br>Alysson.snow@dlapiper.com<br><br>*Via ECF* | |

LP's OPP. TO DEFS. YAROSHINSKY'S AND ZAK'S MOTIONS TO STRIKE PORTIONS OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          -9-
Case No. C 07-02940 SI

| **Defendant Victor E. Zak** ||
|---|---|
| Victor E. Zak (*pro se*)<br>24 Oakmont Road<br>Newton, MA 02459<br>Tel: 617-610-2538<br>zakvic@yahoo.com<br><br>*Via FedEx* | |