SHIRLI FABBRI WEISS (Bar No. 079225)
shirli.weiss@dlapiper.com
ALYSSON RUSSELL SNOW (Bar No. 225185)
alysson.snow@dlapiper.com
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.3650
Fax: 619.699.2701

Attorneys for Defendant
ALEXANDER YAROSHINSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONNETICS CORPORATION SECURITIES LITIGATION | CASE NO. 3:07-cv-02940-SI <br><br> <u>CLASS ACTION</u> <br><br> **ALEXANDER YAROSHINSKY'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| This Document Relates To: <br><br> ALL ACTIONS. | Date: October 19, 2007 <br> Courtroom: 10 <br> Time: 9:00 a.m. <br> Judge: Honorable Susan Illston |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. PLAINTIFF DOES NOT HAVE STANDING TO ASSERT CLAIMS AGAINST DR. YAROSHINSKY ..................................................................................................... 3

    A. Plaintiff Did Not Trade Contemporaneously With Dr. Yaroshinsky ...................... 3

    B. Trades by Class Members Cannot Cure Plaintiff's Failure to Trade Contemporaneously with Dr. Yaroshinsky ............................................................ 4

    C. Defendant Zak's Sales Cannot Be Imputed to Dr. Yaroshinsky and, Even if They Could, Plaintiff did not Trade Contemporaneously with Zak ....................... 4

III. THE COMPLAINT FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER ................................................................................................................... 7

IV. PLAINTIFF DID NOT STATE A CLAIM FOR TIPPER/TIPPEE LIABILITY ............... 9

V. THE SECTION 20A CLAIM MUST BE DISMISSED ON OTHER GROUNDS .......... 10

VI. CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Backman v. Polaroid Corp.*,
  540 F. Supp. 667 (D. Mass. 1982) ............................................................................. 5

*Brody v. Transitional Hosps. Corp.*,
  280 F.3d 997 (9th Cir. 2002) ................................................................................. 3, 4

*Buban v. O'Brien*,
  1994 WL 324093 (N.D. Cal. June 22, 1994) .................................................... 5, 6, 7

*Copland v. Grumet*,
  88 F. Supp. 2d 326 (D.N.J. 1999) ............................................................................. 5

*Dirks v. Sec. Exch. Comm'n*,
  463 U.S. 646, 103 S. Ct. 3265-66 (1983) ................................................................ 10

*Hevesi v. Citigroup Inc.*,
  366 F.3d 70 (2d Cir. 2004) ........................................................................................ 4

*In re AST Research Sec. Litig.*,
  887 F. Supp. 231 (C.D. Cal. 1995) .................................................................. 5, 7, 10

*In re Aldus Sec. Litig.*,
  1993 WL 121478 (W.D. Wash. March 1, 1993) ................................................. 5, 11

*In re Cendent Corp Litig.*,
  60 F. Supp. 2d 354 (D.N.J. 1999) ............................................................................. 4

*In re Fed. Nat'l Mortgage Ass'n Sec. Deriv. and "ERISA" Litig.*,
  2007 WL 2248037 (D.D.C. July 31, 2007) ............................................................... 5

*In re Genentech Sec. Litig.*,
  1989 WL 201577 (N.D. Cal. Dec. 11, 1989) ............................................................ 6

*In re Microstrategy, Inc. Sec. Litig.*,
  115 F. Supp. 2d 620 (E.D. Va. 2000) .................................................................... 5, 6

*In re Nat'l Golfs Props. Inc.*,
  2003 WL 23018761 (C.D. Cal. Mar. 19, 2003) ........................................................ 4

*In re Qwest Communications Int'l, Inc.*,
  396 F. Supp. 2d 1178 (D. Colo. 2004) ...................................................................... 7

*In re Stratus Computer, Inc. Sec. Litig.*,
  1992 WL 73555 (D. Mass. March 27, 1992) ............................................................ 5

*In re Verifone Sec. Litig.*,
  784 F. Supp. 1471 (N.D. Cal. 1992), *aff'd*, 11 F.3d 865 (9th Cir. 1993) ............. 3, 4

-ii-

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Johnson v. Alijian*,
    490 F.3d 778 (9th Cir. 2007) .................................................................................................. 11

