1   SHIRLI FABBRI WEISS (Bar No. 079225)
    shirli.weiss@dlapiper.com
2   ALYSSON RUSSELL SNOW (Bar No. 225185)
    alysson.snow@dlapiper.com
3   **DLA PIPER US LLP**
    401 B Street, Suite 1700
4   San Diego, CA  92101-4297
    Tel:  619.699.3650
5   Fax:  619.699.2701

6
    Attorneys for Defendant
7   ALEXANDER YAROSHINSKY

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                                     │  CASE NO.  3:07-cv-02940-SI
    IN RE CONNETICS CORPORATION        │
12  SECURITIES LITIGATION              │  CLASS ACTION
                                       │
13  ─────────────────────────────     │  **ALEXANDER YAROSHINSKY'S REPLY
                                       │  IN SUPPORT OF HIS MOTION TO
14  This Document Relates To:          │  STRIKE PORTIONS OF PLAINTIFF'S
                                       │  AMENDED CONSOLIDATED CLASS
15       ALL ACTIONS.                  │  ACTION COMPLAINT**
                                       │
16                                     │  Date:        October 19, 2007
                                       │  Courtroom:   10
17                                     │  Time:        9:00 a.m.
                                       │  Judge:       Honorable Susan Illston
18                                     │

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

2            The wholesale cut-and-paste of allegations in a Securities and Exchange Commission

3    ("SEC") complaint is not a substitute for the allegations Plaintiff must provide to plead a

4    securities fraud claim against Dr. Yaroshinsky, especially under the high pleading standards of

5    the Private Securities Litigation Reform Act (the "Reform Act") and even Federal Rule of Civil

6    Procedure 11 ("Rule 11").  As shown in Dr. Yaroshinsky's Motion to Strike, Plaintiff lifted all of

7    the allegations in the 27 paragraphs in the Complaint that refer to Dr. Yaroshinsky from an SEC

8    complaint (the "SEC Complaint").  *See SEC v. Yaroshinsky*, Case No. 06 CV2401 (RCC)

9    (S.D.N.Y.).  The Court should strike all 27 of these paragraphs because it is impermissible for a

10   complaint against a defendant to be based entirely on the allegations of another complaint.

11   **II.    THIS MOTION IS LIMITED TO PLAINTIFF'S ALLEGATIONS AGAINST DR.**

12   **YAROSHINSKY**

13           As Plaintiff noted in its Opposition, this motion to strike is directed only at the allegations

14   in the Complaint that refer to Dr. Yaroshinsky – i.e., 27 paragraphs out of the 372 paragraph

15   Complaint.  Opposition Br. at 2 n.4.  Whether Plaintiff has other allegations in other paragraphs

16   of the Complaint that are not based on the SEC Complaint or which were the product of

17   Plaintiff's investigation, therefore, is irrelevant.

18           Despite acknowledging the narrow scope of this motion to strike relevant to the Complaint

19   as a whole, Plaintiff attempts to broaden the inquiry beyond the 27 paragraphs at issue.  Plaintiff

20   argues that the allegations in the SEC Complaint "support Lead Plaintiff's allegations that

21   Yaroshinsky and Zak knowingly traded on material, non-public information."   Opposition Br.

22   2:3-6.  There are, however, no such allegations in the Complaint for the SEC Complaint to

23   "support" – the allegations lifted from the SEC Complaint are the only allegations in the

24   Complaint that Yaroshinsky traded on material, non-public information.  Nor, as Plaintiff

25   contends, does the "Complaint detail[] numerous factual allegations and sources including, not

26   only the SEC, but many other corroborating sources." Opposition Br. at 5:10.  Again, since the

27   only allegations directed at Dr. Yaroshinsky are lifted from the SEC Complaint, there are no other

28   factual allegations and sources in the Complaint to corroborate Plaintiff's allegations against Dr.

- 1 -

1    Yaroshinsky.  Not surprisingly, Plaintiff does not cite to any allegations in the Complaint in

2    support of these arguments.

