BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
DAVID R. STICKNEY   (Bar No. 188574)
NIKI L. MENDOZA (Bar No. 214646)
MATTHEW P. SIBEN   (Bar No. 223279)
TAKEO A. KELLAR   (Bar No. 234470)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:     (858) 793-0070
Fax:     (858) 793-0323
davids@blbglaw.com
nikim@blbglaw.com
matthews@blbglaw.com
takeok@blbglaw.com
     -and-
CHAD JOHNSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:     (212) 554-1400
Fax:     (212) 554-1444
chad@blbglaw.com

Attorneys for Lead Plaintiff Teachers' Retirement
System of Oklahoma and Lead Counsel to the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CONNETICS CORP. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | Case No. C 07-02940 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:   October 19, 2007**<br>**Time:   2:00 p.m.**<br>**Dept.:  Courtroom 10, 19th Floor**<br>**Judge:  Hon. Susan Illston** |

1    Pursuant to Civil Local Rule 16-9(a) and Federal Rule of Civil Procedure 26(f), counsel

2    for the parties met and conferred telephonically beginning on September 28, 2007, and submit

3    this Joint Case Management Statement in preparation for the October 19, 2007 Case

4    Management Conference.

5    While the parties were able to reach agreement on certain items, others are in dispute.

6    Attached hereto are the parties' respective proposed CMC orders.

7    1.    JURISDICTION AND SERVICE

8    The Teachers' Retirement System of Oklahoma (the "Lead Plaintiff") asserts claims

9    arising under §§ 10(b), 20A and 20(a) of the Securities Exchange Act of 1934 (the "Exchange

10   Act"), 15 U.S.C. §§ 78j(b), 78t(a) and 78t-1, and the rules and regulations promulgated

11   thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.  This Court has jurisdiction over

12   the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa

13   and 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

14   No parties remain to be served.

15   2.    FACTS

16   This is a federal securities law class action on behalf of Lead Plaintiff and persons who

17   purchased or acquired the securities of Connetics Corp. (n/k/a Stiefel Laboratories, Inc.

18   ("Connetics" or the "Company") between January 27, 2004 and July 9, 2006 (the "Class

19   Period"), against Connetics, Thomas G. Wiggans, Gregory Vontz, John Higgins, Lincoln

20   Krochmal, Alexander J. Yaroshinsky, and Victor E. Zak.

21   The claims asserted arise under Sections 10(b), 20A and 20(a) of the Exchange Act.

22   Connetics is a specialty pharmaceutical company that develops and markets drugs for the

23   dermatological market.  In December 2006, Connetics was acquired by Stiefel Laboratories in a

24   $640 million merger.  The amended consolidated complaint alleges claims related to Velac Gel

25   (a development-stage product), Connetics' financial statements, and stock trades by certain

26   defendants.

27

28

3.    LEGAL ISSUES

The claims at issue are described above and in the amended consolidated complaint. Defendants deny the allegations of wrongdoing and have filed motions for dismissal. Defendants' motions for dismissal, along with Lead Plaintiff's opposition brief, and defendants' replies are presently before the Court.  The parties' briefs further detail the principal legal issues in dispute.

4.    MOTIONS

On December 14, 2006, the Southern District of New York consolidated the action and appointed the Teachers' Retirement System of Oklahoma as Lead Plaintiff.  On May 23, 2007, the Southern District of New York granted defendants' motion to transfer the action to this Court.

Presently pending before the Court are defendants' motions for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants filed their motions for dismissal on August 13, 2007.  Lead Plaintiff filed its opposition papers on September 17, 2007.  Lead Plaintiff filed a notice of supplemental authority on October 1, 2007.  Defendants filed their reply papers in further support of the motion on October 4, 2007.  A hearing on the motions for dismissal is scheduled for October 19, 2007, prior to the Court's scheduled Case Management Conference.

This action is governed by the Private Securities Litigation Reform Act ("PSLRA"), a provision of which revised the Securities Exchange Act to provide "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ."  15 U.S.C. § 78u-4(b)(3)(B).  There are no pending discovery motions.

