1
2
3
4
5
6
7
8
9
10
11
12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14                         SAN FRANCISCO DIVISION

| | |
|---|---|
| 15 In re CONNETICS CORP. SECURITIES LITIGATION<br>16<br>17<br>18 This Document Relates To:<br>19    ALL ACTIONS.<br>20<br>21<br>22 | Case No. C 07-02940 SI<br><br>**LEAD PLAINTIFF'S [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date:  October 19, 2007<br>Time:  2:00 p.m.<br>Dept.:  Courtroom 10, 19th Floor<br>Judge:  Hon. Susan Illston |

23
24
25
26
27
28

[PROPOSED] CASE MANAGEMENT ORDER
Case No. C 07-02940 SI

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, the terms of the Joint Case Management Statement, and good cause appearing, the Court hereby adopts Lead Plaintiff's [Proposed] Case Management Order as the its Case Management Order and the parties are ordered to comply with this Order:

1. The parties shall meet and confer within 10 days of the Court's ruling on defendants' motions for dismissal, at which time the parties will engage in further discussions concerning the disclosures required by Rule 26(a)(1), any modifications to limits on the number of interrogatories and depositions and development of a discovery plan with regard to, among other things, discovery of electronically stored information ("ESI").  To enable discovery to proceed efficiently and to enable the parties to propound discovery that is properly tailored, during this meet-and-confer session each party must be prepared to discuss, among other things: (i) the type, kind, location, and amount of any potentially relevant ESI (including ESI concerning, among other things, the Company's accounting entries during the Class Period and Velac testing data); (ii) how the party maintained potentially relevant ESI during the Class Period; (iii) how the party maintains potentially relevant ESI presently; (iv) any relationships with a third party that contracts to and/or otherwise maintains the party's potentially relevant ESI; (v) email retention policies and back-up and archiving programs (including the rotation, archiving and/or destruction of back-up tapes and/or systems recovery routines); (vi) persons responsible for maintaining computer hardware, data or information systems that contain potentially relevant ESI (presently and during the Class Period); (vii) identification of all operating systems used during the relevant Class Period and presently by persons with knowledge of facts relevant to this action; (viii) the most efficient and effective means of producing that party's ESI (*i.e.,* native format or otherwise); (ix) the steps taken by the party to preserve ESI, including meta-data, and store that ESI pending production; (x) who specifically the party directed to preserve documents, including ESI; and (xi) whether and how old hardware and/or legacy systems that may have potentially relevant ESI, if any, have been stored to preserve documents.

     2.     Each defendant must be prepared to produce, within 21 days of a decision by the Court denying that defendant's motion for dismissal, all documents already gathered and produced by that defendant to any governmental entity or regulatory body concerning any of the matters set forth in the amended consolidated complaint.

     3.     Pending a decision on defendants' motions for dismissal, the Court sets the following schedule:

| ACTION | DUE DATE |
| --- | --- |
| Meet and Confer re: disclosures required by Rule 26(a)(1) and exchange of information regarding ESI | 10 days after any ruling on Motions for Dismissal |
| All Defendants Answer | 20 days after denial of a defendant's Motion for Dismissal |
| Defendant produces documents provided to governmental entities concerning any of the matters set forth in the amended consolidated complaint. | 21 days after denial of that defendant's Motion for Dismissal |
| Class Certification | Motion: 60 days after all defendants serve Answers<br>Opposition: 45 days after Motion filed<br>Reply: 30 days after Opposition filed |
| Each Side Identifies Areas of Expert Testimony and Experts | 8 months from date of last filed Answer |
| Identification of Rebuttal Experts | 9 months from date of last filed Answer |
| Fact Discovery Cut-Off | 10 months from date of last filed Answer |
| Expert Reports Exchanged | 30 days after Fact Discovery Cut-Off |
| Rebuttal Expert Reports Exchanged | 30 days after exchange of Expert Reports |
| Expert Discovery Cut-Off | 30 days after exchange of Rebuttal Reports |
| Dispositive Motions | Motion: 30 days after Expert Discovery Cut-Off<br>Opposition: 60 days after Motions filed<br>Reply: 30 days after Oppositions filed |
| Pre-trial Conference | 2 weeks prior to trial |
| Trial | 30 days after hearing on Dispositive Motions, or upon resolution of Dispositive Motions |

[PROPOSED] CASE MANAGEMENT ORDER   -2-
Case No. C 07-02940 SI

4. Lead Plaintiff shall provide its damage calculations as part of expert discovery and need not provide damages calculations in its initial disclosures under Rule 26.

IT IS SO ORDERED.

Dated: _____         _____
                               UNITED STATES DISTRICT JUDGE