BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
DAVID R. STICKNEY   (Bar No. 188574)
MATTHEW P. SIBEN   (Bar No. 223279)
TAKEO A. KELLAR   (Bar No. 234470)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
matthews@blbglaw.com
takeok@blbglaw.com
       -and-
CHAD JOHNSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444
chad@blbglaw.com

Attorneys for Lead Plaintiff Teachers' Retirement
System of Oklahoma and Lead Counsel to the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CONNETICS SECURITIES LITIGATION. | Case No. C 07-02940 SI |
| This Document Relates To:<br><br>ALL ACTIONS. | **NOTICE OF RELATED CASE AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |

Pursuant to Civil Local Rule 3-12, Lead Plaintiff Teachers' Retirement System of Oklahoma hereby gives notice of the following related case transferred from the United States District Court for the Southern District of New York, and currently pending in the United States District Court for the Northern District of California, before the Honorable Phyllis J. Hamilton: *Gallant, et al. v. Connetics Corporation, et al.*, 3:07-CV-05826-PJH (the "Gallant Action").

The instant action, *In re Connetics Securities Litigation*, C 07-02940 SI, was also transferred from United States District Court for the Southern District of New York on or about June 6, 2007, and assigned to this Court. Prior to the transfer, the instant action and the Gallant Action were consolidated and the Teachers' Retirement System of Oklahoma was appointed Lead Plaintiff pursuant to the Order of the United States District Court for the Southern District of New York, dated December 14, 2006, attached hereto as Exhibit A (the "Consolidation Order").

As set forth in the Consolidation Order, the instant action and the Gallant Action are class action lawsuits brought on behalf of purchasers of Connetics Corporations ("Connetics") stock against Connetics and certain of its officers. The actions allege various violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

The instant action and Gallant Action are related because the cases involve: (1) substantially the same parties, property, transactions, and events or questions of law, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Both the Gallant Action and the instant action allege that within substantially the same period, Connetics and certain officers knowingly made materially false and misleading statements concerning Connetics.

Given that these two cases involve substantially the same parties, transactions, and events, assignment to a single Judge is likely to conserve judicial resources and promote an efficient determination of the actions.

/ / /

/ / /

/ / /

For the reasons set forth herein, and pursuant to Civil L.R. 3-12 and the Consolidation Order, Lead Plaintiff respectfully submits that the Gallant Action is related and should be consolidated with the instant action.

Dated: April 1, 2008

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

*/s/ Takeo A. Kellar*
TAKEO A. KELLAR

DAVID R. STICKNEY
MATHEW P. SIBEN
TAKEO A. KELLAR
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

Attorneys for Lead Plaintiff Teachers' Retirement System of Oklahoma and Lead Counsel to the Class

/#29389

## CERTIFICATE OF SERVICE

I, Kristina L. Sousek, do hereby certify that on this 1st day of April, 2008, true and correct copies of the foregoing

> NOTICE OF RELATED CASE AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12; and
>
> [PROPOSED] RELATED CASE ORDER

were filed electronically. Those attorneys who are registered with the Electronic Case Filing ("ECF") System may access this filing through the Court's system, and notice of this filing will be sent to the parties by operation of the Court's ECF System. Attorneys not registered with the Court's ECF system will be duly and properly served via Federal Express or U.S. Mail (as indicated on the attached Service List), in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

I further declare that, pursuant to Civil L.R. 23-2, on this date I served copies of the above documents on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**jcarlos@law.stanford.edu**

/s/*Kristina L. Sousek*
Kristina L. Sousek

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FISHBURY, LIMITED,                  x
                                    x
           Plaintiff                x
                                    x
     -against-                      x    06 Civ. 11496 (SWK)
                                    x
CONNETICS CORPORATION, et al.       x
                                    x
           Defendants               x
------------------------------------X
BRUCE GALLANT,                      x
                                    x
           Plaintiff                x
                                    x    06 Civ. 12875 (SWK)
     -against-                      x
                                    x    OPINION AND ORDER
CONNETICS CORPORATION, et al.       x
                                    x
           Defendants               x
------------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

