Victor Zak *(pro se)*
24 Oakmont Rd
Newton MA 02459
zakvic@yahoo.com
Tel. 617 610 2538



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE CONNETICS CORPORATION SECURITIES LITIGATION | CASE NO. 3:07-cv-02940-SI |
|---|---|
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | VICTOR ZAK'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | Date: August 15, 2008<br>Courtroom: 10<br>Time: 9:00 a.m.<br>Judge: Honorable Susan Illston |

## NOTICE OF MOTION AND MOTION; RELIEF REQUESTED
PLEASE TAKE NOTICE that on August 15, 2008, at 9:00 a.m., or at such later date and time as the Court may order, in Courtroom 10 of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Victor Zak ("Defendant" or "Zak") will and hereby does move to strike the following paragraphs of Lead Plaintiff's Second Amended Consolidated Class Action Complaint ("SAC"): paragraphs 18, 41, 53, 55, 60,133-134, 142-143, 146, 311. 332, 389-391.

This motion is based on this Notice; the Memorandum of Points and Authorities, *infra*; the Proposed Order; the Court's files for this action; and any oral argument of counsel at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES
### I. INTRODUCTION AND SUMMARY OF ARGUMENT
Zak's name was added to the very latest version of the first amended complaint and only 20 paragraphs out of 392 in SAC (around 5%) have anything to do with Zak.

Of the 20 paragraphs that reference Zak, 13 are taken from the previous version (and either are taken directly from the operative complaint in a SEC lawsuit against Yaroshinsky & Zak, or repeat allegations from that complaint), and 7paragraphs are added.

Some of the added paragraphs (389, 390) contain allegations paraphrasing allegations of the SEC complaint, some (44, 45) are descriptive in nature (with general descriptions of the SEC and documents connected to the SEC complaint). Two paragraphs (53, 55) refer to the documents connected to the SEC complaint.

The court order of 1/29/08 says that "Under Rule 11(b), an attorney has a "nondelegable responsibility" to "personally . . . validate the truth and legal reasonableness of the papers filed," *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126 (1989), and "to conduct a reasonable factual investigation," *Christian*, 286 F.3d at 1127."

This standard has not been met with respect to Zak, as additionally illustrated by the fact that factual errors were mechanically copied from the SEC's complaint to SAC even when plaintiff presents them as their own findings, without transparent referral to the SEC's complaint. For example, paragraph 41 states (without explicitly stating that the allegations are copied from the SEC's complaint) that "…Zak received a telephone call … at Zak's office in Connecticut …," However, Zak never had an office in Connecticut. The SEC complaint is still "appears to be *the only basis* for the allegations against Zak".

Zak also formally joins in any Motion to Strike filed by any other defendant.
The motion to strike should be granted on the basis of the arguments articulated above and in the briefs filed by other defendants, which Zak adopts and incorporates by reference.

### II.    CONCLUSION
Accordingly, the portions of the SAC relying on the SEC Complaint must be stricken.

Dated: May 1, 2008
By
_Victor Zak_ (signature)
Victor Zak (*pro se*)