SHIRLI FABBRI WEISS (Bar No. 079225)
shirli.weiss@dlapiper.com
GERARD A. TRIPPITELLI (Bar No. 235788)
jerry.trippitelli@dlapiper.com
ALYSSON RUSSELL SNOW (Bar No. 225185)
alysson.snow@dlapiper.com
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel: 619.699.3650
Fax: 619.699.2701

Attorneys for Defendant
ALEXANDER YAROSHINSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONNETICS CORPORATION SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | CASE NO.  3:07-cv-02940-SI <br><br> <u>CLASS ACTION</u> <br><br> **ALEXANDER YAROSHINSKY'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:        August 15, 2008 <br> Courtroom:  10 <br> Time:      9:00 a.m. <br> Judge:     Honorable Susan Illston |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT .....................................................1

II.   PLAINTIFF'S ALLEGATIONS ARE BASED ON THE SEC COMPLAINT.................2

III.  PLAINTIFF'S PURPORTED INVESTIGATION IS INSUFFICIENT TO
      CORROBORATE THE ALLEGATIONS LIFTED FROM THE SEC
      COMPLAINT .................................................................................................................3

      A.   Plaintiff's Confidential Witnesses Do Not Corroborate the SEC Complaint..........4

      B.   Plaintiff's Reliance on the SEC's Investigation Is Insufficient ...............................4

      C.   The San Francisco Chronicle Article Does Not Corroborate the Allegations
           Set forth in the SEC Complaint Lifted by Plaintiff. ...............................................5

      D.   Connetics' August 14, 2006 Form 10-Q....................................................................6

      E.   The Stipulated Preliminary Injunction......................................................................6

      F.   Zak Settlement With the SEC/Final Judgment .........................................................6

      G.   Dr. Yaroshinsky's Answer to the SEC Complaint ...................................................7

IV.   CONCLUSION.............................................................................................................7

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### CASES

4

*Geinko v. Padda*,
    No. 00 C 5070, 2002 WL 276236 (N.D. Ill. Feb. 27, 2002) ..................................3

5

*In re Buca Inc. Sec. Litig.*,
    No. 05-1762, 2006 WL 3030886 (D. Minn. Oct. 16, 2006) ..................................3

6

7

*Nolte v. Capital One Fin. Corp.*,
    390 F.3d 311 (4th Cir. 2004) ..................................................3

8

9

### STATUTES

10

Fed. R. Civ. P. 11(b) ...............................................................1, 3, 4, 5, 6, 7

11

Fed. R. Civ. P. 408 ...........................................................................6

12

Section 10(b)/Rule 10b-5 .................................................................2, 7

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA Piper US LLP
San Diego

YAROSHINSKY'S MOTION TO STRIKE
CASE NO. 3:07-CV-02940-SI

1             <u>**NOTICE OF MOTION AND MOTION; RELIEF REQUESTED**</u>

2         PLEASE TAKE NOTICE that on August 15, 2008, at 9:00 a.m., or at such later date and

3   time as the Court may order, in Courtroom 10 of the above-captioned court, located at 450

4   Golden Gate Avenue, San Francisco, California, Defendant Alexander Yaroshinsky ("Dr.

5   Yaroshinsky") will and hereby does move to strike the following paragraphs of Lead Plaintiff's

6   Second Amended Consolidated Class Action Complaint (the "SAC"):  paragraphs 16, 40-41, 45-

7   48, 52, 54-55, 107-108, 133-144, 146, 310-311, 368-369 and 389-391.  This motion is based on

8   this Notice; the Memorandum of Points and Authorities, *infra*; the accompanying Declaration of

9   Gerard A. Trippitelli In Support of Alexander Yaroshinsky's Motions to Dismiss and Strike

10   Plaintiff's Second Amended Consolidated Class Action Complaint (the "Trippitelli Decl."); the

11   Request for Judicial Notice in Support of Alexander Yaroshinsky's Motions to Dismiss and

12   Strike Plaintiff's Second Amended Consolidated Class Action Complaint; the Proposed Order;

13   the Court's files for this action; and any oral argument of counsel at the hearing.

14         Dr. Yaroshinsky files the instant motion separately from his Motion to Dismiss (filed

15   concurrently with this motion), as is proper practice, to address a separate problem with the SAC

16   as explained below.

