SUSAN S. MUCK (CSB NO. 126930)
DEAN S. KRISTY (CSB NO. 157646)
CHRISTOPHER J. STESKAL (CSB NO. 212297)
CATHERINE D. STESKAL (CSB NO. 215501)
EMILY ST. JOHN COHEN (CSB NO. 239674)
CHRISTINE VOGELEI (CSB NO. 239843)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350
smuck@fenwick.com
dkristy@fenwick.com
csteskal@fenwick.com
csteskal@fenwick.com
ecohen@fenwick.com
cvogelei@fenwick.com

Attorneys for Defendants Connetics Corp.,
John L. Higgins, Lincoln Krochmal,
C. Gregory Vontz, and Thomas G. Wiggans

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CONNETICS CORP. SECURITIES LITIGATION | Case No.  C 07-02940 SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:         August 15, 2008<br>Time:        9:00 a.m.<br>Dept:         Courtroom 10<br>Judge:       Honorable Susan Illston |

Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Connetics Corp., John L. Higgins, Lincoln Krochmal, C. Gregory Vontz, and Thomas G. Wiggans (collectively, "defendants") hereby request that, in connection with their accompanying Motion to Dismiss Plaintiff's Second Amended Consolidated Class Action Complaint ("Second Amended Complaint" or "SAC"), the Court take judicial notice of each of Exhibits 1 through 52 attached to the Declaration of Christopher J. Steskal in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Consolidated Class Action Complaint ("Steskal Declaration"), filed concurrently herewith.

## I. AUTHORITY FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As this Court has held, "in a securities action a court may also consider documents that the defendant has attached to its motion to dismiss either as exhibits or accompanied by a request for judicial notice." Order Granting Defendants' Motion to Dismiss and Defendants' Motion to Strike, January 19, 2008 ("Order") at 6. Here, when deciding defendants' motion to dismiss, the Court can take judicial notice of the following categories of documents: (1) documents relied upon by plaintiff in the Amended Complaint; (2) Securities and Exchange Commission ("SEC") filings; (3) Food and Drug Administration ("FDA") filings and notices that are available on the FDA website; (4) publicly available analyst reports; (5) prior judicial filings in this case; (6) summary exhibits based on judicially noticeable documents; and (7) reports to Congress.

### A. The Court Should Take Judicial Notice of Documents Relied Upon By Plaintiff In The Amended Complaint

In deciding a motion to dismiss a complaint, courts routinely take judicial notice of documents cited or relied upon by a plaintiff in that complaint under the incorporation by reference doctrine. *See Tellabs v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). A court should consider the full text of such

1

1  documents, even when the complaint relies on selected portions. *See In re Applied Micro Circuits Corp. Sec. Litig.*, 2002 U.S. Dist. LEXIS 22403, *12 (S.D. Cal. Oct. 3, 2002) (holding that court must consider entire contents of SEC filings selectively quoted in complaint); *Osher v. JNI Corp.,* 308 F. Supp. 2d 1168, 1186 (S.D. Cal. 2004), *aff'd in relevant part*, 183 Fed. Appx. 604 (9th Cir. 2006) (considering full document, not only portion plaintiffs "selectively quote"); *Reiger v. Altris Software, Inc.*, 1999 WL 540893, at *2 (S.D. Cal. Apr. 30, 1999) ("the court may consider the full text of those documents, even when the complaint quotes only selected portions"); *In re Harmonic, Inc. Sec. Litig.*, 163 F. Supp. 2d 1079, 1084 (N.D. Cal. 2001) (defendants may "attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

Under the authorities cited above, the Court should take judicial notice of Exhibits 1 and 2 of the Steskal Declaration:

- Exhibit 1 is a transcript of Connetics' April 26, 2005 conference call. Plaintiff relies on and quotes the April 26, 2005 conference call transcript in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 58, 120, 263-264.

- Exhibit 2 is a transcript of Connetics' January 25, 2005 conference call. Plaintiff relies on and quotes the January 25, 2005 conference call transcript in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 240-244.

