1   SHIRLI FABBRI WEISS (Bar No. 079225)
    shirli.weiss@dlapiper.com
2   GERARD A. TRIPPITELLI (Bar No. 235788)
    jerry.trippitelli@dlapiper.com
3   JULIE L. SCHWARTZ (Bar No. 216392)
    julie.schwartz@dlapiper.com
4   ALYSSON RUSSELL SNOW (Bar No. 225185)
    alysson.snow@dlapiper.com
5   **DLA PIPER US LLP**
    401 B Street, Suite 1700
6   San Diego, CA  92101-4297
    Tel:  619.699.3650
7   Fax:  619.699.2701

8   Attorneys for Defendant
    ALEXANDER YAROSHINSKY

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

13   IN RE CONNETICS CORPORATION            CASE NO.  3:07-cv-02940-SI
     SECURITIES LITIGATION
14                                           CLASS ACTION

15
     This Document Relates To:             **ALEXANDER YAROSHINSKY'S REPLY**
16                                          **MEMORANDUM IN SUPPORT OF**
                                            **MOTION TO STRIKE PORTIONS OF**
17        ALL ACTIONS.                      **PLAINTIFF'S SECOND AMENDED**
                                            **CONSOLIDATED CLASS ACTION**
18                                          **COMPLAINT**

19                                          Date:        August 15, 2008
                                            Courtroom:   10
20                                          Time:        9:00 a.m.
                                            Judge:       Honorable Susan Illston
21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

1   **I.      INTRODUCTION AND SUMMARY OF ARGUMENT.**

2          Lead Plaintiff's Second Amended Consolidated Class Action Complaint (the "SAC") and

3   their Opposition to Defendant Alexander Yaroshinsky's ("Dr. Yaroshinsky") Motion to Strike

4   certain paragraphs of Lead Plaintiff's SAC do nothing to cure the fatal deficiencies identified by

5   this Court in its January 29, 2008 Order that struck virtually every allegation relating to Dr.

6   Yaroshinsky.  Plaintiff claims that it conducted its own reasonable investigation into the

7   allegations in the SAC and that it therefore satisfied the requirements of Rule 11(b) of the Federal

8   Rules of Civil Procedure.  But Plaintiff has done nothing different with this round of pleadings

9   than it did with its first round, which the Court found legally insufficient.  All of Plaintiff's

10  arguments in its Opposition lead to the same conclusion:  the allegations in the SAC were "cut

11  and pasted" from the complaint filed by the Securities and Exchange Commission ("SEC") in the

12  SEC's lawsuit against Dr. Yaroshinsky, *SEC v. Yaroshinsky*, Case No. 06 CV2401 (RCC)

13  (S.D.N.Y.) (the "SEC Complaint").  While Plaintiff makes the conclusory assertion that it

14  conducted an investigation to support its Rule 11 obligations, it is clear that Plaintiff intends to

15  rely only on the SEC's investigation (and thus the SEC's Complaint), and that Plaintiff can point

16  to nothing that corroborates the allegations in the SAC that Plaintiff lifted from the SEC

17  Complaint concerning Dr. Yaroshinsky.

18         Thus, because Plaintiff failed to fulfill its mandatory, non-delegable duties under Rule

19  11(b) of conducting a reasonable investigation into the facts alleged in the SAC concerning Dr.

20  Yaroshinsky, the Court should strike the following paragraphs in the SAC:  16, 40-41, 45-48, 52,

21  54-55, 107-108, 133-144, 146, 310-311, 368-369 and 389-391.[1]

22  /////

23  /////

24

25  [1] Plaintiff argues that Dr. Yaroshinsky should  have brought this motion under Rule 12(f) of the
    Federal Rules of Civil Procedure instead of Rule 11(b).  Plaintiff is mistaken.  This motion is

26  based on Plaintiff's failure to comply with its duty under Rule 11(b)(3) to conduct a reasonable
    independent investigation into the allegations contained in its SAC before filing it.  There is no

27  question this motion is proper under Rule 11(b).  Indeed, this Court already granted Dr.
    Yaroshinsky's initial Motion to Strike almost all portions of the First Amended Consolidated

28  Class Action Complaint ("FAC") under Rule 11(b) – *not* Rule 12(f).  *See In re Connetics Corp.
    Sec's Litig.*, 542 F. Supp. 2d 996, 1005-06 (2008).

