# EXHIBIT B

```
 1  BLAKE MUIR HARPER, SBN: 115756
    e-mail: bmh@hulettharper.com
 2  BRIDGET GRAMME, SBN: 231953
    e-mail: bridget@hulettharper.com
 3  SARAH P. WEBER, SBN: 239979
    e-mail: sweber@hulettharper.com
 4  HULETT HARPER STEWART LLP
    550 West C Street, Suite 1600
 5  San Diego, CA 92101
    Telephone:  (619) 338-1133
 6  Facsimile:  (619) 338-1139

 7  MARIAN P. ROSNER (admitted pro hac vice)
    e-mail: mrosner@wolfpopper.com
 8  PATRICIA I. AVERY (admitted pro hac vice)
    e-mail: pavery@wolfpopper.com
 9  CHET B. WALDMAN (admitted pro hac vice)
    e-mail: cwaldman@wolfpopper.com
10  ANTHONY D. GREEN (admitted pro hac vice)
    e-mail: agreen@wolfpopper.com
11  WOLF POPPER LLP
    845 Third Avenue
12  New York, New York 10022
    Telephone: (212) 759-4600
13  Facsimile: (212) 486-2093
    Firm E-mail:     IRRep@wolfpopper.com
14

15  Attorneys for Lead Plaintiff
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST SOFTWARE, INC., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DOUGLAS F. GARN, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS,<br><br>Defendants. | Case No.: 06-06863-DOC(RNBx)<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# COUNT III

## AGAINST DEFENDANTS SMITH, BROOKS, GARN, DOYLE, AND MURDOCK FOR VIOLATION OF §20A OF THE EXCHANGE ACT

242. Lead Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

243. This claim is brought pursuant to §20A of the Exchange Act on behalf of Class members who purchased Quest stock contemporaneously with sales by defendants Smith, Brooks, Garn, Doyle, and Murdock, who sold, at least, 2,744,737 shares of their Quest stock during the Class Period for proceeds of, at a minimum, $38,547,581.72.

244. As heretofore alleged, defendants sold Quest common stock on the open market while in the possession of the material, adverse non-public information set forth above.

245. These defendants, while in the possession of the material, adverse non-public information set forth above, sold Quest common stock while Class members, including Lead Plaintiff, contemporaneously purchased Quest common stock of the same class sold by these defendants.

246. Specifically, Lead Plaintiff's purchases during the Class Period were as follows:

| Transaction | Date | Quantity | Price | Amount |
|---|---|---|---|---|
| Purchase | 11/28/05 | 27668 | $15.58 | $430,971 |
| Purchase | 11/29/05 | 6482 | $15.64 | $101,383 |
| Purchase | 12/16/05 | 500 | $14.74 | $7,368 |
| Purchase | 12/16/05 | 1400 | $14.89 | $20,844 |
| Purchase | 12/16/05 | 500 | $14.48 | $7,242 |
| Purchase | 12/16/05 | 2000 | $14.91 | $29,821 |
| Purchase | 12/19/05 | 2500 | $14.99 | $37,474 |
| Purchase | 12/20/05 | 2239 | $15.06 | $33,726 |
| Purchase | 12/27/05 | 6852 | $15.15 | $103,812 |
| Purchase | 01/24/06 | 6777 | $15.94 | $108,032 |
| Purchase | 01/30/06 | 9000 | $16.60 | $149,392 |
| Purchase | 05/05/06 | 8363 | $18.04 | $150,868 |

247. Lead Plaintiff purchased 6,777 shares on January 24, 2006, the same day Smith sold 10,000 shares. Lead Plaintiff purchased 4,400 shares on December 16, 2005, within eight days from when Garn sold 15,000 shares. Lead Plaintiff also purchased 27,668 shares within three days of Brooks' sale of 2,500 shares on November 25, 2005.

248. By virtue of the conduct alleged above, defendants Smith, Brooks, Doyle, Garn, and Murdock have violated §20A of the Exchange Act and are liable to the Class for the substantial damages that they suffered.

**WHEREFORE**, Lead Plaintiff, on its own behalf and on behalf of the other members of the Class, demands judgment against the defendants as follows:

A.    Determining that this action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Certifying Lead Plaintiff as the Class representative and its counsel as Class Counsel;

C.    Declaring and determining that defendants violated the federal securities laws by reason of their conduct as alleged herein;

D.    Awarding monetary damages against all defendants, jointly and severally, in favor of Lead Plaintiff and the other members of the Class for all losses and damages suffered as a result of the acts and transactions complained of herein, together with prejudgment interest from the date of the wrongs to the date of the judgment herein;

E.    Awarding Lead Plaintiff the costs, expenses, and disbursements incurred in this action, including reasonable attorneys' and experts' fees; and

F.    Awarding Lead Plaintiff and the other members of the Class such other and further relief as the Court may deem just and proper in light of all the circumstances of this case.