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) .............................................................................................. 3, 5, 7

*O'Shea v. Littleton*,
    414 U.S. 488, 94 S. Ct. 669 (1974) ........................................................................................... 4

*Shurkin v. Golden State Vintners Inc.*,
    471 F. Supp. 2d 998 (N.D. Cal. 2006) .................................................................................... 10

*United States Sec. Exch. Comm'n v. Maxwell*,
    341 F. Supp. 2d 941 (S.D. Ohio 2004) .................................................................................. 10

### STATUTES

15 U.S.C. §§ 78j(b), *et seq* ............................................................................................................ 3

15 U.S.C. § 78t-1(a) (2000) ........................................................................................................... 3

15 U.S.C. § 78t-1(b)(1) ................................................................................................................ 11

15 U.S.C. § 78u-4(b)(3)(A) ........................................................................................................... 9

Fed. R. Civ. P. 8(a) ....................................................................................................................... 9

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

As established in Dr. Yaroshinsky's Opening Brief in support of his Motion to Dismiss, Plaintiff fails to state a claim against him for violation of Section 10(b) and Section 20A of the Securities Exchange Act of 1934 for two independent reasons: (1) Plaintiff does not have standing because it failed to plead that it and Dr. Yaroshinsky contemporaneously traded in Connetics' stock; and (2) Plaintiff failed to sufficiently plead that Dr. Yaroshinsky acted with the requisite scienter. The Opening Brief also established that Plaintiff failed to sufficiently plead its Section 20A claims against Dr. Yaroshinsky for two additional independent reasons: (1) Plaintiff failed to sufficiently plead its Section 10(b) claim, which in this case is the predicate violation to Plaintiff's Section 20A claim; and (2) Section 20A expressly precludes Plaintiff's requested relief. In its Opposition Brief, Plaintiff fails to respond to these showings and, instead, raises new theories of liability that were not pled in the Complaint, applies out-of-Circuit authority which contradicts authority within the Ninth Circuit, and generally attempts to mask the fatal deficiencies in its Complaint by confusing the issues raised in the Opening Brief.

First, Plaintiff fails to respond, and thereby concedes, to Dr. Yaroshinsky's showing in the Opening Brief that it did not trade "contemporaneously" with Dr. Yaroshinsky, which is required for Plaintiff to have standing. Rather, Plaintiff argues that it has standing because other class members traded contemporaneously with Dr. Yaroshinsky. Not only does Plaintiff fail to cite any supporting authority, but well-settled Ninth Circuit law states that a plaintiff's standing *cannot* be based on the alleged contemporaneous trading of other class members. In a last ditch attempt to save its claims against Dr. Yaroshinsky, Plaintiff argues that Defendant Zak's purported contemporaneous trades should be imputed to Dr. Yaroshinsky under a theory of tipper/tippee liability, which is pled nowhere in the Complaint. Even if the tipper/tippee theory was sufficiently pled, which it is not, Plaintiff still lacks standing because Plaintiff and Zak did not contemporaneously trade in Connetics' stock. Under the law within this Circuit, some of which requires that a plaintiff and defendant's trades occur on the same day to be "contemporaneous," Zak's trades made five days before Plaintiff's trades were not contemporaneous. This especially is the case given that Connetics' stock trades on the NASDAQ

-1-

stock market, a large volume of Connetics' stock was traded on the relevant dates and there was a significant difference in the price of Connetics' stock on the days Plaintiff and Zak traded. Plaintiff, therefore, does not have standing, and the Complaint should be dismissed as against Dr. Yaroshinsky for this reason alone.

Second, Plaintiff fails to refute Dr. Yaroshinsky's showing in the Opening Brief that Plaintiff has not sufficiently a pled a strong inference of scienter. Indeed, as Dr. Yaroshinsky established, the most reasonable inference arising from Connetics' April 26, 2005 press release and earnings call is that by April 26, 2005 Dr. Yaroshinsky believed that he did not possess any material non-public information and that he could trade without violating the securities laws – i.e., that he did not act with scienter. Rather than respond by showing that the allegations in the Complaint give rise to a more compelling inference that Dr. Yaroshinsky acted with scienter (as it must under recent U.S. Supreme Court authority), Plaintiff merely lists allegations in the Complaint which it purports give rise to the requisite strong inference of scienter, without citing any authority in support thereof. Indeed, nowhere in its Opposition does Plaintiff even mention the compelling inference set forth in the Opening Brief that Dr. Yaroshinsky did not act with scienter, let alone respond to it. Plaintiff, therefore, has failed to sufficiently plead scienter, and the motion to dismiss should be granted for this independent reason as well.