3    **III.    PLAINTIFF'S REGURGITATION OF ALLEGATIONS FROM AN SEC**

4    **COMPLAINT IS INSUFFICIENT.**

5         Plaintiff's blind reliance on the SEC Complaint and its apparent failure to perform any

6    independent investigation of the allegations lifted from the SEC Complaint do not meet the

7    requirements set forth in Rule 11 and the heightened pleading standards under the Reform Act.

8    Fed. R. Civ. Proc. rule 11(b)(3).  Both Rule 11 and the Reform Act impose on an attorney a "duty

9    to conduct a reasonable factual investigation prior to filing a complaint."  *Certain Underwriters at*

10   *Lloyd's London v. Rauw*, No. C 05-2377 SBA, 2007 WL 2729117, slip copy at *5 (N.D. Cal.

11   Sept. 18, 2007); *In re Caere Corporate Sec. Litig.*, 837 F. Supp. 1054, 1060 (N.D. Cal. 1993).  If

12   the plaintiff's counsel relies on another counsel's investigation, counsel must still "acquire []

13   knowledge of facts sufficient to enable him to certify that the paper is well-grounded in fact."

14   *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (N.D. Cal. 1987).  Thus,

15   even if, as Plaintiff asserts, the court may consider allegations set forth in an SEC Complaint,

16   Plaintiff still has a duty to investigate those allegations on its own.

17        For example, in *Geinko v. Padda*, the court was confronted with a complaint that relied on

18   briefs filed in other actions as the basis for it allegations.  No. 00 C 5070, 2002 WL 276236, at *6

19   & n.9 (N.D. Ill. Feb. 27, 2002).  As is the case here, the plaintiffs in *Geinko* did not allege any

20   independent facts.  *Id*.  Nor did the *Geinko* plaintiffs "attest to independently examining the

21   materials underlying these third-party allegations."  *Id*.   Plaintiff flails in its attempt to

22   distinguish *Geinko*.  Opposition Br. at 5:7-18.  Indeed, Plaintiff makes the inexplicable argument

23   that *Geinko* is distinguishable because the "plaintiffs relied almost solely on allegations contained

24   in three independent actions and attached over 300 pages consisting of the complaints in those

25   actions."  Opposition Br. at 5:13-15.  Here, however, the same is true – every allegation asserted

26   against Dr. Yaroshinsky is lifted directly from the SEC Complaint.  Moreover, while Plaintiff

27   states that it "conducted an independent investigation into the facts," it does not state that it

28   independently investigation the facts lifted from the SEC Complaint.  Plaintiff's general

- 2 -

1  statements as to its investigation of the Complaint are insufficient when this motion is limited to

2  27 paragraphs of the 372 paragraph Complaint.

3      Moreover, none of the cases cited by Plaintiff in its Opposition to Dr. Yaroshinsky's

4  motion to strike present the situation here.  Unlike here, the cases do not involve a wholesale cut-

5  and-paste job with no allegations other than those cut from an SEC Complaint and the absence of

6  confirmation of an independent investigation as to those allegations.  Indeed, in *In re Cylink Sec.*

7  *Litig.*, 178 F. Supp. 2d 1077, 1080 (N.D. Cal. 2001), the case most prominently cited by Plaintiff,

8  the complaint included allegations independent of those in an SEC Complaint which were merely

9  supplemented by those in the SEC Complaint.  Plaintiff's reliance on *McKesson HBOC, Inc. Sec.*

10  *Litig.*, 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000), is equally misguided.  The complaint in

11  *McKesson* complaint was based entirely the facts in the newspaper article at issue in that case.