5.    AMENDMENT OF PLEADINGS

The parties do not anticipate the addition of any new parties or claims at this time but reserve their rights to make such amendments. In light of the pending motions for dismissal and the PSLRA stay of all discovery and proceedings, the parties cannot presently propose a realistic deadline for amending the pleadings. With the exception of defendant Zak, defendants have not filed an answer in this action as they have moved for dismissal and those motions are still

pending.  Defendant Zak, who is acting *pro se*, filed an answer listing defenses and also moved to dismiss the amended consolidated complaint.

6.    EVIDENCE PRESERVATION

During the meet and confer process, the parties have represented that they have taken all appropriate steps to preserve evidence relevant to the issues reasonably evident in this action.

7.    DISCLOSURES

Due to the stay of all discovery and other proceedings imposed by the PSLRA, no initial disclosures have been made pursuant to Federal Rule of Civil Procedure 26.

**Lead Plaintiff's Proposal:**

As set forth below in § 8, Lead Plaintiff proposes that counsel for the parties meet within 10 days of the ruling on the motion to dismiss to agree upon a schedule for initial disclosures.

**Defendants' Proposal:**

Because this action is subject to the stay of all discovery and other proceedings imposed by the PSLRA, initial disclosures are premature at this time.  The scope of the issues may be significantly affected by the Court's ruling on defendants' motion to dismiss.  If those motions are dispositive, then there will be no need for initial disclosures.  However, even if not completely dispositive, the Court's ruling may dramatically limit or narrow the issues in this case, thereby significantly affecting the substance of the initial disclosures.

As set forth below, defendants propose that, if this case survives a motion to dismiss (i.e., the motion is not granted in whole or in part), the parties meet and confer to discuss a schedule for initial disclosures and that a case management conference be held thirty days after the final ruling on the motions to dismiss.

8.    DISCOVERY

This action is presently subject to the stay of all discovery and other proceedings imposed by the PSLRA.  The parties' respective positions regarding discovery are set forth below.

**Lead Plaintiff's Proposal**:

Lead Plaintiff proposes that the parties meet and confer within 10 days of the Court's ruling on defendants' motions for dismissal, at which time the parties will engage in further

discussions concerning the disclosures required by Rule 26(a)(1), any modifications to limits on the number of interrogatories and depositions and development of a discovery plan with regard to, among other things, discovery of electronically stored information ("ESI").   To enable discovery to proceed efficiently and to enable the parties to propound discovery that is properly tailored, Lead Plaintiff proposes that during this meet-and-confer session each party be prepared to discuss, among other things: (i) the type, kind, location, and amount of any potentially relevant ESI (including ESI concerning, among other things, the Company's accounting entries during the Class Period and Velac testing data); (ii) how the party maintained potentially relevant ESI during the Class Period; (iii) how the party maintains potentially relevant ESI presently; (iv) any relationships with a third party that contracts to and/or otherwise maintains the party's potentially relevant ESI; (v) email retention policies and back-up and archiving programs (including the rotation, archiving and/or destruction of back-up tapes and/or systems recovery routines); (vi) persons responsible for maintaining computer hardware, data or information systems that contain potentially relevant ESI (presently and during the Class Period); (vii) identification of all operating systems used during the relevant Class Period and presently by persons with knowledge of facts relevant to this action; (viii) the most efficient and effective means of producing that party's ESI (*i.e.,* native format or otherwise); (ix) the steps taken by the party to preserve ESI, including meta-data, and store that ESI pending production; (x) who specifically the party directed to preserve documents, including ESI; and (xi) whether and how old hardware and/or legacy systems that may have potentially relevant ESI, if any, have been stored to preserve documents.

Lead Plaintiff further proposes that each defendant be prepared to produce, within 21 days of a decision by the Court denying that defendant's motion for dismissal, all documents already gathered and produced by that defendant to any governmental entity or regulatory body concerning any of the matters set forth in the amended consolidated complaint.