Before the Court are two class action complaints alleging that Connetics Corporation ("Connetics") and several of its officers (collectively, "Defendants") committed securities fraud. Four movants now petition the Court for: (1) consolidation of the two class actions; (2) appointment as lead plaintiff; and (3) appointment of lead counsel.[1] For the reasons that follow, the Court consolidates the two class actions before it and all related actions filed in this District, appoints

---

[1] Six movants initially petitioned the Court, but two have since withdrawn their applications for appointment of lead plaintiff and lead counsel. The four remaining movants seeking these appointments include: (1) Fishbury, Limited; (2) Oppenheim Pramerica Asset Management S.Á.R.L.; (3) The City of Tallahassee Pension Plan; and (4) Teachers' Retirement System of Oklahoma.

Teachers' Retirement System of Oklahoma ("Oklahoma Teachers") lead plaintiff, and designates Bernstein Litowitz Berger & Grossmann LLP ("Berstein Litowitz") lead counsel.

I.   **THE TWO RELATED CLASS ACTIONS ARE HEREBY CONSOLIDATED**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that outstanding motions to consolidate should be decided prior to the resolution of motions for the appointment of lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). As a result, the Court begins by addressing the movants' motions for consolidation.

It is well settled that a court may consolidate actions that involve common issues of law or fact. Fed. R. Civ. P. 42(a); Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). Moreover, "consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." Glauser v. EVCI Ctr. Colls. Holding Corp., 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (citation and internal quotation marks omitted); accord Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992).

The two complaints now under consideration were filed on behalf of individuals who purchased Connetics securities between June 28, 2004, and July 9, 2006. The complaints rest their claims of fraud on essentially identical public statements and

2

reports, and seek recovery for resulting violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. As the complaints involve common issues of law and fact, including the application of sections 10(b) and 20(a) of the Exchange Act to identical public statements and reports, consolidation is appropriate. See Devlin, 175 F.3d at 130; accord Glauser, 236 F.R.D. at 186. Therefore, the Court consolidates the two class actions, Fishbury, Ltd. v. Connetics Corp., et al., 06 Civ. 11496 (SWK), and Gallant v. Connetics Corp., et al., 06 Civ. 12875 (SWK), under the caption "In re Connetics Securities Litigation." All relevant filings and submissions shall be maintained as one Master File under No. 06 Civ. 11496 (SWK).

Furthermore, any action involving a common question of law or fact subsequently filed in or transferred to this District shall be consolidated for all purposes under the Master File Number assigned to the consolidated action. A party objecting to the consolidation of any such new case may move for relief from this Order within ten (10) days after the date upon which a copy of this Order or the order of assignment is mailed to counsel for such party.

## II. OKLAHOMA TEACHERS IS HEREBY APPOINTED LEAD PLAINTIFF

The PSLRA specifies the basic procedure for requesting appointment as lead plaintiff in a class action suit arising

3

under the Exchange Act. In pertinent part, the PSLRA provides that the plaintiff who files the initial complaint must issue notice to investors in a widely circulated national business-oriented publication or wire service, advising potential class members of the pendency of the lawsuit and the nature of the allegations, the purported class period, and their right to seek appointment as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A). In the instant case, these initial requirements have been met. Specifically, the first action against Connetics was filed on September 18, 2006, in the Northern District of California. On the same day, counsel in the first-filed action issued legally sufficient notice on the Business Wire. See Bassin v. deCODE Genetics, Inc., 230 F.R.D. 313, 314 (S.D.N.Y. 2005)(indicating that Business Wire is "a national, business oriented newswire service, as required by 15 U.S.C. §§ 78u-4(a)(3)(A)(i)"). Moreover, the movants timely filed their respective motions for appointment as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(A)-(B).[2] As a consequence, the various movants are entitled to have their applications for appointment as lead plaintiff considered, and the Court must now determine which of these movants is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

---

[2] See supra note 1 (identifying four movants).