17                <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

18   **I.**     **INTRODUCTION AND SUMMARY OF ARGUMENT**

19         On January 29, 2008, the Court granted Dr. Yaroshinsky's Motion to Strike almost all of

20   the allegations relating to him set forth in Lead Plaintiff's Amended Consolidated Class Action

21   Complaint, on the grounds that Plaintiff merely lifted them from a complaint in a Securities and

22   Exchange Commission lawsuit against Dr. Yaroshinsky, *SEC v. Yaroshinsky*, Case No. 06

23   CV2401 (RCC) (S.D.N.Y.) (the "SEC Complaint").  The Court correctly held that such practice

24   does not satisfy Fed. R. Civ. P. 11(b). The Court provided Plaintiff with leave to amend its

25   complaint, but only after conducting and pleading an independent, reasonable investigation into

26   its allegations against Dr. Yaroshinsky as required by Rule 11(b).

27         Plaintiff fares no better in the SAC.  In fact, Plaintiff employs the same practice in the

28   SAC in pleading its claims against Dr. Yaroshinsky.  While Plaintiff pleads the investigation it

1    and its counsel undertook with respect to the allegations in the *entire* SAC, a review of the limited

2    allegations directed at Dr. Yaroshinsky (approximately 44 paragraphs out of the 392 paragraph

3    SAC) reveals that Plaintiff's allegations *against Dr. Yaroshinsky* once again have merely been

4    lifted from the SEC Complaint and the investigation and additional sources of information

5    Plaintiff pleads are unrelated and insufficient to support the allegations against Dr. Yaroshinsky.

6         Thus, Dr. Yaroshinsky requests that the Court strike such allegations from the SAC.

7    **II.    PLAINTIFF'S ALLEGATIONS ARE BASED ON THE SEC COMPLAINT.**

8         Practically all of Plaintiff's allegations against Dr. Yaroshinsky come from the SEC

9    Complaint. (Trippitelli Decl., Ex. B (operative SEC Complaint)). Paragraph 133 is prefaced by

10    "as set forth in the SEC Complaint" and the following paragraphs 134-142, in which Plaintiff

11    pleads facts relating Dr. Yaroshinsky's alleged insider trading, are almost identical to allegations

12    set forth in the SEC Complaint. *Compare* SAC ¶¶ 133-142 *with* SEC Complaint ¶¶ 23, 24, 26,

13    27, 28, 31, 32, 33, 36, 38. At most, Plaintiff merely reworded or changed the order of the

14    allegations in the SEC Complaint. *See id.* The allegations in paragraphs 310 and 311 of the SAC,

15    in which Plaintiff attempts to plead that Dr. Yaroshinsky acted with scienter, also are prefaced by

16    "[a]ccording to the SEC Complaint" and "as set forth in the SEC Complaint." SAC at ¶¶ 310-

17    311. Again, the allegations from these paragraphs are lifted from the SEC Complaint. *Compare*

18    SAC ¶¶ 310-311 *with* SEC Complaint ¶¶ 15, 26, 40, 42. Paragraphs 107-108 regarding Dr.

19    Yaroshinsky's participation in the April 13, 2006 call with the FDA and the topics of discussion

20    during the April 13, 2006 call with the FDA are lifted from the SEC Complaint, and Paragraph

21    108 again is prefaced by "[a]ccording to the SEC." SAC ¶¶ 107-108; *compare* SAC ¶¶ 107-108

22    *with* SEC Complaint ¶ 22. Paragraph 144 merely quotes an SEC press release, which this Court

23    found insufficient in its ruling on Dr. Yaroshinsky's first motion to strike. SAC ¶ 144.

24    Paragraphs 368-369 of the SAC, in which Plaintiff generally pleads its Section 10(b)/Rule 10b-5

25    claim against all Defendants (including Dr. Yaroshinsky) also tracks that portion of the SEC

26    Complaint pleading the SEC's Section 10(b)/Rule 10b-5 claim against Dr. Yaroshinsky.

27    *Compare* SAC ¶¶ 368-369 *with* SEC Complaint ¶¶40-41. The other paragraphs at issue on the

28    instant motion suffer from the same deficiencies.