**B.    The Court Should Take Judicial Notice of SEC Filings And Similar Public Documents**

Courts routinely take judicial notice of documents that are filed with the SEC when deciding a motion to dismiss a securities fraud case. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding that judicial notice of SEC filings is proper).[1] As this Court has held, judicial notice of SEC filings is proper regardless of whether the filings are referenced in the plaintiff's complaint. *In re SupportSoft, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 31406, at *2 (N.D. Cal. Nov. 19, 2005) (taking judicial notice of SEC filings that were not referenced in the complaint); *see also In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("In a securities action, a court may take judicial notice of public filings when

---

[1] In addition to being judicially noticeable public records, many of the SEC filings described below may also be considered by this Court when ruling on defendants' motion to dismiss because they are relied upon by plaintiff in the Second Amended Complaint.

2
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS SAC                                                                       CASE NO. C 07-20940 SI

1  adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be
2  granted."). In addition, a court must take judicial take notice of SEC filings and other public
3  documents that contain meaningful cautionary language that protects forward-looking statements
4  referenced in the complaint. *See* 15 U.S.C. § 78u-5(e) (requiring court to consider "any
5  cautionary statement, which [is] not subject to material dispute, cited by the defendant"); *In re*
6  *Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same). Similarly, under
7  the same principles that allow a court to take judicial notice of SEC filings, a "court may take
8  judicial notice of [other] information [such as a company's press release] that was publicly
9  available to reasonable investors at the time the defendants made the allegedly false statements."
10 *Id.* (taking judicial notice of a company press release).

Under the authorities cited above and in the previous section, the Court should take judicial notice of Exhibits 3 to 25 of the Steskal Declaration:

- Exhibit 3 is Connetics' Form 10-K/A for the fiscal year ended December 31, 2001, filed with the SEC on or about March 29, 2002. This document contains relevant cautionary language.

- Exhibit 4 is Connetics' Form 10-K/A for the fiscal year ended December 31, 2002, filed with the SEC on or about December 2, 2003. This document contains relevant cautionary language.

- Exhibit 5 is Connetics' Form 10-K for the fiscal year ended December 31, 2003, filed with the SEC on or about March 15, 2004. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.*, SAC ¶ 158.

- Exhibit 6 is Connetics' Form 10-K for the fiscal year ended December 31, 2004, filed with the SEC on or about March 16, 2005. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.*, SAC ¶¶ 246-251.

- Exhibit 7 is Connetics' Form 10-K/A for the fiscal year ended December 31, 2005, filed with the SEC on or about July 25, 2006. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.*, SAC ¶¶ 57, 61, 187-192.

- Exhibit 8 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about May 24, 2002. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.*, SAC ¶ 68.

- Exhibit 9 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about January 27, 2004. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.*, SAC ¶¶ 208-209.

- Exhibit 10 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about March 24, 2004. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶¶ 80-81.

- Exhibit 11 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about May 4, 2004. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶¶ 210-212.

- Exhibit 12 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about October 25, 2004. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶¶ 226-227.

- Exhibit 13 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about January 25, 2005. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶¶ 238-239.

- Exhibit 14 is Connetics' Form 8-K and Ex. 99.3 attached thereto, filed with the SEC on or about April 18, 2005. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶ 254.

- Exhibit 15 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about April 26, 2005. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶¶ 116-117, 260-261.

- Exhibit 16 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about June 13, 2005. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶¶ 272-273.

- Exhibit 17 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about August 2, 2005. This document contains relevant cautionary language.

- Exhibit 18 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about May 3, 2006. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶¶ 177, 298-299.

- Exhibit 19 is Connetics' Form 8-K and Ex. 99.1 attached thereto, filed with the SEC on or about July 10, 2006. This document is relied upon in the Second Amended Complaint and contains relevant cautionary language. *See, e.g.,* SAC ¶ 182.

- Exhibit 20 is the SEC's General Instructions relating to the use of Forms 8-K.