1   **II.    PLAINTIFF'S PURPORTED INVESTIGATION IS INSUFFICIENT TO**

2   **CORROBORATE THE ALLEGATIONS LIFTED FROM THE SEC COMPLAINT.**

3       Plaintiff's allegations in the SAC against Dr. Yaroshinsky that are lifted from the SEC

4   Complaint did not derive from an independent investigation and therefore are not based upon

5   independent corroborating sources.  In its Opposition, Plaintiff attempts to talk its way out of

6   these deficiencies by making circular arguments that all lead back to one inevitable conclusion:

7   the allegations regarding Dr. Yaroshinsky in Plaintiff's SAC consist of nothing more than a

8   regurgitation of the SEC Complaint.

9       **A.    The Court Already Found That Plaintiff's Allegations Should be Stricken**
        **Because Plaintiff Failed to Meet Its Rule 11(b)(3) Obligations.**
10

11      Since the Court granted Dr. Yaroshinsky's previous motion to strike the allegations in the

    FAC that Plaintiff lifted directly from the SEC Complaint concerning Dr. Yaroshinsky, Plaintiff
12
    is now apparently attempting to make an end run around a motion for reconsideration by telling
13
    the Court its previous decision was incorrect under Rule 11(b) and conflicts with a case decided
14
    in the Southern District of New York, *de la Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250
15
    (S.D.N.Y. 2003).  *See* Opp. at 2-3, 11-12.  Plaintiff's arguments are not only improper at this
16
    stage of the proceedings, they are unavailing.  First, this Court already addressed and dismissed
17
    *de la Fuente* in its January 29, 2008 order granting the previous motion to strike, noting that "[i]n
18
    *de la Fuente*, the court considered Rule 11 but specifically noted the plaintiff had stated 'that
19
    every allegation in the complaint was verified by plaintiff's counsel through independent
20
    investigation.'"  *See In re Connetics*, 524 F. Supp. 2d at 1005 ("The Court is not persuaded that
21
    these cases [cited by Plaintiff, including *de la Fuente*,] support plaintiffs' attempt to skirt the
22
    requirements of Rule 11(b)(3).").  Here, Plaintiff has not verified through independent
23
    investigation any of the allegations in the SAC that were lifted from the SEC's Complaint
24
    concerning Dr. Yaroshinsky.  The *de la Fuente* case is therefore equally inapplicable now as it
25
    was when Plaintiff cited it in its opposition to the original motion to strike.[2]
26

27  _____

28  [2] Plaintiff's reliance on *In re Enron Corp. Sec. Litig.*, 2005 U.S. Dist. LEXIS 41240 (S.D. Tex.
    Dec. 22, 2005), *see* Opp. at 10, is misplaced for the same reasons.  This case does not involve a

1       Second, even if a motion for sanctions under Rule 11 requires a showing that the

2   complaint is baseless and made without a reasonable and competent inquiry, this does not

3   eliminate Plaintiff's obligation under Rule 11(b)(3) when signing the SAC to have conducted a

4   reasonable investigation prior to filing that document.  As the Court correctly stated, citing

5   authority from the United States Supreme Court and the Ninth Circuit, "an attorney has a

6   nondelegable responsibility to personally . . . validate the truth and legal reasonableness of the

7   papers filed, . . . , and to conduct a reasonable factual investigation."  *In re Connetics*, 524 F.