Third, in an attempt to salvage its insider trading claims, Plaintiff asserts a new claim in its Opposition Brief for tipper/tippee liability. Even if it were permissible to raise this claim for the first time in the Opposition Brief, which it is not, Plaintiff has utterly failed to state such a claim. Given the complete absence of tipper/tippee allegations, the Complaint not only comes nowhere near meeting the heightened pleadings standards of the Private Securities Litigation Act (the "Reform Act"), but it also fails to meet Rule 8 of the Federal Rules of Civil Procedure. As with the other legal elements to a tipper/tippee claim, the Complaint fails to plead, as it must, specific facts that Dr. Yaroshinsky (the alleged tipper) would have received a personal benefit from sharing information with Zak (the alleged tippee). Plaintiff's sole allegation is that Dr. Yaroshinsky and Zak were former neighbors, which fails to sufficiently plead such personal benefit.

-2-

1  Finally, Plaintiff does not and cannot overcome the well-settled law that it must
2  sufficiently plead its Section 10(b) claim – the independent, predicate violation purportedly
3  supporting its Section 20A claim. Moreover, Plaintiff cannot refute that its relief for its alleged
4  Section 20A violation must be limited to disgorgement.

5  For these reasons, Dr. Yaroshinsky respectfully requests that the Court grant his motion to
6  dismiss with prejudice.

## II.  PLAINTIFF DOES NOT HAVE STANDING TO ASSERT CLAIMS AGAINST DR. YAROSHINSKY

9  It is well-settled that in order to have standing to bring its Section 10(b) and Section 20A
10 claims against Dr. Yaroshinsky, Plaintiff must plead specific facts that it traded
11 contemporaneously with Dr. Yaroshinsky. 15 U.S.C. §§ 78j(b), *et seq.* (2000) (Section 10(b)); 15
12 U.S.C. § 78t-1(a) (2000) (Section 20A); *Neubronner v. Milken*, 6 F.3d 666, 669-70 (9th Cir.
13 1993); *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1001 (9th Cir. 2002). As Dr.
14 Yaroshinsky established in his Opening Brief, Plaintiff has failed to plead any such
15 contemporaneous trades. In the Opposition Brief, Plaintiff comes nowhere near refuting this
16 showing.

### A.  Plaintiff Did Not Trade Contemporaneously With Dr. Yaroshinsky.

18 Where a plaintiff's trades are before the alleged insider's trades, the trades cannot be
19 "contemporaneous." *In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1489 (N.D. Cal. 1992) ("No
20 liability can attach for trades made by plaintiffs before the insider engages in trading activity"),
21 *aff'd*, 11 F.3d 865 (9th Cir. 1993). As Dr. Yaroshinsky established in his Opening Brief, Plaintiff
22 cannot, as a matter of law, plead the requisite contemporaneous trading because Plaintiff's alleged
23 trades occurred *before* Dr. Yaroshinsky's alleged trades – Plaintiff traded only on April 18 and
24 19, 2005 and Dr. Yaroshinsky did not make his first trade until April 21, 2005. Opening Br. at
25 8:24-9:20. Plaintiff concedes as much, and in its Opposition does not even attempt to respond to
26 this fatal defect in the Complaint. *See* Opposition Br. at 3:19-6:4.