12      Unlike here, in *De La Fuente v. DCI Telecommunications, Inc.*, 259 F. Supp. 2d 250, 259-

13  60 (S.D.N.Y. 2003), another case heavily relied on by Plaintiff, the plaintiff represented that

14  "every allegation in the complaint was verified by plaintiff's counsel through independent

15  investigation," including those taken from an SEC Complaint.  Again, Plaintiff's general

16  statement that it conducted an investigation into the facts of the 327 paragraph Complaint does

17  not necessarily mean that it investigated the facts lifted from the SEC Complaint and asserted in

18  the 27 paragraphs involving  Dr. Yaroshinsky.  Finally, Plaintiff's reliance on cases in which the

19  courts discuss the requisite detail that must be pled about a source in order for the source to be

20  credited misses the mark.  Dr. Yaroshinsky is not arguing that Plaintiff has failed to identify the

21  SEC Complaint as the source for the allegations in the Complaint, but rather that Plaintiff cannot

22  merely cut-and-paste its complaint against Yaroshinsky from the SEC Complaint.

23      Simply put, Plaintiff cannot meet its pleading obligations, especially in a securities fraud

24  action governed by the Reform Act, by merely lifting all of its allegations from the SEC

25  Complaint.  As the *Geinko* court correctly reasoned, if the court were to accept this view of

26  pleading a securities fraud violation, "two plaintiffs could file separate actions each relying on the

27  allegations in the other's complaint and both would state a claim for fraud."  *Geinko*, 2002 WL

28  /////

- 3 -

1  276236, at *6 & n.9.  Clearly, Rule 11 and the heightened pleading requirements under the

2  Reform Act impose a greater duty than to just cut-and-paste.  *Id.*

3  **IV.    CONCLUSION**

4         For the reasons set forth herein, Plaintiff cannot base its entire complaint against Dr.

5  Yaroshinsky on allegations lifted from the SEC Complaint.  Accordingly, Dr. Yaroshinsky's

6  motion to strike should be granted.

7

8  Dated:  October 4, 2007

                                        DLA PIPER US LLP

9

10

11                                      By    /s/ Alysson Snow
                                             SHIRLI FABBRI WEISS
12                                           ALYSSON RUSSELL SNOW
                                             Attorneys for Defendant
13                                           ALEXANDER YAROSHINSKY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT .................................................... 1

II.   THIS MOTION IS LIMITED TO PLAINTIFF'S ALLEGATIONS AGAINST
      DR. YAROSHINSKY ..................................................................................................... 1

III.  PLAINTIFF'S REGURGITATION OF ALLEGATIONS FROM AN SEC
      COMPLAINT IS INSUFFICIENT ..................................................................................... 2

IV.   CONCLUSION ................................................................................................................... 4

DLA PIPER US LLP    GT\6547331.1                    YAROSHINSKY'S REPLY IN SUPPORT OF MOTION TO STRIKE
                                                   CASE NO. 3:07-CV-02940-SI

1

## **TABLE OF AUTHORITIES**

2
                                                                                    **Page**
3

### **CASES**

4

*Certain Underwriters at Lloyd's London v. Rauw*,
    2007 WL 2729117 (N.D. Cal. Sept. 18, 2007) ................................................................. 2

*De La Fuente v. DCI Telecommunications, Inc.*,
    259 F. Supp. 2d 250 (S.D.N.Y. 2003) ............................................................................ 3

*Geinko v. Padda*,
    No. 00 C 5070, 2002 WL 276236 (N.D. Ill. Feb. 27, 2002) ......................................... 2, 3

*In re Caere Corporate Sec. Litig.*,
    837 F. Supp 1054 (N.D. Cal. 1993) ................................................................................ 2

*In re Cylink Sec. Litig.*,
    178 F. Supp. 2d 1077 (N.D. Cal. 2001) .......................................................................... 3

*McKesson HBOC, Inc. Sec. Litig.*,
    126 F. Supp. 2d 1248 (N.D. Cal. 2000) .......................................................................... 3

*National Ass'n of Radiation Survivors v. Turnage*,
    115 F.R.D. 543 (N.D. Cal. 1987) .................................................................................... 2

### **RULES**

Federal Rule of Civil Procedure 11 .................................................................................... 1, 2, 4

DLA PIPER US LLP
SAN DIEGO

GT\6547331.1

YAROSHINSKY'S REPLY IN SUPPORT OF MOTION TO STRIKE
CASE NO. 3:07-CV-02940-SI