Lead Plaintiff disputes defendants' contention (*see infra* Defendants' Proposal, § 8) that Lead Plaintiff "did not own Connetic's shares when the alleged fraud relating to Velac was revealed" because it assumes there was only one disclosure concerning the Velac fraud rather

than multiple partial disclosures. Lead Plaintiff does not believe that defendants' proposed bifurcated discovery schedule "focused on threshold issues relating to standing and class certification" would be an efficient means of conducting discovery. Further, Lead Plaintiff opposes defendants' contention that "class certification should be resolved before substantial merits discovery is undertaken" (*see infra* Defendants' Proposal §17) because this will substantially and unnecessarily delay commencement of facts discovery.

**Defendants' Proposal:**

Defendants believe that the PSLRA's stay of all discovery and other proceedings applies to any discussions regarding discovery and renders such discussions premature at this time. Accordingly, pursuant to the PSLRA, it is inappropriate to address the scope or timing of discovery at this juncture.

Further, the scope and timing of discovery may be significantly affected by the Court's ruling on defendants' motions to dismiss. If those motions are dispositive, then there will be no need for discovery. However, even if not completely dispositive, the Court's ruling may dramatically limit or narrow the issues in this case, thereby significantly affecting the scope and timing of discovery. In addition, defendants believe that there are significant issues regarding Lead Plaintiff's standing and class certification. For example, Lead Plaintiff did not own Connetics shares when the alleged fraud relating to Velac was revealed. Accordingly, defendants believe that any discovery should initially be focused on threshold issues relating to standing and class certification. In addition, plaintiff's proposal that defendants produce all documents provided to any governmental entity within 21 days of a ruling on a motion to dismiss contravenes the Federal Rules of Civil Procedure. Finally, a protective order covering the discovery of any confidential materials will be required before such materials are disclosed.

In light of the above, defendants propose that, if this case survives a motion to dismiss, the parties meet and confer to discuss appropriate discovery proceedings and a case management conference be held thirty days after a final ruling on the motions to dismiss.

9.    CLASS ACTIONS

Lead Plaintiff alleges that this action should be certified as a class action and will file a motion for class certification pursuant to Federal Rule of Civil Procedure 23.  Defendants intend to seek discovery on class issues and to oppose any such motion for class certification.

10.    RELATED CASES

**Lead Plaintiff states:**

While Lead Plaintiff is unaware of any pending cases that are "related" within the meaning of Civil Local Rule 3-12(a), *United States Securities and Exchange Commission v. Alexander J. Yaroshinsky and Victor E. Zak*, No. 06CV2401 (RCC) (S.D.N.Y.), is presently pending in the Southern District of New York (the "SEC Action").

**Defendants state:**

There are no related cases.  On November 20, 2006, while this case was pending in the Southern District of New York, Judge Casey ruled that *United States Securities and Exchange Commission v. Alexander J. Yaroshinsky and Victor E. Zak*, No. 06CV2401 (RCC) (S.D.N.Y.) was not a related.

11.    RELIEF

Lead Plaintiff seeks monetary damages, as set forth in the amended consolidated complaint.

**Lead Plaintiff states:**

The amount of damages, if any, sustained by the proposed class will be the subject of expert testimony.  *See, e.g., In re Global Crossing Sec. & ERISA Litig*., 225 F.R.D. 436, 459 (S.D.N.Y 2004) ("'Proof of damages in securities cases is always difficult and invariably requires expert testimony . . . .'"); *Behrens v. Wometco Enters*., Inc., 118 F.R.D. 534, 542 (S.D. Fla. 1988) ("In a securities fraud case, expert testimony is needed to fix the amount of damages."), aff'd without op., 899 F.2d 21 (11th Cir. 1990).  The parties will exchange expert reports after resolution of the pending motions to dismiss at a date to be determined by the Court.

1    **Defendants state:**

2        Lead Plaintiff must provide its damage calculations as part of its initial disclosures under

3    Rule 26, not as part of expert discovery.

4    12.    SETTLEMENT AND ADR

5        This Court's Case Management Conference Order (Dkt. #13-2) did not assign this case to

6    the ADR Multi-Option Program, and the parties believe that this case is not currently assigned to

7    this program.  The parties further agree that assignment to the ADR Multi-Option Program is

8    inappropriate in this complex litigation case.  The parties are experienced in, and familiar with,

9    private mediation and agree to remain in communication.