4

In making this determination, the Court must presume that the most adequate plaintiff is the person with the largest financial interest in the relief sought by the class, so long as that person otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc). Although Rule 23 generally consists of four requirements, the Court need only consider the Rule's "typicality" and "adequacy" prongs for purposes of appointing lead plaintiff. See Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (citing authorities). In this context, the Court must find that the movant has made "a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." Glauser, 236 F.R.D. at 188 (citation and internal quotation marks omitted). The Court's analysis of these requirements demonstrates that Oklahoma Teachers is the presumptive lead plaintiff in this litigation.

First, Oklahoma Teachers has alleged the largest financial interest. Under the PSLRA, a party's financial interest is calculated by reference to several factors, including, "(1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period." Constance Sczesny Trust, 223 F.R.D. at 323 (citation and internal

quotation marks omitted). During the relevant class period, Oklahoma Teachers: (1) purchased more shares than did any other movant; (2) purchased more net shares than did any other movant; (3) expended more net funds than did any other movant; and (4) suffered the largest approximate loss.[3] Therefore, Oklahoma Teachers has the largest financial interest in the instant litigation for purposes of the PSLRA.

Second, Oklahoma Teachers has made a sufficient showing of typicality to justify its appointment as lead plaintiff. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (citation and internal quotation marks omitted). The two complaints here allege that class members were injured because they purchased Connetics securities at prices inflated by Defendants' fraudulent conduct, and the market subsequently corrected for this inflation. Oklahoma Teachers was allegedly injured in the same way as were all class members-- i.e., Oklahoma Teachers purchased Connetics securities at

---

[3] Specifically, during the class period, Oklahoma Teachers: (1) purchased 766,924 shares, which is approximately 545,000 more shares than any other movant purchased; (2) had net purchases of 666,800 shares, which exceeds the net purchases of any other movant by about 445,000 shares; (3) had net expenditures of $10,300,805, which is almost $7 million more than any other movant; and (4) suffered approximately $3.7 million in losses, which is over $2.4 million more in losses than any other movant.

6

artificially inflated prices and suffered injury when these prices fell due to subsequent public disclosures. Therefore, for purposes of the present motion for appointment of lead plaintiff, Oklahoma Teachers' claims are typical of those of the class within the meaning of Rule 23. See Glauser, 236 F.R.D. at 189 (finding movant's claims to be "typical" where movant, "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby"); accord In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

Third, Oklahoma Teachers has made the requisite showing of adequacy of representation. In this connection, Rule 23's adequacy requirement turns on an examination of: "(1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." Constance Sczesny Trust, 223 F.R.D. at 324 (citations and internal quotation marks omitted). Here, Oklahoma Teachers' proposed class counsel is a qualified, experienced, and able law firm, which has served as lead counsel

or co-lead counsel in several large securities cases in this District. Moreover, given that Oklahoma Teachers advances the same claims as do class members and bases those claims on identical legal theories and factual support, Oklahoma Teachers' interests are not antagonistic to those of the class. Furthermore, in light of the large financial interest Oklahoma Teachers possesses in the present litigation, there is sufficient guarantee that Oklahoma Teachers will vigorously prosecute the class's claims. Therefore, Oklahoma Teachers is an adequate class representative within the meaning of Rule 23.

In summary, Oklahoma Teachers is the presumptive lead plaintiff under the PSLRA. This presumption may be rebutted only by proof that Oklahoma Teachers "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb). One of the movants, Fishbury, Limited ("Fishbury"), has attempted to offer such proof. In particular, Fishbury argues that Oklahoma Teachers cannot on its own adequately represent the class's interests. In support of its argument, Fishbury emphasizes that one major component of the instant litigation concerns certain Connetics officers' allegedly unlawful transactions in Connetics stock options. Since Oklahoma Teachers purchased and sold only Connetics common

stock during the relevant class period, rather than Connetics stock options, Fishbury claims that Oklahoma Teachers cannot adequately represent the interests of the class. Further, Fishbury speculates that the class will lack standing to advance claims concerning Connetics stock options if Oklahoma Teachers is appointed sole lead plaintiff. Therefore, Fishbury argues that it--as a purchaser of Connetics call options during the class period--should be appointed co-lead plaintiff, in order to ensure adequate representation of the class.