1    Because, as explained below, Plaintiff fails to plead an investigation or other information

2   used to corroborate these allegations as taken from the SEC Complaint, they should be stricken

3   from the SAC.   This Court reached the same conclusion in ruling on Dr. Yaroshinsky's earlier

4   motion to strike.  Moreover, courts regularly refuse to consider allegations from an SEC

5   complaint against a defendant for the purpose of assessing whether a plaintiff has pled a private

6   securities claim.  *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.* (4th Cir. 2004) (refusing

7   to take judicial notice of allegations of SEC complaint against defendants in assessing whether

8   private securities claim was stated, as they merely were allegations); *In re Buca Inc. Sec. Litig.,*

9   No. 05-1762, 2006 WL 3030886, *1 n.1 (D. Minn. Oct. 16, 2006) (same); *Geinko v. Padda*, No.

10  00 C 5070, 2002 WL 276236, *6 & n.9 (N.D. Ill. Feb. 27, 2002) (allegations from complaints in

11  other cases, including case filed by SEC, are hearsay).  The reasons are simple.  First, just

12  because allegations are made by the SEC, this does not mean that the facts are indisputable or

13  have evidentiary support.  *Nolte*, 390 F.3d at 317 n*; *Buca*, 2006 WL 3030886, at *1 n.1.

14  Second, allegations from an SEC complaint constitute inadmissible hearsay.  *Geinko*, 2002 WL

15  276236, *6 & n.9.  Finally, the review of an SEC complaint does not constitute the reasonable

16  inquiry required under Rule 11 of the Federal Rules of Civil Procedure.  *Id.* at *6.

17  **III.    PLAINTIFF'S PURPORTED INVESTIGATION IS INSUFFICIENT TO**

18  **CORROBORATE THE ALLEGATIONS LIFTED FROM THE SEC COMPLAINT.**

19    As mentioned above, Plaintiff sets forth in the SAC the investigation made by its Lead

20  Counsel to obtain or corroborate the information set forth in the SAC.  SAC ¶¶ 42-61.  This

21  investigation covers the allegations as to the *entire* SAC.  *Id.*  When examined from the

22  perspective of the allegations in the SAC against Dr. Yaroshinsky that are lifted from the SEC

23  Complaint, it is evident that the investigation pled does not include independent sources that

24  corroborate such allegations as they apply to Dr. Yaroshinsky.  As Plaintiff has failed to fulfill the

25  Court's mandate in this regard in pleading the SAC and corroborating facts lifted from the SEC

26  Complaint, this Motion to Strike should be granted.

27  /////

28  /////

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.     Plaintiff's Confidential Witnesses Do Not Corroborate the SEC Complaint.

Plaintiff pleads that the allegations in the SAC are supported by first-hand accounts of 12 Confidential Witnesses. SAC ¶ 43. None of these Confidential Witnesses, however, corroborate the allegations lifted from the SEC Complaint. Indeed, the SAC fails to plead that 10 of the 12 Confidential Witnesses know anything about Dr. Yaroshinsky or corroborate the allegations lifted from the SEC Complaint. *See id.* Moreover, of the 2 Confidential Witnesses Plaintiff does link to Dr. Yaroshinsky, Plaintiff merely pleads that one such Confidential Witness (No. 3) "knew Defendant Yaroshinsky well" and that the other such Confidential Witness (No. 4) "was friends with Defendant Yaroshinsky." SAC ¶ 43(c), (d).

While Plaintiff pleads that Confidential Witness No. 6 attended the April 13, 2006 conference call with the ECAC, Plaintiff merely pleads that this witness held the opinion that "it did not look good for obtaining approval of Velac." *Id.* at ¶ 108. Importantly, this Confidential Witness does *not* corroborate the very specific allegations Plaintiff lifts from the SEC Complaint as to what the ECAC told Connetics during the call. *Id.* This is a crucial issue – as a result, there is no independent corroboration of the allegations in the SEC Complaint as to what was discussed on the call. Moreover, while Plaintiff alleges that its scienter allegations as to Dr. Yaroshinsky (which are lifted from the SEC Complaint) are corroborated by Confidential Witness No. 4 and other unspecified confidential witnesses, no such corroboration is pled in the SAC. *See id.* ¶ 311.

Thus, Plaintiff's attempt to rely on Confidential Witnesses to corroborate its allegations in the SAC lifted from the SEC Complaint fails. Plaintiff cannot overcome this Motion to Strike on this basis.

### B.     Plaintiff's Reliance on the SEC's Investigation Is Insufficient.

Plaintiff alleges that it has performed an adequate investigation and corroborated allegations from independent sources based on the SEC's investigation itself and specific allegations set forth in the SEC Complaint. SAC ¶¶ 41-48. Documents and testimony reflecting what the SEC itself did to support its allegations plead in the SEC Complaint does not constitute the *independent* investigation Plaintiff is required to undertake under Rule 11(b) to support the allegations it lifts from the SEC Complaint. Indeed, any such argument is circular – Plaintiff

1    would be relying on the SEC's investigation (not its own investigation) to support the allegations

2    it lifts from the SEC Complaint.