- Exhibit 21 is the Forms 4 filed with the SEC on behalf of Thomas G. Wiggans between July 1, 2001 and July 9, 2006. These documents are relied upon in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 328-330, 391.

- Exhibit 22 is the Forms 4 filed with the SEC on behalf of John Higgins between July 1, 2001 and July 9, 2006. These documents are relied upon in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 328-330, 391.

- Exhibit 23 is the Forms 4 filed with the SEC on behalf of Gregory Vontz between July 1, 2001 and July 9, 2006. These documents are relied upon in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 328, 330, 391.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- Exhibit 24 is the Forms 3 and 4 filed with the SEC on behalf of Lincoln Krochmal between September 24, 2003 and January 19, 2005. These documents are relied upon in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 331, 335.

- Exhibit 25 is Connetics' Schedule 14A Proxy Statement, filed with the SEC on or about April 21, 2006. This document is relied upon in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 315, 334.

**C.    The Court Should Take Judicial Notice of FDA Filings And Notices That Are Available On The FDA Website.**

This Court has held that it may take judicial notice of FDA approved drug labels. Order at 14 (taking judicial notice of BenzaClin label). Indeed, when deciding a motion to dismiss, a court may take judicial notice of FDA approval letters, public notices, and similar documents available to the public on the FDA's website. Those documents are properly subject to judicial notice because they are public records of an administrative body, are relied upon by the investigating public, and provide context for plaintiff's allegations. *See Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding that a court "may take judicial notice of records and reports of administrative bodies"); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003), *aff'd*, 388 F.3d 209 (6th Cir. 2004) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.") (citation omitted); *see also In re Wellbutrin SR/Zyban Antitrust Litig.,* 281 F. Supp. 2d 751, 755 (E.D. Pa. 2003) (taking judicial notice of FDA report posted on the FDA's website at http://www.fda.gov/cder/approval/b.htm); *In re Vertex Pharms., Inc. Sec. Litig.*, 357 F. Supp. 2d 343, 352 n.4 (D. Mass. 2005) (taking judicial notice as "a matter of public record" of FDA policy posted on FDA's website; *In re Guidant Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS 22809, at *39 n.20 (D. Ind. Nov. 8, 2004) (taking judicial notice of public filings with the FDA); *In re CV Therapeutics*, *Inc.,* 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (taking judicial notice of FDA documents); *Chan v. Orthologic Corp.*, 1998 WL 1018624, at *5 (D. Ariz. Feb. 5, 1998) (taking judicial notice of initial approval letter for drug as "a strong example of public record").

Under the authorities cited above, the Court should take judicial notice of Exhibits 26 to

5

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS SAC                                                                                       CASE NO. C 07-20940 SI

44 of the Steskal Declaration:

- Exhibit 26 is Section 6010.5 of the United States Food and Drug Administration Manual of Policies and Procedures for the Center for Drug Evaluation and Research ("FDA Manual § 6010.5"). This section of the FDA Manual is available on the FDA's website at http://www.fda.gov/cder/mapp/6010.5.pdf.

- Exhibit 27 is Section 7412.2 of the United States Food and Drug Administration Manual of Policies and Procedures for the Center for Drug Evaluation and Research ("FDA Manual § 7412.2"). This section of the FDA Manual is available on the FDA's website at http://www.fda.gov/cder/mapp/7412-2.pdf.

- Exhibit 28 is a Special Report from FDA Consumer Magazine titled "The FDA's Drug Review Process: Ensuring Drugs are Safe and Effective." This report is available on the FDA's website at http://www.fda.gov/fdac/special/testtubetopatient/drugreview.html.

- Exhibit 29 is an excerpt of a document titled "Drug Development and Review Definitions" available on the FDA's website at http://www.fda.gov/cder/about/smallbiz/definitions.htm.

- Exhibit 30 is a document titled "Final Printed Labeling" ("BenzaClin labeling"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2000/50-756_Benzaclin_prntlbl.pdf.

- Exhibit 31 is a document titled "Approval Letter" ("BenzaClin Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2000/50-756_Benzaclin_Approv.pdf.