8   Supp. 2d at 1005 (internal quotations omitted) (citations omitted).  The Court, relying on this

9   authority, concluded that "plaintiffs did not personally investigate their claims against defendants

10  Yaroshinsky and Zak"; the Court therefore struck Plaintiff's allegations concerning these

11  Defendants under Rule 11(b).  *Id.* at 1006.

12      The situation has not changed since the Court's previous order striking allegations in the

13  FAC pursuant to Rule 11(b).  Plaintiff still relies entirely on the SEC Complaint and has lifted the

14  allegations concerning Dr. Yaroshinsky from the SEC Complaint.  As discussed further below,

15  Plaintiff's arguments (i) that it can rely on the *SEC's* investigation, (ii) that it has Confidential

16  Witnesses who knew or were friends with Dr. Yaroshinsky or who happened to be on a

17  conference call with Dr. Yaroshinsky (without anything further), or (iii) that it relied on one

18  newspaper article that does nothing more than cite to the allegations SEC Complaint, do not

19  corroborate the allegations lifted from the SEC Complaint or evidence an independent

20  investigation by Plaintiff.  The analysis is therefore unchanged.  Plaintiff failed to satisfy its

21  obligations under Rule 11(b)(3), and the allegations in the SAC concerning Dr. Yaroshinsky that

22  were lifted from the SEC Complaint should be stricken.  *See id.* at 1004-05 ("plaintiffs cite no

23  authority that stands for the proposition that an attorney may rely *entirely* on another complaint as

24  the *sole* basis for his or her allegations" and cannot "skirt the requirements of Rule 11(b)(3)")

25  (emphasis in original); *see also Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.* (4th Cir.

26  /////

27  _____

28  bankruptcy examiner; it involves Plaintiff's improper attempt to avoid its obligations under Rule
    11(b)(3) by relying completely on the SEC Complaint.

1    2004); *In re Buca Inc. Sec. Litig.,* No. 05-1762, 2006 WL 3030886, *1 n.1 (D. Minn. Oct. 16,

2    2006); *Geinko v. Padda*, No. 00 C 5070, 2002 WL 276236, *6 & n.9 (N.D. Ill. Feb. 27, 2002).[3]

3         **B.      Plaintiff's Confidential Witnesses Do Not Corroborate the SEC Complaint.**

4         Plaintiff completely ignores the arguments in the Motion to Strike that *none* of Plaintiff's

5    Confidential Witnesses corroborate the allegations in the SAC that Plaintiff lifted from the SEC

6    Complaint concerning Dr. Yaroshinsky.  Plaintiff merely makes the conclusory statement that

7    "[t]he facts set forth in the SEC [C]omplaint are corroborated by former Connetics employees"

8    and cite paragraph 43 of the SAC.  Yet Plaintiff fails to address the fact that the SAC pleads

9    nothing more than the allegation that 2 (of 12) Confidential Witnesses "knew Defendant

10   Yaroshinsky well" or were "friends with Defendant Yaroshinsky."  SAC ¶ 43(c), (d).  Plaintiff

11   also argues that the bare allegation that Confidential Witness No. 6 attended the April 13, 2006

12   conference call with the ECAC somehow constitutes independent corroboration of the allegations

13   lifted from the SEC Complaint.  Alleging that Confidential Witness No. 6 merely attended the

14   call does not corroborate the very specific allegations Plaintiff copied from the SEC Complaint as

15   to what the ECAC told Connetics during the call.  *Id.* ¶ 108; Opp. at 7.

16        Thus, Plaintiff cannot rely on Confidential Witnesses to corroborate its allegations in the

17   SAC that were lifted from the SEC Complaint.  Moreover, as discussed below, Plaintiff has

18   alleged no other independent investigation or corroboration sufficient to defeat this Motion to

19   Strike.

20   /////

21

22   [3] Plaintiff claims that Dr. Yaroshinsky's request that the Court take judicial notice of the SEC
     Complaint is inconsistent with *Buca* and *Nolte* because those cases state that a court may not take
     judicial notice of an SEC complaint if the facts set forth in the complaint are subject to dispute.