27 /////
28 /////

B. **Trades by Class Members Cannot Cure Plaintiff's Failure to Trade Contemporaneously with Dr. Yaroshinsky.**

In an attempt to mask its lack of contemporaneous trades, Plaintiff advances an alternative theory of standing, which fails as a matter of law. Plaintiff argues that it has standing to assert the insider trading claims because other class members traded during the entire class period. Opposition Br. 6:1-4. As Dr. Yaroshinsky established in his Opening Brief, however, the Ninth Circuit has rejected this argument and held that allegations that other class members traded contemporaneously with an alleged insider are insufficient to establish a plaintiff's standing. Opening Br. at 8:21-9:10, citing *Brody*, 280 F.3d at 1001; *O'Shea v. Littleton*, 414 U.S. 488, 493-94, 94 S. Ct. 669, 675 (1974); *Verifone*, 784 F. Supp. at 1489. Plaintiff cites no authority to the contrary. *See* Opposition Br. at 6:1-4.[1] Plaintiff's attempt to establish standing on this basis, therefore, fails as a matter of law.

C. **Defendant Zak's Sales Cannot Be Imputed to Dr. Yaroshinsky and, Even if They Could, Plaintiff did not Trade Contemporaneously with Zak.**

In a second attempt to mask its lack of contemporaneous trades, Plaintiff advances another alternative theory of standing, which also fails as a matter of law. Plaintiff attempts to establish that it has standing to bring its claims against Dr. Yaroshinsky by imputing Defendant Zak's trades on April 13, 2005 to Dr. Yaroshinsky. Opposition Br. at 3:19-5:3. Plaintiff does so under a theory of tipper/tippee liability, which it failed to plead in even the most conclusory manner in the Complaint and asserts for the first time in its Opposition. *See supra*, Section IV. Plaintiff's failure to plead the tipper/tippee claim alone precludes Plaintiff's theory of standing as to Dr. Yaroshinsky based on Zak's sales.

---

[1] Although footnote 6 of the Opposition Brief incorporates Section VII of Plaintiff's Opposition to the motion to dismiss, the cases Plaintiff cites therein do not support the proposition that Plaintiff can have standing based on other class members' trades. (Plaintiff's Opposition to Defendants Connetics Corp, John Higgans, Lincoln Krochmal, C. Gregory Vontz, and Thomas G. Wiggans Motion to Dismiss, 39:8-14.) Rather, *In re Cendent Corp Litig.*, 60 F. Supp. 2d 354, 378-79 (D.N.J. 1999) supports Dr. Yaroshinsky's case, holding that the trade was contemporaneous where one of the *named* plaintiffs traded on the same day with the defendant. The two additional cases Plaintiff cites do not even involve insider trading claims and, therefore, have no bearing on this inquiry. *See In re Nat'l Golfs Props. Inc.*, No. CV 02-1383GHK(RZX), 2003 WL 23018761, at *1 (C.D. Cal. Mar. 19, 2003); *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 n. 13 (2d Cir. 2004).

-4-

1  Even if Plaintiff had sufficiently pled tipper/tippee liability (which it has not, *see id.*), and
2  for argument's sake Zak's sales could be imputed to Dr. Yaroshinsky, Plaintiff did *not* trade
3  contemporaneously with Zak as would be necessary for Plaintiff to establish standing under this
4  theory.  Indeed, the Ninth Circuit has held that the contemporaneous trade element of Plaintiff's
5  Sections 10(b) and 20A claims must be strictly construed.  *Nuebronner*, 6 F.3d at 699-700.
6  Based on this mandate and the reasoning set forth in a decision of a court in this District, *Buban v.*
7  *O'Brien*, the Central District held that trades are contemporaneous only if they occur on the *same*
8  *day*.  *In re AST Research Sec. Litig.*, 887 F. Supp. 231, 233 (C.D. Cal. 1995) (citing *Buban v.*
9  *O'Brien*,  No. C 94-0331 FMS, 1994 WL 324093 (N.D. Cal. June 22, 1994) ("The Court
10 concludes that a same-day definition of "contemporaneous" is proper- i.e., the sale by an insider
11 and subsequent purchase by an aggrieved party must occur on the same day.  The same day
12 standard is the only reasonable standard given the way the stock market functions.").  The Central
13 District is not alone in requiring trades to occur on the same day in order to be
14 "contemporaneous."  Indeed, numerous other courts have reached the same holding.  *See, e.g.*, *In*
15 *re Fed. Nat'l Mortgage Ass'n Sec. Deriv. and "ERISA" Litig.*, Nos. 04-1639 (RJL), 06-0082(RJL),
16 06-0139 (RJL), 2007 WL 2248037, at \*\*16-17 (D.D.C. July 31, 2007) (same day trading
17 required);  *In re Microstrategy, Inc. Sec. Litig.,* 115 F. Supp. 2d 620, 664 (E.D. Va. 2000)
18 (dismissing insider trading claim against plaintiff and one of defendants with whom it did not
19 trade on the same day, but rather three days after); *Copland v. Grumet*, 88 F. Supp. 2d 326,  337-
20 38 (D.N.J. 1999) (adopting reasoning in cases requiring same day trade); *In re Aldus Sec. Litig.*,
21 No. C92-885C, 1993 WL 121478, at \*7 (W.D. Wash. March 1, 1993) (dismissing claims against
22 defendants with whom plaintiffs did not trade on the same day); *In re Stratus Computer, Inc. Sec.*
23 *Litig.*, No. 89-2075-Z, 1992 WL 73555, at \*6 (D. Mass. March 27, 1992) (endorsing same day
24 definition); *Backman v. Polaroid Corp.*, 540 F. Supp. 667, 671 (D. Mass. 1982) (trades between 2
25 and 7 days apart were not contemporaneous).  Under this authority, Plaintiff and Zak did not
26 contemporaneously trade – Zak allegedly traded on April 13, 2005 and Plaintiff traded on April
27 18 and 19, 2005.
28 /////