10   13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

11       The parties do *not* consent to having a magistrate judge conduct all further proceedings.

12   14.    OTHER REFERENCES

13       The parties agree the case is *not* suitable for reference to a binding arbitration, a special

14   master or the Judicial Panel on Multidistrict Litigation.

15   15.    NARROWING OF ISSUES

16       In light of the pending motions for dismissal, the parties have not presently agreed to

17   narrow the issues before the Court through stipulated facts or requests to bifurcate claims,

18   defenses or issues.

19   16.    EXPEDITED SCHEDULE

20       The parties agree this is *not* the type of case that can be handled on an expedited basis

21   with streamlined procedures.

22       **Lead Plaintiff states**:

23       Lead Plaintiff believes the development of a plan for orderly conduct of pretrial and trial

24   proceedings, including early scheduling, will promote a just, speedy and inexpensive resolution.

25       **Defendants state:**

26       Defendants agree that, if this case survives a motion to dismiss, development of a plan for

27   orderly conduct of pretrial and trial proceedings is appropriate.  Defendants note that because

28

this action is subject to the stay of all discovery and other proceedings imposed by the PSLRA, discussion of a schedule is premature at this time.

17.    <u>SCHEDULING</u>

This action is presently subject to the stay of all discovery and other proceedings imposed by the PSLRA.  In light of the automatic stay imposed by the PSLRA and the pendency of defendants' motions to dismiss, the parties have been unable to agree to a proposed schedule for this action.  The parties' respective positions regarding scheduling are set forth below.

**Lead Plaintiff's Proposal:**

Lead Plaintiff proposes the following schedule, which estimates are made in good faith based on the current procedural status of the case:

| ACTION | DUE DATE |
|---|---|
| Meet and Confer re: disclosures required by Rule 26(a)(1) and exchange of information regarding ESI | 10 days after any ruling on Motions for Dismissal |
| All Defendants Answer | 20 days after denial of a defendant's Motion for Dismissal |
| Defendant produces documents provided to governmental entities concerning any of the matters set forth in the amended consolidated complaint. | 21 days after denial of that defendant's Motion for Dismissal |
| Class Certification | Motion: 60 days after all defendants serve Answers<br><br>Opposition: 45 days after Motion filed<br><br>Reply: 30 days after Opposition filed |
| Each Side Identifies Areas of Expert Testimony and Experts | 8 months from date of last filed Answer |
| Identification of Rebuttal Experts | 9 months from date of last filed Answer |
| Fact Discovery Cut-Off | 10 months from date of last filed Answer |
| Expert Reports Exchanged | 30 days after Fact Discovery Cut-Off |
| Rebuttal Expert Reports Exchanged | 30 days after exchange of Expert Reports |
| Expert Discovery Cut-Off | 30 days after exchange of Rebuttal Reports |
| Dispositive Motions | Motion: 30 days after Expert Discovery Cut-Off<br><br>Opposition: 60 days after Motions filed<br><br>Reply: 30 days after Oppositions filed |

| Pre-trial Conference | 2 weeks prior to trial |
|---|---|
| Trial | 30 days after hearing on Dispositive Motions, or upon resolution of Dispositive Motions |

Lead Plaintiff disagrees with defendants' contention that damages calculations must be provided as part of its initial disclosures under Rule 26. As set forth by Lead Plaintiff in § 11 above, damages in securities class actions are normally the subject of expert testimony.

**Defendants' Proposal:**

As discussed above, defendants believe that the PSLRA's stay of all discovery and other proceedings applies to any discussions regarding discovery and renders such discussions premature at this time. Accordingly, pursuant to the PSLRA, it is inappropriate to address the scope or timing of discovery at this juncture. Moreover, the scope and timing of discovery may be significantly affected by the Court's ruling on defendants' motions to dismiss.

In any event, the schedule proposed by Lead Plaintiff is one-sided and unworkable. Even assuming that the amended consolidated complaint survived the motions to dismiss, given the nature of the claims and the extensive class period (covering two-and-a-half years), defendants anticipate that it will take significantly longer than ten months to complete discovery in this case. Moreover, defendants believe that discovery should begin by addressing the threshold issues of class certification and Lead Plaintiff's standing to pursue the claims in this case, and that Lead Plaintiff's unfiled motion for class certification should be resolved before substantial merits discovery is undertaken. Discovery regarding standing is particularly relevant because Lead Plaintiff did not own Connetics shares when the alleged fraud relating to Velac was revealed. In addition, defendants believe that Lead Plaintiff must provide its damage calculations as part of its initial disclosures under Rule 26, not as part of expert discovery. Finally, a protective order covering the discovery of any confidential materials will be required before such materials are disclosed.