At this stage of the proceedings, the Court is unpersuaded by Fishbury's challenge to Oklahoma Teachers' ability to adequately represent the class's interests. It is well settled law in this Circuit that the lead plaintiff in a securities class action need not have standing to sue on all causes of action raised in the underlying class complaint. Hevesi v. Citigroup, Inc., 366 F.3d 70, 82 (2d Cir. 2004); accord In re Initial Pub. Offering, 214 F.R.D. at 123 ("It stands to reason that in many cases, the instant cases included, the plaintiff with the largest financial interest may not have standing to sue on all causes of action."). If certain class claims cannot be advanced because of standing or class-certification issues, this deficiency can be corrected by the designation of other members of the purported class as named plaintiffs or class representatives. Hevesi, 366 F.3d at 83; In re Global Crossing,

9

Ltd. Sec. Litig., 313 F. Supp. 2d 189, 204-05 (S.D.N.Y. 2003); In re Initial Pub. Offering, 214 F.R.D. at 123. In fact, the lead plaintiff in a securities class action has "a responsibility to identity and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims." In re Global Crossing, 313 F. Supp. 2d at 205. Therefore, Fishbury's speculation about potential class standing problems should not be resolved by the appointment of multiple lead plaintiffs, as Fishbury contends, but by the appointment, if necessary and desirable, of additional class representatives as the litigation proceeds. Id.; Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 254 (S.D.N.Y. 2003).

Since Fishbury has failed to make any concrete showing of a conflict of interest between Oklahoma Teachers and stock-option purchasers, relying instead on mere speculation about future standing or class-certification issues, Fishbury has not rebutted the presumption that Oklahoma Teachers is the most adequate lead plaintiff. See Glauser, 236 F.R.D. at 189-90. Although the Court may possess discretion to appoint co-lead plaintiff even in the absence of such a rebuttal, see In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 45

10

(S.D.N.Y. 1998),[4] the Court finds no reason to conclude at this point that the appointment of co-lead plaintiff would be in the class's best interests. Therefore, the Court appoints Oklahoma Teachers the sole lead plaintiff for this litigation.

### III. BERNSTEIN LITOWITZ IS HEREBY APPOINTED LEAD COUNSEL

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Oklahoma Teachers moves to have their chosen counsel, Bernstein Litowitz, appointed as lead counsel. Bernstein Litowitz is a highly competent and respected law firm, specializing in securities class actions. "The firm has served as sole or co-Lead Counsel in numerous complex securities class actions in this district, including the highly publicized WorldCom Securities Litigation." Glauser, 236 F.R.D. at 190. Thus, the Court has no objection to Oklahoma Teachers' selection of lead counsel and hereby appoints Bernstein Litowitz as lead counsel.

### IV. CONCLUSION

The Court hereby: (1) consolidates Fishbury, Limited v. Connetics Corp., et al., 06 Civ. 11496(SWK), and Gallant v. Connetics Corp., et al., 06 Civ. 12875 (WHP), under the caption "In re Connetics Securities Litigation, Master File No. 06 Civ.

---

[4] This contention has been advanced by the movant with the second largest financial interest in this litigation, Oppenheim Pramerica Asset Management S.Á.R.L.

11

11496 (SWK);" (2) appoints Oklahoma Teachers lead plaintiff in the consolidated action; and (3) appoints Oklahoma Teachers' chosen counsel, Bernstein Litowitz, lead counsel in the consolidated action.

SO ORDERED.

                                                SHIRLEY WOHL KRAM
                                   UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
              December 14, 2006