3        C.    **The San Francisco Chronicle Article Does Not Corroborate the Allegations**

4            **Set forth in the SEC Complaint Lifted by Plaintiff.**

5          Plaintiff makes much of a March 28, 2006 article in the *San Francisco Chronicle*.  SAC

6    ¶ 50.  The article, however, merely repeats the allegations of the SEC Complaint, citing the SEC

7    Complaint.  An article that merely repeats allegations from the SEC Complaint offers no more

8    corroboration of facts underlying the SEC Complaint than the SEC Complaint itself.

9          The article states (without quoting), that Connetics' General Counsel said, referring to the

10    SEC complaint, that it did not contain information that the Company did not already know and

11    that the Company took disciplinary action against Dr. Yaroshinsky.  *Id.*  This statement, however,

12    provides no basis for an admission by Dr. Yaroshinsky and is too general to form the basis for

13    underlying factual allegations or an inference of scienter against Dr. Yaroshinsky. The article

14    does not purport to quote Connetics' General Counsel as attempting to verify any of the

15    allegations made in the SEC complaint and no inference can be drawn as to the actual basis for

16    any purported unilateral disciplinary action that Connetics may have taken. *See id.*  Dr.

17    Yaroshinsky could have breached one or more internal policies of Connetics that could have

18    formed the basis of disciplinary employment action without violating any securities laws.

19    Without detailed, particular allegations, the court is requested to engage in speculation and to

20    draw the worst possible inferences against Dr. Yaroshinsky without basis.

21          Moreover, the actual quotes in the article attributed to Connetics' General Counsel

22    undermine reliance on the article to corroborate the allegations lifted from the SEC Complaint,

23    and any attempt to rely on the article as a sufficient investigation under Rule 11(b) – the General

24    Counsel is quoted as saying the SEC suit "makes [Dr. Yaroshinsky's] activity look worse" than it

25    was and that Dr. Yaroshinsky was still employed at Connetics and there was "there is no current

26    plan to change anything." *Id.*

27          Thus, this article does *not* corroborate the specific allegations identified in Section II

28    above which Plaintiff lifts from the SEC Complaint, including allegations of scienter and liability.

1    would be relying on the SEC's investigation (not its own investigation) to support the allegations

2    it lifts from the SEC Complaint.

3        **C.**    **The San Francisco Chronicle Article Does Not Corroborate the Allegations Set forth in the SEC Complaint Lifted by Plaintiff.**

4

5        Plaintiff makes much of a March 28, 2006 article in the *San Francisco Chronicle*. SAC

6    ¶ 50. The article, however, merely repeats the allegations of the SEC Complaint, citing the SEC

7    Complaint. An article that merely repeats allegations from the SEC Complaint offers no more

8    corroboration of facts underlying the SEC Complaint than the SEC Complaint itself.

9        The article states (without quoting), that Connetics' General Counsel said, referring to the

10    SEC complaint, that it did not contain information that the Company did not already know and

11    that the Company took disciplinary action against Dr. Yaroshinsky. *Id.* This statement, however,

12    provides no basis for an admission by Dr. Yaroshinsky and is too general to form the basis for

13    underlying factual allegations or an inference of scienter against Dr. Yaroshinsky. The article

14    does not purport to quote Connetics' General Counsel as attempting to verify any of the

15    allegations made in the SEC complaint and no inference can be drawn as to the actual basis for

16    any purported unilateral disciplinary action that Connetics may have taken. *See id.* Dr.

17    Yaroshinsky could have breached one or more internal policies of Connetics that could have

18    formed the basis of disciplinary employment action without violating any securities laws.

19    Without detailed, particular allegations, the court is requested to engage in speculation and to

20    draw the worst possible inferences against Dr. Yaroshinsky without basis.

21        Moreover, the actual quotes in the article attributed to Connetics' General Counsel

22    undermine reliance on the article to corroborate the allegations lifted from the SEC Complaint,

23    and any attempt to rely on the article as a sufficient investigation under Rule 11(b) – the General

24    Counsel is quoted as saying the SEC suit "makes [Dr. Yaroshinsky's] activity look worse" than it

25    was and that Dr. Yaroshinsky was still employed at Connetics and there was "there is no current

26    plan to change anything." *Id.*

27        Thus, this article does *not* corroborate the specific allegations identified in Section II

28    above which Plaintiff lifts from the SEC Complaint, including allegations of scienter and liability.