- Exhibit 32 is a document titled "Final Printed Labeling" ("Duac labeling"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2002/50-741_DUAC Topical Gel_Prntlbl.pdf.

- Exhibit 33 is a document titled "Approval Letter" ("Duac Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2002/50-741_DUAC Topical Gel_Approv.pdf.

- Exhibit 34 is a document titled "Approved Labeling" ("Differen labeling"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2000/20-748_Differin_Prntlbl.pdf.

- Exhibit 35 is a document titled "Approval Letter" ("Differin Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2000/20-748_Differin_Approv.pdf.

- Exhibit 36 is a document titled "Final Printed Labeling" ("Retin-A labeling"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/label/2002/16921s21s22s25lbl.pdf.

- Exhibit 37 is a document titled "NDA 16-921 S021/022/025" ("Retin-A Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/appletter/2002/16921s021ltr.pdf.

1    • Exhibit 38 is a document titled "Final Printed Labeling" ("Protopic labeling"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2000/50777_ Protopic_Prntlbl.pdf.

   • Exhibit 39 is a document titled "Approval Letter" ("Protopic Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2000/50777_Protopic_Approv.pdf.

   • Exhibit 40 is a document titled "Aldara" ("Aldara labeling"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/label/2004/20723se1-015_aldara_lbl.pdf.

   • Exhibit 41 is a document titled "NDA 20-723/S-001" ("Aldara Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/appletter/2001/20723s1ltr.pdf.

   • Exhibit 42 is a document titled "Administrative Documents" ("Clobex Director Review"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2003/21-535_Clobex_Admindocs.pdf.

   • Exhibit 43 is a document titled "Approval Letter" ("Clobex Approval Letter"). This document is available on the FDA's website at http://www.fda.gov/cder/foi/nda/2003/21-535_Clobex_Approv.pdf.

   • Exhibit 44 is excerpts from a document titled "Center for Drug Evaluation and Research: Report to the Nation 2005" ("FDA Report"). This document is available on the FDA's website at http://www.fda.gov/cder/reports/rtn/2005/rtn2005.pdf.

### D. The Court Should Take Judicial Notice Of Publicly Available Analyst Reports

When deciding a motion to dismiss a securities fraud case, a court may take judicial notice of analyst reports because they are publicly available to investors. *See Copper Mountain*, 311 F. Supp. 2d at 864 (taking judicial notice of documents that are "publicly available to reasonable investors at the time the defendant made the allegedly false statements"). That is particularly true where the analyst reports at issue "are comparable in form and content to the numerous reports that Plaintiffs heavily quote in the Complaint." *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003). Here, plaintiff cites numerous analyst reports (SAC ¶¶ 13, 79, 82, 86, 102, 104, 113, 114, 118, 125, 127, 183, 252, 256-258, 266, 312, 324-325), but does not cite other reports that are favorable to the defendants. "As [plaintiff relies] heavily on such analysts' reports to state [its] claim, [it] can 'hardly complain when [defendants] refer to the same information in their defense.'" *Infonet*, 310 F. Supp. 2d at 1115 n.10 (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)); *see also In re Century Bus. Servs.*

7

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS SAC                                                                                                  CASE NO. C 07-20940 SI

*Sec. Litig.*, 2002 U.S. Dist. LEXIS 26964, at *14-15 (N.D. Ohio June 27, 2002) (holding that court may consider analyst reports in evaluating motion to dismiss a securities fraud claim).

Under the authorities cited above, the Court should take judicial notice of Exhibits 45 to 47 of the Steskal Declaration:

- Exhibit 45 is an analyst report issued by Wachovia Capital Markets, LLC on April 26, 2005.
- Exhibit 46 is an analyst report issued by Jefferies & Co., Inc. on April 27, 2005.
- Exhibit 47 is an analyst report issued by Summer Street Research Partners on June 9, 2005.