23   *See* Opp. at 14.  Plaintiff misconstrues the reasoning of these cases.  In fact, as Plaintiff
     recognizes, the courts in *Buca* and *Nolte* sought judicial notice of the SEC complaints *to prove the*

24   *truth of the matters asserted therein. See Nolte*, 380 F.3d at 317 n.*; *Buca*, 2006 WL 3030886, at
     *1 n.1 (noting that "[a] court may take judicial notice of SEC filings . . . where the filings were

25   required by law and were not offered to prove the truth of the documents' contents"); Opp. at 13-
     14.  That these courts denied the requests for judicial notice under those circumstances is exactly

26   the point:  the allegations in the SEC complaints are subject to dispute and cannot be judicially
     noticed for the truth of those allegations.  By contrast, Dr. Yaroshinsky merely requests that the

27   Court take judicial notice of the SEC Complaint so that the Court can compare the allegations
     therein to the allegations in the SAC, which will reveal that Plaintiff once again lifted its

28   allegations directly from the SEC Complaint.

1

**C.     Plaintiff's Reliance on the SEC's Investigation Is Insufficient.**

2      Plaintiff alleges in the SAC and its Opposition that Plaintiff is entitled to rely on the

3   *SEC's* investigation and allegations in the SEC Complaint.  SAC ¶¶ 41-48; Opp. at 10-11.

4   Plaintiff asserts that the SEC's Complaint is a "reliable source" because of the SEC's

5   investigation.  Plaintiff made this same "reliable source" argument in its opposition to the

6   previous motion to strike, *see In re Connetics*, 542 F. Supp. 2d at 1004, and the Court was not

7   persuaded then.  These arguments are no more persuasive now.  Plaintiff's citations to the SEC's

8   investigation underlying the SEC's allegations in the SEC Complaint do not constitute an

9   *independent* investigation by Plaintiff under Rule 11(b).  Rather, the argument is circular:

10  Plaintiff seeks to rely on the SEC's investigation (not their own investigation) to support the

11  allegations it lifts from the SEC Complaint.  If Plaintiff's interpretation was correct, it would

12  vitiate the requirements of Rule 11(b)(3).

13      Further, Plaintiff cannot shirk *its* duties under Rule 11(b)(3) to conduct an independent

14  investigation by relying on the *SEC's* actions in fulfilling its obligations under Rule 11(b)(3).  *See*

15  *id.* at 1005 ("Under Rule 11(b), an attorney has a 'nondelgable responsibility' to 'personally  . . .

16  validate the truth and legal reasonableness of the papers filed [Citation], and 'to conduct a

17  reasonable factual investigation'") (quoting *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S.

18  120, 126 (1989) and *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).    The cases

19  cited in the Opposition for the proposition that an attorney signing a pleading can rely on other

20  attorneys are inapplicable here because those cases involved, for example, attorneys relying on

21  other attorneys within their own firm (*Morris v. Wachovia Sec., Inc.*, 2007 U.S. Dist. LEXIS

22  52675 (E.D. Va. Jul. 20, 2007)), attorneys relying on their client and their client's touted "expert"

23  attorney (*Refac Int'l, Ltd. v. Hitachi Ltd.*, 1991 U.S. Dist. LEXIS 20733 (C.D. Cal. Dec. 23,

24  1991)), and attorneys relying on the analysis of other attorneys where the signing attorney obtains

25  "knowledge of facts sufficient to enable him to certify that the paper is well-grounded in fact"

26  (*see* Opp. at 15 (citing *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 558 (9th Cir. 1986)).

27  None of those cases involves the situation here, where Plaintiff has relied *entirely* on the

28  /////

1    allegations in another entity's complaint and attempt to substitute that entity's investigation as

2    required by Rule 11 for its own investigation.

3         Similarly, Plaintiff's assertion that it can rely on hearsay, *see* Opp. at 14, misses the mark

4    because Plaintiff has completely failed to show that it conducted its own independent

5    investigation or that Plaintiff can corroborate any of the allegations that it lifted from the SEC

6    Complaint concerning Dr. Yaroshinsky.

7         Plaintiff therefore cannot rely on these arguments to defeat the Motion to Strike.

8         **D.    The San Francisco Chronicle Article Does Not Corroborate the Allegations
              Set Forth in the SEC Complaint Lifted by Plaintiff.**

9

10        Plaintiff's purported reliance on a March 28, 2006 article in the *San Francisco Chronicle*

11   is similarly misplaced.  *See* SAC ¶ 50; Opp. at 3.  The cases Plaintiff cites require that the

12   newspaper article be the result of an independent investigation by the newspaper.  *See, e.g.,*

13   *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42, (D. Del. 2002) (citing *McKesson*

14   *HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248 (N.D. Cal. 2000), for the proposition that "the

15   article be the result of independent investigative efforts by those authoring or sponsoring the

16   article").  By contrast, the *San Francisco Chronicle* article merely repeats the allegations of the

17   SEC Complaint, even citing the SEC Complaint.  Thus, the *San Francisco Chronicle* article is not

18   based upon an independent investigation and is not an exposé, such as the articles contemplated

19   by the cases upon which Plaintiff purports to rely.  Plaintiff's reliance on the *San Francisco*

20   *Chronicle* article is no different from its wholesale reliance on the SEC Complaint – neither

21   constitutes an independent investigation by Plaintiff itself as required under Rule 11(b).

22        **E.    The Stipulated Preliminary Injunction Does Not Corroborate the Allegations
              Set Forth in the SEC Complaint Lifted by Plaintiff.**

23        Since Plaintiff cannot show it conducted its own independent investigation to support the

24   allegations that it lifted from the SEC Complaint, Plaintiff attempts a different tactic.  Plaintiff

25   claims that the *ex parte* temporary restraining order and subsequent *stipulated* preliminary

26   injunction entered in the SEC action freezing certain of the assets in Dr. Yaroshinsky's brokerage

27   accounts corroborate the allegations Plaintiff lifts from the SEC Complaint.  SAC ¶ 52; Opp. at 5.

28

DLA PIPER US LLP
SAN DIEGO

-6-

1   Not so.  First, the *ex parte* temporary restraining order – which the SEC obtained without

2   providing notice to Mr. Yaroshinsky (who resides in California) – was entered in a New York

3   federal court, based on the Second Circuit standard for freezing assets (as distinguished from an

4   ordinary temporary restraining order).  Yet Plaintiff cites the *California* standard for granting an

5   ordinary temporary restraining order.  *See* Opp. at 5.  Under Second Circuit law, "[a]n asset

6   freeze requires a lesser showing" than a typical preliminary injunction enjoining violations of

7   securities laws.  *SEC v. Cavanaugh*, 155 F.3d 129, 132 (2d Cir. 1998).  Second, and most

8   significant for purposes of this Motion to Strike, an *ex parte* temporary restraining order freezing

9   assets in the SEC action does not constitute an independent investigation by Plaintiff in this action

10  as required under Rule 11(b)(3).

11         Similarly, that Dr. Yaroshinsky *stipulated* to a preliminary injunction is not evidence of an

12  independent investigation by Plaintiff in this action.  Nor is it an admission of any wrongdoing as

13  Plaintiff appears to be arguing.  Dr. Yaroshinsky merely stipulated – without admitting the

14  veracity or correctness of the allegations in the SEC Complaint – to a more limited preliminary

15  injunction not to dispose of assets pending resolution of the SEC action.  This stipulation does

16  nothing to corroborate Plaintiff's allegations lifted from the SEC Complaint.

17         **F.      Dr. Yaroshinsky's Answer to the SEC Complaint Does Not Corroborate the
           Allegations Set Forth in the SEC Complaint Lifted by Plaintiff.**

18

19         Plaintiff cites to various "admissions" by Dr. Yaroshinsky in his Answer to the SEC

20  Complaint as support for Plaintiff's purported investigation behind the allegations in the SAC.

21  Yet Plaintiff ignores the plain fact that, as discussed in the opening brief supporting this Motion

22  to Strike, Dr. Yaroshinsky's Answer to the SEC Complaint in no way admits to liability, but

23  rather denies liability.  Plaintiff has *not* shown that Dr. Yaroshinsky's Answer admits to insider

24  trading, corroborates the scienter allegations that Plaintiff lifted from the SEC Complaint, admits

25  the allegations in the SEC Press Release quoted in paragraph 144 of the SAC, or admits to any of

26  the allegations set forth in the SAC's claim for violation of Section 10(b)/Rule 10b-5 that Plaintiff

27  lifted from the SEC Complaint.  Rather, Plaintiff completely ignores the fact that not only does

    /////

28

1   Dr. Yaroshinsky's Answer deny the allegations that form the elements of the claims against him,

2   but it also raises affirmative defenses.

3          Thus, Dr. Yaroshinsky's Answer does not corroborate the SEC Complaint as to any

4   critical allegation and, thus, cannot form a basis under Rule 11(b) for Plaintiff to rely on the

5   allegations of the SEC Complaint.

6          **G.     The Consent Decree and Zak's Settlement With the SEC Do Not Corroborate
               the Allegations Set Forth in the SEC Complaint Lifted by Plaintiff.**

7          Plaintiff does not address Dr. Yaroshinsky's argument in the opening brief in support of

8   this Motion to Strike that Zak's decision to enter into a settlement with the SEC in which he did

9   not admit or deny the allegations in the SEC Complaint does not corroborate the allegations in the

10  SEC Complaint as they apply to Dr. Yaroshinsky or, for that matter, Zak. *See* SAC ¶ 55; *see also*

11  Fed. R. Evid. 408. Rather, Plaintiff makes the unsupported assertion that the mere fact that Zak

12  entered into a settlement somehow corroborates the allegations in the SAC that Plaintiff lifted

13  from the SEC Complaint. Zak has admitted no wrongdoing, so his settlement certainly cannot

14  corroborate the allegations Plaintiff lifted from the SEC Complaint with respect to Yaroshinsky

15  (or Zak). Furthermore, the settlement is inadmissible to prove liability and therefore does not

16  corroborate the allegations Plaintiff lifted from the SEC Complaint. Fed. R. Evid. 408.

17         For the same reasons, the consent decree that Yaroshinsky voluntarily entered into with

18  the SEC does not corroborate the allegations in the SAC because Yaroshinsky did not admit to

19  any wrongdoing, and is not admissible to prove liability. *See* Fed. R. Evid. 408.

20         Thus, these arguments are also inadequate to defeat this Motion to Strike because Plaintiff

21  has failed to fulfill its obligations under Rule 11(b)(3).

22  /////

23  /////

24  /////

25  /////

26  /////

27  /////

28

DLA PIPER US LLP
SAN DIEGO

-8-

ALEXANDER YAROSHINSKY'S REPLY MEMO ISO MOTION TO STRIKE

**III.    CONCLUSION.**

For the reasons set forth above and in the opening brief, Dr. Yaroshinsky respectfully

requests that the Court grant this Motion to Strike.

Dated:  July 18, 2008

DLA PIPER US LLP


By    /s/ Gerard A. Trippitelli
     SHIRLI FABBRI WEISS
     GERARD A. TRIPPITELLI
     JULIE L. SCHWARTZ
     ALYSSON RUSSELL SNOW
     Attorneys for Defendant ALEXANDER
     YAROSHINSKY

WEST\21472219.2