Even under the authority in this District, where the Court decided the issue of contemporaneous trades without reaching the issue of whether the trades need to occur on the same day, Plaintiff and Zak's trades were not contemporaneous. As this District explained in *Buban*, the purpose of the contemporaneous trading requirement is designed to protect a plaintiff who was harmed by the insider and that "such harm may be found where it appears the plaintiff might, in fact, have traded with the defendant." *Buban*, 1994 WL 324093, at *3. Although the *Buban* court did not need to reach the issue of same day trading, the court relied on facts similar to those in this case to conclude that the plaintiff's trades made three days after the defendant's trades were not contemporaneous. Specifically, the *Buban* court based its ruling on the facts that (a) the volume of the company's stock on the day that the defendant traded was 140,000 shares and (b) the difference in the price the plaintiffs paid for the stock and the price on the stock that the defendant traded was $1.50. *Id.* Based on these circumstances, the *Buban* court held that "it is clear that plaintiff could not have traded with defendant." *Id.* Other courts have considered criteria similar to those considered by the *Buban* court to find that trades were not contemporaneous. *See, e.g., In re MicroStrategy,* 115 F. Supp. 2d at 664 (finding trades made three days apart were not contemporaneous where (1) the stock was traded on the NASDAQ; (2) there was heavy trading volume; (3) the defendant purchased shares for $90 and plaintiff purchased the shares for $87.125; and (4) 79.35 million combined shares of stock remained outstanding).

The facts pled in the Complaint are on all fours with *Buban*, establishing that even if this Court were not to require same day sales, Plaintiff's sales still were not contemporaneous with Zak's sales. First, on April 13, 2005 – the only specific day on which Plaintiff alleges Zak traded before Plaintiff – the volume of trading was 542,000 shares, over 400,000 shares more than in *Buban*.[2] Declaration of Alysson Snow, Ex. A (historical price and volume of Connetics' stock).

---

[2] Plaintiff's attempt to latch on to its general allegation that Zak traded at unspecified times between April 14, 2005 and June 10, 2005 in order to establish contemporaneous trading fails. Opposition Br. at 4:22-27. A plaintiff must plead specific dates on which the alleged insider traded – general allegations that the insider traded during a certain time period are insufficient. *See In re Genentech Sec. Litig.*, No. Civ.A. C-88-4038-DLJ, 1989 WL 201577, at *6 (N.D. Cal. Dec. 11, 1989); *see also* Opening Br. at 7:12-20.

Second, on April 18 and 19, 2005 – the only dates on which Plaintiff traded – Connetics' stock closed at $28.40 and $28.00, respectively. *Id.* The difference between these prices and the closing price on April 13, 2005 of $25.67 (the date on which Zak traded) is $2.73 and $2.33, respectively. This difference is significantly greater than the $1.50 difference the *Buban* court found to severely discredit an allegation of contemporaneous trades. Third, the number of days between Plaintiff's trades and Zak's trades was five days, which is two days further apart than the trades at issue in *Buban*. Even under a more liberal interpretation of "contemporaneous" (i.e, the trades do not need to occur on the same day), therefore, Plaintiff's sales were not contemporaneous with Zak's trades. Plaintiff, therefore, cannot base its standing on Zak's trades. Not surprisingly, Plaintiff fails to mention or even address *Buban* or *AST Research*. Rather, Plaintiff relies on cases outside of the Ninth Circuit which conflict with both *Buban* and *AST Research*. Opposition Br. at 4:3-17. [3]

For these reasons, Plaintiff has failed to establish that it has standing to assert its Section 10(b) and Rule 20A claims against Dr. Yaroshinsky. Dr. Yaroshinsky's motion to dismiss, therefore, may be granted *with prejudice* without further analysis.

### III.   THE COMPLAINT FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER

Even if Plaintiff had established it has standing, which it has not, Dr. Yaroshinsky's Opening Brief establishes that the Complaint must be dismissed for another reason – the Complaint fails to plead a strong inference of scienter. Opening Br. at 9:15-12:13. As set forth in

---

Plaintiff, therefore, cannot rely on its general allegation that Zak traded over a two month period to establish that it has sufficiently pled contemporaneous sales.

[3] Plaintiff's attempt to save its Section 20A claim by citing *In re Qwest Communications Int'l, Inc.*, 396 F. Supp. 2d 1178, 1201 (D. Colo. 2004) for the proposition that a Section 20A claim can be dismissed only if plaintiffs can prove no set of facts in support of their claim that would entitle them to relief is of no avail. Opposition Br. at 4:27-5:2. No such similar authority exists in the Ninth Circuit. In fact, this rule articulated by the District of Colorado stands in stark contrast to the cases in this District explaining that one of the purposes of the contemporaneous trading requirement is "to protect defendants from having to defend factually baseless litigation . . .." *Buban*, 1994 WL 324093, at *2. The liberal pleading standard set forth by the District of Colorado for a Section 20A claim would render this purpose superfluous, as even the most generic allegations of insider trades would be sufficient. Plaintiff's citation to *Nuebronner*, 6 F.3d at 671, for the position that a Section 20A claim cannot be dismissed unless the Plaintiff has the right to discovery is equally unavailing. *Nuebronner* was decided before enactment of the Reform Act in 1995, and the corresponding heightened pleading standard which requires Plaintiff to plead its Section 20A claim with particularity.

-7-

1   the Opening Brief, the U.S. Supreme Court recently held that in order to plead a strong inference
2   of scienter, the inference from a plaintiff's allegations must be "powerful," "cogent," and
3   "compelling" – it is not enough that the inference be "reasonable" or "permissible." *Id.* at 5:28-
4   6:3 (citing *Tellabs v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2510 (2007)). Moreover, the
5   inference of scienter "must be more than merely 'reasonable' or 'permissible' – it must be cogent
6   . . . and at least as compelling as any plausible inference one could draw from the facts alleged."
7   *Id.* at 5:14-17. As further explained in the Opening Brief, given Connetics' April 26, 2005 press
8   release and earnings call (Opening Br. at 10:14-11:8), the most cogent and compelling inference
9   from the allegations in the Complaint is that by April 26, 2005, Dr. Yaroshinsky believed that he
10  did not possess any material non-public information and that he could trade without violating the
11  securities laws – i.e., he did not act with scienter.
12       Not surprisingly, Plaintiff does not even attempt to show how the pleadings in the
13  Complaint satisfy the *Tellabs* standard and fails to even mention *Tellabs* with respect to Dr.
14  Yaroshinsky. *See* Opposition Br. at 6:5-8:16. Indeed, Plaintiff fails to respond to, and does not
15  even mention, Dr. Yaroshinsky's showing that the most compelling inference arising from the
16  April 26, 2005 press release and earnings call, and the other allegations in the Complaint, is that
17  by April 26, 2005, Dr. Yaroshinsky *believed* that he did not possess any material non-public
18  information and that he could trade without violating the securities laws. Plaintiff also fails to
19  show how the allegations in the Complaint give rise to an inference of scienter that is at least as
20  compelling as the inference that Dr. Yaroshinsky did not act with scienter. At best, Plaintiff
21  pieces together a list of allegations scattered through the Complaint, and makes the conclusory
22  statement that they sufficiently plead a strong inference of scienter. Opposition Br. at 6:6-12.
23  Plaintiff cites no authority for its conclusory statement and, under *Tellabs*, fails to establish that
24  these conclusory statements sufficiently plead a strong inference of scienter.
25       Rather, Plaintiff advances a response which completely misses the mark. Plaintiff focuses
26  on whether the Complaint sufficiently pleads that the April 26, 2005 press release and earnings
27  call revealed all material, non-public information to the market. Opposition Br. at 7:6-12. As
28  explained above, however, Dr. Yaroshinsky is not relying on the April 26, 2005 press release and

-8-

earnings call solely to establish that all material, non-public information was disclosed to the market and, therefore, that Dr. Yaroshinsky could not have engaged in the alleged insider trading. Rather, Dr. Yaroshinsky relies on the April 26, 2005 press release and earnings call to establish that the most reasonable inference is that Dr. Yaroshinsky – a scientist – believed that all material non-public information had been disclosed and that he could trade. Plaintiff does not and cannot offer a competing inference that is more than reasonable or permissible, as required under *Tellabs*.[4]

Because the Complaint fails to plead a strong inference of scienter, dismissal is mandatory. 15 U.S.C. § 78u-4(b)(3)(A). As a result, the Complaint must be dismissed as against Dr. Yaroshinsky for this independent reason as well.

**IV.   PLAINTIFF DID NOT STATE A CLAIM FOR TIPPER/TIPPEE LIABILITY**

In addition to Plaintiff's failure to plead contemporaneous trades and scienter, Plaintiff's purported tipper/tippee claim fails for two additional reasons. First, the Complaint comes nowhere near meeting the heightened pleading standards under the Reform Act which apply to both Plaintiff's Section 10(b) and Section 20A claims against Dr. Yaroshinsky. *See* Opening Br. at 5:11-6:24. In fact, the Complaint does not even contain "a short and plain statement" of a claim based on tipper/tippee liability, as required under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a). The words "tip," "tipper," and "tippee" do not appear anywhere in the Complaint, and the first time Plaintiff raised the issue was in the Opposition Brief.

Second, the Complaint fails to plead an essential element of a tipper/tippee claim – that Dr. Yaroshinsky personally benefited from allegedly disclosing material non-public information

---

[4] Nor does a ruling on this motion require, as Plaintiff argues, the Court to rule on the materiality of the alleged omissions from the April 26, 2005 press release. Opposition Br. at 7:20-27. Rather, it only requires the Court to rule on whether the more compelling and reasonable inference based on the April 26, 2005 press release and earnings call was that Dr. Yaroshinsky believed there was no legal impediment to his trading. That said, and as established in Dr. Yaroshinsky's Opening Brief and Connetics' Motion to Dismiss, the April 26, 2005 press release and conference call neither contained false or misleading statements, nor failed to disclose any information about the April 13 FDA call required under the federal securities law. Opening Br. at 10:17-25. As Connetics and the co-defendants establish in their Reply Brief, which Dr. Yaroshinsky incorporates herein by reference, Plaintiff fails to refute this showing. Connetics Reply Memo., Section III, C. This is yet another independent reason why Plaintiff's claims against Dr. Yaroshinsky should be dismissed.

to Zak. *Dirks v. Sec. Exch. Comm'n*, 463 U.S. 646, 662-63, 103 S. Ct. 3265-66 (1983); *In re AST Research Sec. Litig.*, 887 F. Supp. at 235. Plaintiff does not plead allegations of personal benefit such as pecuniary gain, reputational gain or reciprocal information that Dr. Yaroshinsky would receive from sharing the alleged inside information with Zak. *See id.* Although not clear from the Complaint, the closest Plaintiff might come to pleading a personal benefit is the allegation that Dr. Yaroshinsky and Zak were former neighbors. Where a plaintiff's tipper/tippee claim relies upon inferences of personal benefit due to the relationships of the alleged tipper and tippee, however, the plaintiff must allege a special relationship from which the defendant would receive a "meaningful future advantage" for disclosing allegedly material inside information. *United States Sec. Exch. Comm'n v. Maxwell*, 341 F. Supp. 2d 941, 948-49 (S.D. Ohio 2004). Conclusory assertions of personal benefit are insufficient and the court need not indulge in any unwarranted inference. *See Shurkin v. Golden State Vintners Inc.*, 471 F. Supp. 2d 998, 1025 (N.D. Cal. 2006).

Here, Plaintiff's only allegation is that Dr. Yaroshinsky and Zak are former neighbors. The Complaint fails, as it must, to include any allegations, let alone the requisite particularized allegations, as to why their relationship as former neighbors is a special relationship or how Dr. Yaroshinsky would receive a meaningful future advantage based on relationship. Although sharing information with a family member or a friend can be deemed a personal benefit, the Complaint does not plead any such relationship. *Dirks*, 463 U.S. at 661-663. Moreover, as noted above, this Court need not engage in drawing unwarranted inferences from Plaintiff's naked allegation – i.e., that Dr. Yaroshinsky would somehow benefit based upon his status as Zak's former neighbor. Thus, the Complaint fails to plead its tipper/tippee claim.

For these reasons, Plaintiff's attempt to salvage its case based on a purported theory of tipper/tippee liability fails, and Dr. Yaroshinsky's motion to dismiss should be granted.

**V.    THE SECTION 20A CLAIM MUST BE DISMISSED ON OTHER GROUNDS**

In the Opposition Brief, Plaintiff also fails to refute the additional bases on which its Section 20A claim should be dismissed.

/////

-10-

As established in the Opening Brief, Plaintiff's Section 20A claim must be dismissed because Plaintiff has failed to plead its Section 10(b) claim against Dr. Yaroshinsky—it failed to plead standing through contemporaneous trades, scienter and, now, tipper/tippee liability. Opening Br. at 12:17-20. Plaintiff does not and cannot adequately respond. Plaintiff completely ignores that it failed to plead scienter and tipper/tippee liability with respect to its Section 10(b) claims. *See* Opposition Br. at 8:17-9:6. Instead, Plaintiff focuses entirely on its failure to plead standing through contemporaneous trades. *Id.* In this regard, Plaintiff argues that it does not need to have standing through contemporaneous ownership in order to sufficiently plead its Section 10(b) claim for purposes of the predicate violation required for its Section 20A claim. *Id.* Plaintiff, however, cites no authority for this proposition other than *Johnson v. Alijian*, 490 F.3d 778, 783 (9th Cir. 2007), a case in which the court stated that the plaintiff had sufficiently pled a Section 10(b) claim for purposes of Section 20A even though the statute of limitations for the Section 10(b) claim had expired. *Id.* Not only is the statute of limitations not analogous to the basic, threshold issue of standing, but, in *Johnson*, the statute of limitations for the Section 20A claim had not expired, allowing the Section 20A claim to proceed. *Johnson*, 490 F.3d at 781. Plaintiff does not and cannot explain how its failure to plead standing is analogous to the circumstances in *Johnson*, especially since contemporaneous trades are required for Plaintiff to have standing to assert his Section 20A claim as well as his Section 10(b) claim.

Second, the only appropriate relief for Dr. Yaroshinsky's alleged violation of Section 20A is the amount of Dr. Yaroshinsky's profit gained or loss avoided. 15 U.S.C. § 78t-1(b)(1); *In re Aldus Sec. Litig.*, 1993 WL 121478 at *7 (W.D. Wash. March 1, 1993). Plaintiff's litany of damages, which include compensatory damages and/or rescission, interest, and attorneys' fees and costs, are impermissible forms of relief under Section 20A and should be stricken.

/////
/////
/////
/////
/////

-11-

## VI. CONCLUSION

As explained above, Plaintiff fails to overcome the strong showing in Dr. Yaroshinsky's Opening Brief that it fails to state a claim against him. As a result, Plaintiff's Complaint should be dismissed with prejudice as to Dr. Yaroshinsky.

Dated: October 4, 2007

                                          DLA PIPER US LLP

                                          By _____
                                               SHIRLI FABBRI WEISS
                                               ALYSSON RUSSELL SNOW
                                               Attorneys for Defendant
                                               ALEXANDER YAROSHINSKY