In light of the above, defendants propose that, if this case survives a motion to dismiss, the parties meet and confer to discuss appropriate discovery proceedings and a case management conference be held thirty days after a final ruling on the motions to dismiss.

18.   TRIAL

Lead Plaintiff has requested a trial by jury.

**Lead Plaintiff states:**

Lead Plaintiff estimates in good faith that trial may exceed two weeks and potentially be as long as six weeks.

**Defendants state:**

Because the scope of any claims to be tried is unknown at this time, it is not possible to provide a meaningful estimate of trial time.   In the event all allegations in the amended consolidated complaint were tried, the defendants' good-faith estimate is that any trial would exceed four weeks and potentially be as long as eight weeks.

19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Lead Plaintiff, defendants Connetics, Thomas G. Wiggans, Gregory Vontz, John Higgins, and Lincoln Krochmal, and defendant Alexander J. Yaroshinsky have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  Defendant Zak states that he intends to file the Certification of Interested Entities or Persons shortly.

Lead Plaintiff states, pursuant to Civil L.R. 3-16, there is no such interest to report.

Defendant Alexander J. Yaroshinsky states, pursuant to Civil L.R. 3-16, that his spouse, Sophie Yaroshinsky, has a direct, pecuniary interest in the outcome of this case.

Defendants Connetics, Thomas G. Wiggans, Gregory Vontz, John Higgins, and Lincoln Krochmal state, pursuant to Civil L. R. 3-16, that Connetics is a wholly-owned subsidiary of Stiefel Laboratories.

Dated:  October 10, 2007                       Respectfully submitted,

                                        BERNSTEIN LITOWITZ BERGER
                                          & GROSSMANN LLP


                                        ___/s/ David R. Stickney___
                                        DAVID R. STICKNEY

                                        DAVID R. STICKNEY
                                        NIKI L. MENDOZA
                                        MATHEW P. SIBEN
                                        TAKEO A. KELLAR

1

2

3

4

5

                        12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323

Attorneys for Lead Plaintiff Teachers' Retirement System of Oklahoma and Lead Counsel to the Class

6   Dated:  October 10, 2007

7                                    /s/ Victor E. Zak

                                   VICTOR E. ZAK

8                                    Pro Se Defendant

                                   24 Oakmont Road

9                                    Newton, MA 02459

                                   Tel. 617-610-2538

10

11   Dated:  October 10, 2007

12                                    /s/ Susan S. Muck

                                   SUSAN S. MUCK

                                   DEAN S. KRISTY

13                                    CHRISTOPHER S. STESKAL

                                   CATHERINE KEVANE

14                                    FENWICK & WEST LLP

                                   555 California Street, 12th Floor

15                                    San Francisco, CA 941014

                                   Tel:    (415) 875- 2300

16                                    Fax:    (415) 281-1350

17                                    Attorneys for Defendants Connetics Corp.,

                                   John L. Higgins, Lincoln Krochmal, C.

18                                    Gregory Vontz, and Thomas G. Wiggans

19

20   Dated:  October 10, 2007

21                                    /s/ Shirli F. Weiss

                                   SHIRLI FABBRI WEISS

22                                    ALYSSON RUSSELL SNOW

                                   DLA PIPER

23                                    401 B Street, Suite 1700

                                   San Diego, California 92101-4297

24                                    Tel:    (619) 699-2700

                                   Fax:    (619) 699-2701

25                                    Attorneys for Defendant Alexander J.

                                   Yaroshinsky

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, Kaye A. Martin, do hereby certify that on this 10th day of October, 2007, true and correct copies of the foregoing

        Joint Case Management Statement;
        Lead Plaintiff's [Proposed] Case Management Order; and
        Defendants' [Proposed] Case Management Order

were filed electronically.  Those attorneys who are registered with the Electronic Case Filing ("ECF") System may access this filing through the Court's system, and notice of this filing will be sent to the parties by operation of the Court's ECF System.  Attorneys not registered with the Court's ECF system will be duly and properly served via facsimile and/or Federal Express (as indicated on the attached Service List), in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

I further declare that, pursuant to Civil L.R. 23-2, on this date I served copies of the above documents on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

        **jcarlos@law.stanford.edu**

        */s/ Kaye A. Martin*
        Kaye A. Martin

**Service List**

In re CONNETICS SECURITIES LITIGATION
Case No.: 07-02940

| COUNSEL FOR CONSOLIDATED PLAINTIFF FISHBURY LIMITED | |
|---|---|
| Jean-Marc Zimmerman<br>Eduard Korsinsky<br>Pamela Lynam Mahon<br>**ZIMMERMAN, LEVI<br>  & KORSINSKY LLP**<br>39 Broadway, Suite 1601<br>New York, NY 10006<br>Tel: 212-363-7500<br>Fax: 212-363-7171<br>ek@zlk.com<br>jmzimmerman@zlk.com<br>pmahon@zlk.com<br><br>*Via ECF* | |
| **COUNSEL FOR CONSOLIDATED PLAINTIFF BRUCE GALLANT** | |
| Evan J. Smith<br>**BRODSKY & SMITH LLC**<br>240 Mineola Blvd.<br>Mineola, NY 11501<br>Tel: 516-741-4977<br><br>*Via FedEx* | |
| **COUNSEL FOR CONSOLIDATED PLAINTIFF MARCUS A. SEIGLE** | |
| Catherine A. Torell<br>**COHEN MILSTEIN HAUSFELD &<br>TOLL P.L.L.C**<br>150 East 52nd Street<br>New York, NY 10022<br>Tel: 212-838-7797<br>Fax: 212-383-7745<br><br>*Via FedEx* | |

| COUNSEL FOR DEFENDANTS CONNETICS CORPORATION, THOMAS G. WIGGANS, C. GREGORY VONTZ, JOHN HIGGINS, LINCOLN KROCHMAL, EUGENE A. BAUER, R. ANDREW ECKERT, CARL B. FELDBAUM, DENISE M. GILBERT, JOHN C. KANE, THOMAS D. KILEY, LEON E. PANETTA AND G. KIRK RAAB | |
|---|---|
| Susan S. Muck<br>Dean S. Kristy<br>Christopher J. Steskal<br>Kalama M. Lui-Kwan<br>Emily St. John Cohen<br>**FENWICK & WEST**<br>275 Battery Street, Suite 1600<br>San Francisco, CA 94111<br>Tel: 415-875-2300<br>Fax: 415-281-1350<br>smuck@fenwick.com<br>dkristy@fenwick.com<br>csteskal@fenwick.com<br>klui-kwan@fenwick.com<br>ecohen@fenwick.com<br><br>*Via ECF* | Gregory A. Markel<br>**CADWALADER, WICKERSHAM &<br>TAFT LLP**<br>1 World Financial Center<br>New York, NY 10281<br>Tel: 212-504-6112<br>Fax: 212-504-6666<br>gregory.markel@cwt.com<br><br><br><br><br><br><br><br><br><br>*Via ECF* |
| **COUNSEL FOR DEFENDANT ALEXANDER J. YAROSHINSKY** | |
| James P. Duffy IV<br>**DLA PIPER US LLP**<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212-335-4500<br>Fax: 212-504-6666<br>James.duffy@dlapiper.com<br><br>Alysson Russell Snow<br>**DLA PIPER US LLP**<br>401 B Street, Suite 1700<br>San Diego, CA 92101<br>Tel: 619-699-2858<br>Fax: 619-699-2701<br>Alysson.snow@dlapiper.com<br><br>*Via ECF* | |

| Defendant Victor E. Zak | |
|---|---|
| Victor E. Zak (*pro se*)<br>24 Oakmont Road<br>Newton, MA 02459<br>Tel: 617-610-2538<br>zakvic@yahoo.com<br><br>***Via FedEx*** | |

#26071/v3