-5-

1   **D.     Connetics' August 14, 2006 Form 10-Q.**

2       Plaintiff pleads that the allegations in the SAC are corroborated by Connetics' August 14,

3   2006 Form 10-Q in which Connetics disclosed that the Connetics was being investigated by the

4   SEC to determine whether the Connetics or its employees or others violated Federal securities

5   laws and that it received a document subpoena regarding the June 2005 non-approval letter

6   Connetics received from the FDA. SAC ¶ 49. This Form 10-Q, however, does not corroborate

7   any of the allegations lifted from the SEC Complaint and asserted against Dr. Yaroshinsky. *See*

8   *id.* It is not a sufficient investigation for purposes of Rule 11(b) as to Plaintiff's allegations

9   against Dr. Yaroshinsky.

10      **E.     The Stipulated Preliminary Injunction.**

11      Plaintiff pleads that a *stipulated* preliminary injunction entered in the SEC action which

12  freezes certain of the assets in Dr. Yaroshinsky's brokerage accounts somehow corroborates the

13  allegations it lifts from the SEC Complaint by demonstrating that the SEC likely will succeed on

14  the merits in its case against Dr. Yaroshinsky. SAC ¶ 52. Again, nothing in this *stipulated*

15  preliminary injunction, or the existence of the injunction itself, corroborates the allegations

16  Plaintiff lifted from the SEC Complaint or even shows that the SEC will succeed in its case. The

17  SEC, acting *ex parte* and without notice to Dr. Yaroshinsky (who lives in California), filed its

18  complaint and obtained a temporary restraining order in a New York court, freezing all of Dr.

19  Yaroshinsky's assets.[1] Dr. Yaroshinsky thereafter merely stipulated to a more limited

20  preliminary injunction to not dispose of assets pending the resolution of the SEC action.

21      **F.     Zak Settlement With the SEC/Final Judgment.**

22      Despite Plaintiff's pleading, the fact that Zak entered into a settlement with the SEC in

23  which he did not admit or deny the allegations in the SEC Complaint does not corroborate the

24  allegations in the SEC Complaint as they apply to Dr. Yaroshinsky or, for that matter, Zak. *See*

25  SAC ¶ 55; *see also* Fed. R. Civ. P. 408.

26  /////

27

28

---

[1] The SEC claimed jurisdiction based on the fact that certain alleged transactions in Connetics securities were made on the American Stock Exchange and the AMEX was located in New York.

### G.    Dr. Yaroshinsky's Answer to the SEC Complaint.

While Dr. Yaroshinsky has answered the SEC Complaint, his Answer admits to certain facts but in no way admits to liability but rather denies liability.  Dr. Yaroshinsky's limited admission to certain facts does not equate to the broad admissions that Plaintiff pleads as a basis for corroborating the allegation it lifts from the SEC Complaint.  Indeed, Dr. Yaroshinsky's Answer to the SEC complaint does *not* admit to insider trading, does *not* corroborate the scienter allegations which Plaintiff lifted from the SEC Complaint, does *not* admit the allegations in the SEC Press Release quoted in paragraph 144 of the SAC, and does *not* admit to any of the allegations set forth in the SAC's claim for violation of Section 10(b)/Rule 10b-5 that are lifted from the SEC Complaint.  To the contrary, the Answer denies the allegations that form the elements of the claims against Dr. Yaroshinsky including the critical allegations that Plaintiff lift's from the SEC Complaint and raises affirmative defenses.

Thus, Dr. Yaroshinsky's Answer, does not corroborate the SEC Complaint as to any critical allegation and, thus, cannot form a basis for under Rule 11(b) for Plaintiffs to rely on the allegations of the SEC Complaint.

### IV.    CONCLUSION

For the reasons set forth above, Dr. Yaroshinsky respectfully requests that the Court grant this Motion to Strike.

Dated:  May 2, 2008

DLA PIPER US LLP


By    /s/ Shirli Weiss
SHIRLI FABBRI WEISS
GERARD A. TRIPPITELLI
ALYSSON RUSSELL SNOW
Attorneys for Defendant ALEXANDER
YAROSHINSKY

GT\6568856.1

DLA PIPER US LLP

-7-