### E. The Court Should Take Judicial Notice Of Prior Filings In This Case

The court can consider allegations in the earlier complaint in ruling on this motion to dismiss. *Azadpour v. Sun Microsystems, Inc.*, 2007 U.S. Dist. LEXIS 55502, at *6 n.2 (N.D. Cal. July 22, 2007).

Under the authorities cited above, the Court should take judicial notice of Exhibit 48 of the Steskal Declaration:

- Exhibit 48 is a document titled "Transgenic Mouse Models: Their Role in Carcinogen Identification." Plaintiff relies on and quotes this document in Plaintiff's First Amended Complaint. *See* AC ¶ 56.[2]

### F. The Court Should Take Judicial Notice Of Summary Exhibits Of Judicially Noticeable Documents

When deciding a motion to dismiss, a court may take judicial notice of tables created by counsel summarizing information contained in other judicially noticeable documents. In *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001), for example, the district court took judicial notice of a chart drafted by defendants' counsel listing various risk disclosures the company had included in its SEC filings and press releases. The court reasoned that consideration of the chart was proper because it was "simply a collection of quotations from documents the Court may independently consider for the reasons [already discussed]." *Id.*; *see*

---

[2] In addition, the Court may take judicial notice of this document which was published independently by the National Institutes of Health. *See BioPort*, 270 F. Supp. 2d at 973 (taking judicial notice of an article published in the Lansing State Journal); *County of Santa Clara v. Astra USA, Inc.*, 2006 U.S. Dist. LEXIS 33047, at *8 (N.D. Cal. May 17, 2006) (taking judicial notice of articles published in the Wall Street Journal).

*also* Fed. R. Evid. 1006. Similarly, a court may take judicial notice of a chart showing the company's historical stock prices. *In re Turnstone Sys. Inc. Sec. Litig*, 2003 U.S. Dist. LEXIS 26709 at *107-08 (N.D. Cal. Feb. 4, 2003) (holding that judicial notice of a "tabular representation of [company's historical] stock price" was proper because "it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Kiyashka v. Iasiaworks, Inc.*, 2002 U.S. Dist. LEXIS 9554, at *22 (N.D. Cal. May 14, 2002) (taking judicial notice of a chart of daily stock prices of the company).

Under the authorities cited above, the Court should take judicial notice of Exhibits 49 to 51 of the Steskal Declaration:

- Exhibit 49 consists of tables summarizing defendants' stock sales and holdings of Connetics stock during the period of July 1, 2001 to July 9, 2006. As noted in the exhibit, the table summarizes information contained in SEC filings.

- Exhibit 50 is a table summarizing some of the meaningful cautionary language related to Velac gel that Connetics publicly disclosed in its filings with the SEC and included in its public statements.

- Exhibit 51 is a chart showing Connetics' historical stock prices from December 1, 2003 through December 28, 2006.

### G.     The Court Should Take Judicial Notice Of Reports to Congress

In considering a motion to dismiss, the court may take judicial notice of reports to Congress. *Rank v. Krug,* 90 F. Supp. 773, 781 (S.D. Cal. 1950) (reports to Congress are proper subjects of judicial notice for purposes of motion to dismiss). Furthermore, government documents available on the internet are judicially noticeable. *BioPort.*, 270 F. Supp. 2d at 972 ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.") (citation omitted).

Under the authorities cited above, the Court should take judicial notice of Exhibit 52 of the Steskal Declaration:

- Exhibit 52 is a Report for Congress prepared by the Congressional Research Service titled "The U.S. Drug Approval Process: A Primer." The document can be found at http://www.law.umaryland.edu/marshall/crsreports/crsdocuments/RL30989.pdf.

## II. CONCLUSION

For the reasons set forth above, the Court should take judicial notice of Exhibits 1 through 52 to the Steskal Declaration.

Dated: May 2, 2008                    FENWICK & WEST LLP

By: /s/ Christopher J. Steskal
Christopher J. Steskal

Attorneys for Defendants Connetics Corp., John L. Higgins, Lincoln Krochmal, C. Gregory Vontz, and Thomas G. Wiggans

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO