SUSAN S. MUCK (CSB NO. 126930)
DEAN S. KRISTY (CSB NO. 157646)
CHRISTOPHER J. STESKAL (CSB NO. 212297)
CATHERINE D. KEVANE (CSB NO. 215501)
EMILY ST. JOHN COHEN (CSB NO. 239674)
CHRISTINE VOGELEI (CSB NO. 239843)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350
smuck@fenwick.com
dkristy@fenwick.com
csteskal@fenwick.com
ckevane@fenwick.com
ecohen@fenwick.com
cvogelei@fenwick.com

Attorneys for Defendants Connetics Corp.,
John L. Higgins, Lincoln Krochmal,
C. Gregory Vontz, and Thomas G. Wiggans

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CONNETICS CORP. SECURITIES LITIGATION | Case No.  C 07-02940 SI<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT BY DEFENDANTS CONNETICS CORP., JOHN L. HIGGINS, LINCOLN KROCHMAL, C. GREGORY VONTZ, AND THOMAS G. WIGGANS**<br><br>Date:     August 15, 2008<br>Time:     9:00 a.m.<br>Dept:     Courtroom 10<br>Judge:    Honorable Susan Illston |

DEFS' REPLY ISO MOTION TO STRIKE                                                                                        CASE NO. C 07-02940 SI

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. PLAINTIFF'S OPPOSITION DOES NOT IDENTIFY ANY SUPPORT FOR THE ALLEGATIONS COPIED FROM THE SEC COMPLAINT ................................... 4

    A. Plaintiff Has Not Alleged An Adequate Basis To Support Its Allegations Regarding The Tg.AC Study (Paragraph 92) ............................................................ 4

    B. Plaintiff Has Not Alleged An Adequate Basis To Support Its Allegations Regarding The Expert Panel (Paragraph 94) ............................................................ 5

    C. Plaintiff Has Not Alleged An Adequate Basis To Support Its Allegations Regarding The April 13, 2005 Conference Call With ECAC (Paragraph 108) ....................................................................................................... 8

III. PLAINTIFF SEEKS TO EVADE THIS COURT'S PRIOR RULING ............................. 9

IV. CONCLUSION ................................................................................................................. 13

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Berke v. Presstek, Inc.*,
  188 F.R.D. 179 (D.N.H. 1998) .................................................................................................. 13

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) .................................................................................................... 1

*De La Fuente v. DCI Telecomms., Inc.*,
  259 F. Supp. 2d 250 (S.D.N.Y. 2003) ................................................................................ 12, 13

*Garr v. U.S. Healthcare, Inc.*,
  22 F.3d 1274 (3d Cir. 1994) ................................................................................................. 4, 11

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir. 2005) .................................................................................................... 10

*In re Caere Corp. Sec. Litig.*,
  837 F. Supp. 1054 (N.D. Cal. 1993) ....................................................................................... 2, 3

*In re DaimlerChrysler AG Sec. Litig.*,
  197 F. Supp. 2d 42 (D. Del. 2002) ............................................................................................ 11

*In re Enron Corp. Sec. Litig.*,
  2005 WL 3504860 (S.D. Tex. Dec. 22, 2005) .......................................................................... 11

*In re IPO Sec. Litig.*,
  241 F. Supp. 2d 281 (S.D.N.Y. 2003) ........................................................................................ 2

*In re Salomon Analyst Winstar Litig.*,
  2006 WL 510526 (S.D.N.Y. Feb. 28, 2006) ............................................................................... 6

*In re Silicon Graphics Inc., Sec. Litig.*,
  183 F.3d 970 (9th Cir. 1999) ................................................................................................... 5, 6

*In re Vertex Pharms. Inc. Sec. Litig.*,
  357 F. Supp. 2d 343 (D. Mass. Feb. 18, 2005) ........................................................................... 5

*Lipton v. Pathogenesis Corp.*,
  284 F.3d 1027 (9th Cir. 2002) .................................................................................................... 5

*Morris v. Wachovia Secs., Inc.*,
  2007 WL 2126344 (E.D. Va. July 20, 2007) ............................................................................ 12

*Patterson v. Apple Computer, Inc.*,
  256 Fed. Appx. 165 (9th Cir. 2007) .......................................................................................... 10

*Pavelic & LeFlore v. Marvel Entm't Group*,
  493 U.S. 120 (1989) .................................................................................................................... 1

*Refac Int'l Ltd. v. Hitachi Ltd.*,
  1991 U.S Dist. LEXIS 20733 (C.D. Cal. Dec. 23, 1991) ......................................................... 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  127 S. Ct. 2499 (2007) ............................................................................................................ 3, 7

*Tripp v. Indymac Fin. Inc.*,
  2007 WL 4591930 (C.D. Cal. Nov. 29, 2007) ............................................................................ 6

*Unioil Inc. v. E.F. Hutton & Co.*,
  809 F.2d 548 (9th Cir. 1986) .................................................................................................... 12

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I.   INTRODUCTION

This Court previously ruled that plaintiff's complaint may not merely parrot the language of a complaint by another litigant, but must be based on, and adequately corroborated by, plaintiff's own factual investigation.[1] In striking those allegations that evidenced a failure to comply with that requirement, the Court noted that plaintiff has a "nondelegable responsibility" to "personally . . . validate the truth and legal reasonableness of the papers filed" and "to conduct a reasonable factual investigation." *Id*. at 10 (citing *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126 (1989) and *Christian v. Mattel, Inc*. 286 F.3d 1118, 1127 (9th Cir. 2002)). Because the Court found it insufficient for plaintiff to borrow wholesale from the SEC complaint as "*the only basis* for [certain] allegations," the offending allegations were stricken, and plaintiff was given an opportunity to "conduct[] an independent, reasonable investigation" to correct the identified pleading deficiencies. Order at 10-11 (emphasis in original).

Plaintiff's opposition does nothing to cure the fundamental deficiencies identified by this Court in its prior Order. Although plaintiff goes to great lengths to describe its supposed investigation in general terms, plaintiff does not – and cannot – identify a specific source other than the SEC complaint for the three paragraphs (92, 94, and 108) at issue here. Indeed, in two of the three (92 and 108), the Second Amended Complaint ("SAC") concedes the point, explicitly stating: "[a]ccording to the SEC . . . ." Plaintiff suggests that so-called confidential "witnesses" verify the specific allegations in paragraphs 92, 94, and 108, but a review of the SAC shows that to be incorrect. None of the "witnesses" supports the specific allegations contained in those three paragraphs. In fact, one such witness (CW6) actually contradicts the allegations contained in paragraph 108 regarding an alleged April 13, 2005 call with ECAC. The Court should once again strike these three paragraphs because the SEC complaint cannot serve as the only basis for the specific allegations contained in those paragraphs.

Instead of responding to defendants' motion to strike on its merits – which narrowly focuses on just three paragraphs in the SAC – plaintiff chooses to mischaracterize the motion, arguing that defendants' motion to strike is based solely upon plaintiff's failure to plead with

---

[1] Order Granting Defs.' Mot. to Dismiss and Defs.' Mot. to Strike, Jan. 19, 2008 ("Order") at 8-11.

-1-

DEFS' REPLY ISO MOTION TO STRIKE                                             CASE NO. C 07-02940 SI

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

particularity under the Reform Act. Opp. MTS at 15. Plaintiff is mistaken. Defendants moved to strike the three paragraphs because plaintiff failed to conduct its own "independent investigation into the facts alleged" and, instead, "merely parrot[ed] allegations by another litigant in a different lawsuit." MTS at 1. The Reform Act is *relevant* in assessing whether plaintiff's investigation was reasonable. MTS at 1-2. Indeed, although every plaintiff must conduct a reasonable inquiry prior to filing suit, plaintiff's obligation is particularly weighty here because plaintiff seeks to allege claims that meet the heightened pleading requirements of the Reform Act. *See In re Caere Corp. Sec. Litig.*, 837 F. Supp. 1054, 1060 (N.D. Cal. 1993) (heightened pleading requirement serves the policy goals of Federal Rule of Civil Procedure 11 and requires that attorneys affirmatively investigate the facts and law on which their allegations are based); *see also In re IPO Sec. Litig.*, 241 F. Supp. 2d 281, 326 (S.D.N.Y. 2003) (plaintiff must conduct a "substantial investigation" under Reform Act because plaintiff must plead high level of factual particularity to bring such a claim).

In any event, plaintiff is wrong when it argues that the three paragraphs at issue here are pleaded with the particularity required by the Reform Act. Rather, those paragraphs merely repeat the allegations of another litigant without alleging any of the necessary factual detail – the "who, what, where, when, and how" – of the alleged fraud. There is no dispute that the SEC is not bound by the Reform Act and did not plead with the level of particularity required by the Reform Act in the narrow insider trading case it filed against other parties in a New York court. Plaintiff should not now be permitted to boot strap its way past the heightened pleading requirements of the Reform Act by relying on those allegations – brought by another litigant, in another lawsuit, against different parties – that do not meet (or even attempt to meet) that standard. Thus, as defendants' motion makes plain, even if the Court does not strike the three paragraphs at issue, it should nonetheless grant defendants' separate motion to dismiss the SAC because plaintiff has not plead particularized facts raising the necessary cogent and compelling inference of scienter mandated by the Reform Act. MTS at 2-3.

Plaintiff's opposition also has no answer to the fact that the SEC, notwithstanding its allegedly sweeping powers and "thorough investigation" (Opp. MTS at 10), has filed no claims

-2-

DEFS' REPLY ISO MOTION TO STRIKE                                                    CASE NO. C 07-02940 SI

1  against Connetics or any of its officers.  Nothing in the SEC complaint suggests that these

2  defendants engaged in fraud, much less gives rise to the strong – *i.e.*, cogent and compelling –

3  inference of fraud required by *Tellabs*.  Indeed, plaintiff's position seems to be that a complaint in

4  another case, against other parties, should somehow be interpreted to implicate Connetics and the

5  moving defendants in intentional wrongdoing.  Plaintiff cites no authority for that unreasonable

6  proposition.  In fact, plaintiff's suggestion that the SEC's investigation "must have been"

7  thorough actually undermines its claims here, given that the SEC elected *not* to assert any claims

8  against the moving defendants.

9   Rather than providing the kind of corroborating investigative detail this Court found

10  wanting, plaintiff's opposition labors to evade this Court's prior ruling.  Notably, plaintiff's

11  opposition contains only passing references to the Court's prior ruling, preferring instead to

12  reargue legal points previously rejected by the Court.  To that end, plaintiff's opposition is still

13  premised on, and undermined by, a logical fallacy:  namely, that plaintiff's total reliance on the

14  SEC complaint is justified, not because of an independent investigation of the alleged underlying

15  facts, but because plaintiff finds *the SEC complaint itself* to be reliable.  However, as this Court

16  previously recognized, factual allegations are not independently corroborated under the Federal

17  Rules or established with the particularity required by the Reform Act by singular reliance on a

18  third-party's complaint, and that fact is not changed merely because plaintiff alleges that the

19  third-party complaint was justified.  If the law were otherwise, a plaintiff could simply copy

20  allegations from another complaint, recite the acts that some other litigant allegedly took prior to

21  filing the complaint, and then claim to have satisfied its obligations under the Federal Rules.

22  Clearly, that is not what the Court, the Reform Act, or the Federal Rules contemplate.  *See Caere*

23  *Corp.*, 837 F. Supp. at 1060 (finding it "impossible to construct a viable complaint without

24  having [conducted a reasonable investigation].").

25   The facts and law are clear. The three paragraphs at issue here – 92, 94, and 108 – should

26  once again be stricken or, at a minimum, those allegations should be deemed insufficient to plead

27  a fraud claim against the moving defendants because they fail to meet the heightened pleading

28  requirements of the Reform Act.

-3-

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## II. PLAINTIFF'S OPPOSITION DOES NOT IDENTIFY ANY SUPPORT FOR THE ALLEGATIONS COPIED FROM THE SEC COMPLAINT

### A. Plaintiff Has Not Alleged An Adequate Basis To Support Its Allegations Regarding The Tg.AC Study (Paragraph 92)

Plaintiff has no meaningful answer to the fact that the SEC's complaint is the ***only*** basis for its allegation in paragraph 92 that "89 out of 160 of the mice (approximately 56%) treated with Velac developed cancerous tumors." Rather, plaintiff admits to lifting the central allegation regarding the study results directly from the SEC complaint and, even then, jumps to conclusions not supported by reliance on that complaint. For example, nowhere does the SEC allege that tumors in the study were "cancerous" as plaintiff suggests in the SAC. Plaintiff simply abandons this mischaracterization in its opposition. Similarly, the SEC states that the Tg.AC test was conducted "in varying formulations and dosages" – a significant qualification that plaintiff conveniently overlooks in the SAC and, despite defendants' express challenge, does not address in its opposition. This factual disconnect further supports the conclusion that plaintiff's inquiry was unreasonable. *See Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1281 (3d Cir. 1994) (finding an inquiry unreasonable where document relied upon did not make the claimed factual contention).

Although paragraph 92 expressly admits that plaintiff's allegation regarding the Tg.AC study is based on the SEC's complaint, plaintiff nonetheless argues that the allegation is "corroborated by a former employee (¶ 43(d))" and by the Company's later announcement of a "'positive carcinogenicity signal' in a mouse test (¶ 57)." Opp. MTS at 16. However, ***nothing*** in the SAC – not an alleged confidential "source," not a public disclosure, not any other source of information allegedly developed by plaintiff – purports to provide a basis for the allegation that "89 out of 160 of the mice (approximately 56%) treated with Velac developed cancerous tumors." That allegation is simply parroted – albeit inaccurately – from the SEC complaint. In addition, this Court found the same allegation regarding the Tg.AC study deficient in plaintiff's prior complaint, even though plaintiff offered ***the very same factual support***. *See* AC at ¶ 8 ("positive" response in Tg.AC model), ¶¶ 53-55 (statements of confidential "sources" regarding the Tg.AC study).

-4-

DEFS' REPLY ISO MOTION TO STRIKE                                    CASE NO. C 07-02940 SI

1  Even if the Court does not strike plaintiff's allegation regarding the Tg.AC study, plaintiff makes no effort to show how the allegation meets the pleading requirements of the Reform Act. Despite defendants' call to do so, plaintiff alleges **none** of the relevant factual detail – the **concentration levels** used, the **dosages** applied, and the **length of exposure** – necessary to draw any inferences about the significance of the Tg.AC study results or the number of mice that allegedly tested positive.[2]  Plaintiff also has no answer for the clear Ninth Circuit authority rejecting claims that are virtually identical to plaintiff's claim.  As shown in defendants' moving papers, the Ninth Circuit has repeatedly held that to assert a claim under the Reform Act based on the contents of an internal report or study, plaintiff must plead corroborating details from the study in "great detail," including specific facts that would allow a reasonable inference regarding the significance of the study results.  MTS at 6.  Plaintiff does not do that.  In fact, plaintiff never addresses – or even cites – the controlling Ninth Circuit authority, much less explains how a one-sentence allegation regarding the contents of the Tg.AC study meets the standard set by the Ninth Circuit.  *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1036 (9th Cir. 2002) (dismissing claim based on internal report where plaintiff did not "plead, in any detail, the contents of . . . such report or the purported data"); *In re Silicon Graphics Inc., Sec. Litig.*, 183 F.3d 970, 985 (9th Cir. 1999) ("[Plaintiff] would have us speculate as to basis for the allegations about the reports, the severity of the problems, and the knowledge of the officers.  We decline to do so.").

### B. Plaintiff Has Not Alleged An Adequate Basis To Support Its Allegations Regarding The Expert Panel (Paragraph 94)

Plaintiff does not contest that the SEC complaint is the **only** basis for its allegation that the "Company's panel of expert toxicologists informed Connetics that the panel did not know of any drug that exhibited a 'positive dermal' similar to Velac that ever had been approved by the FDA." *Compare* SAC ¶ 94 *with* SEC Complaint ¶ 18.  Although plaintiff purports to have spoken to an

---

[2]  For example, there is no way to determine from plaintiff's allegations whether the "formulation and dosage" of Velac that was submitted for FDA approval is the same "formulation and dosage" that allegedly resulted in "89 out of 160" mice developing tumors.  Many drugs are either cancerous or toxic depending on formulation, dosage, and length of exposure.  *See In re Vertex Pharms. Inc. Sec. Litig.*, 357 F. Supp. 2d 343, 352 (D. Mass. Feb. 18, 2005).

-5-

DEFS' REPLY ISO MOTION TO STRIKE                                              CASE NO. C 07-02940 SI

1  unidentified member of the panel, plaintiff does not contend that its alleged confidential "source"
2  corroborates or otherwise supports the allegation regarding the alleged statement by the expert
3  panel. SAC ¶ 43(e). Plaintiff's so-called "investigation" has done nothing more than establish
4  that Connetics consulted a panel of experts regarding the Tg.AC study results, which is (once
5  again) the ***very same factual support*** that this Court held was insufficient in the last complaint.
6  *See* AC ¶ 75 (allegation regarding Connetics consulting expert panel). The Court should again
7  strike paragraph 94 because the SEC complaint is "*the only basis*" for the allegation regarding the
8  alleged statement by the "panel" to "Connetics." Order at 10 (emphasis in original); *see also In*
9  *re Salomon Analyst Winstar Litig.*, 2006 WL 510526, at *8 (S.D.N.Y. Feb. 28, 2006) (plaintiff
10 does not satisfy its Reform Act obligation to plead particularized facts giving rise to a strong
11 inference of scienter as to each defendant by merely repeating the unproven allegations of a third
12 party).
13      In any event, even if not stricken, paragraph 94 cannot support a cogent and compelling
14 inference of scienter because it lacks the factual particularity required by the Reform Act.
15 Plaintiff's opposition does nothing to provide the missing factual particularity, arguing instead
16 that the "the panel collectively told the Company . . . ." Opp. MTS at 17. However, the law is
17 clear that a plaintiff cannot plead a fraud claim under the Reform Act merely by alleging that the
18 "panel" told the "Company." Rather, plaintiff must identify, at a minimum, who at Connetics
19 was aware of the alleged view, who on the expert panel formulated such a view, what the basis
20 was for the view, why the view was reliable or justified, and how the view was communicated.
21 Plaintiff has not – and cannot – meet the Reform Act's heightened pleading requirements. *See*
22 *Silicon Graphics*, 183 F.3d at 985 (holding that "[i]n the absence of such specifics, we cannot
23 ascertain whether there is any basis for the allegations that the officers had actual or constructive
24 knowledge of [the alleged] problems that would cause their optimistic representations to the
25 contrary to be consciously misleading"); *Tripp v. Indymac Fin. Inc.*, 2007 WL 4591930, at *3
26 (C.D. Cal. Nov. 29, 2007) (dismissing claim where plaintiffs "failed to allege that the individual
27 Defendants shared these beliefs and opinions or even that they were aware of them and found
28 them to be reliable and justified.").

-6-

DEFS' REPLY ISO MOTION TO STRIKE                                    CASE NO. C 07-02940 SI

1    Instead of alleging the factual particularity necessary to state a claim under the Reform
2    Act, plaintiff takes issue with this Court's holding that irrespective of any concerns expressed by
3    the expert panel, defendants could remain optimistic about Velac's prospects because, among
4    other reasons, "defendants were aware of another drug that had been approved by the FDA
5    despite a positive transgenic test." Order at 14. For example, plaintiff argues that "[d]efendants
6    have proffered no evidence indicating that any of the other acne medications that tested positive
7    in a Tg.AC test were later approved by the FDA without conducting further testing proving the
8    drug was not a carcinogen." Opp. MTS at 18. In fact, defendants have demonstrated that the
9    FDA approved acne drugs that tested positive in Tg.AC studies subject only to ***post-approval***
10   carcinogenicity testing. Def. Mem. at 8-9. In any event, the Reform Act and *Tellabs* place the
11   burden on plaintiff – not defendants – to plead facts establishing that the Tg.AC study results
12   were an insurmountable barrier to FDA approval. Despite defendants' express challenge to do so,
13   plaintiff has not identified ***a single drug*** that was rejected by the FDA merely because of a
14   positive response in the Tg.AC model, much less pleaded that such a drug was brought to
15   defendants' attention. Plaintiff cannot avoid the irrefutable logic that defendants could remain
16   optimistic about Velac's prospects because the FDA had approved other drugs that tested positive
17   in animal carcinogenicity tests.[3]

18   Finally, even taking paragraph 94's allegation regarding the alleged statement by the
19   "panel" to the "the Company" at face value, that allegation does not establish that the panel told
20   defendants that Velac would not be approved or that Velac required additional testing. To the
21   contrary, the allegation only establishes that, *at the time the statement was made*, the panel could
22   not recall any acne drugs with a positive response in the Tg.AC model that had been approved by

---

[3] Plaintiff also has no response to the fact that the expert panel told defendants that "the transgenic mouse model is known to have limitations, and the experts concluded that the positive response was the result of a limitation of the model." SAC ¶ 117. Plaintiff does not allege any facts – much less *particular* facts – demonstrating that those statements were false or that defendants did not actually believe the test results were a false positive. Rather, plaintiff simply ignores the issue. As *Tellabs* holds, a court must consider inferences *favorable to defendants* when determining whether a plaintiff has met its burden to plead a cogent and compelling inference of scienter under the Reform Act. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2510 (2007). The undisputed inference here is that defendants believed the Tg.AC test results were a false positive.

-7-

DEFS' REPLY ISO MOTION TO STRIKE                                         CASE NO. C 07-02940 SI

1  the FDA. Yet, the facts are clear that the FDA has approved such drugs and that defendants

2  became aware of them. Likewise, the allegation does not imply that the panel was actually aware

3  of drugs similar to Velac that had been rejected by the FDA, but rather that, *at the time the*

4  *statement was made*, the panel was unaware of any such drugs that were submitted to the FDA for

5  review. In fact, as with the allegations regarding the Tg.AC study results, plaintiff takes liberties

6  with the SEC's allegation by inserting the word "ever" into the panel's alleged statement,

7  apparently in an effort to suggest that the panel believed that Velac would not be approved.

8  *Compare* SEC Complaint ¶ 18 *with* SAC ¶ 94. The SEC complaint does not support that

9  conclusion.[4]

### C. Plaintiff Has Not Alleged An Adequate Basis To Support Its Allegations Regarding The April 13, 2005 Conference Call With ECAC (Paragraph 108)

12  Plaintiff does not contest that its allegation regarding the contents of an April 13, 2005

13  telephone call with ECAC – namely, that "ECAC told Connetics" that the Tg.AC test results were

14  a "serious issue" – is based solely on the SEC complaint. It is also beyond dispute that plaintiff's

15  purported "investigation" actually contradicts that allegation. Indeed, CW6 *denies* that "ECAC

16  told Connetics" that the Tg.AC test results were a "serious issue." Plaintiff's only retort is to

17  argue that "CW6 did not remember the exact words that the FDA used" during the telephone call.

18  Opp. MTS at 19. However, CW6 does not state that his/her memory was unclear. SAC ¶ 43(f).

19  And, in any event, plaintiff's argument does not change the fact that plaintiff's allegation

---

[4] Plaintiff's argument that Velac's Tg.AC test results were different from other FDA approved drugs has no factual support in either the SAC or SEC Complaint. *First*, neither complaint contains any factual allegation supporting plaintiff's argument that the "vehicle in Velac caused tumors in 56% of mice treated." Opp. MTS at 18. Rather, as shown, the allegation regarding the number of mice who tested positive (56%) relates to "Velac" (not its "vehicle") and is otherwise devoid of any meaningful factual detail – including the formulation, dosage, concentration, and duration of exposure. *Second*, plaintiff alleges no facts indicating that the defendants were told or otherwise believed that Velac's alleged "level of tumor promotion" was significant or otherwise distinguished Velac from other FDA approved drugs that had tested positive in animal carcinogenicity tests. *Third*, nothing in the SAC establishes that CW5 or anyone else expressed an opinion to defendants about the need for additional testing. Moreover, plaintiff alleges no facts indicating when CW5 formed his/her hypothetical opinion regarding any such testing. SAC ¶ 43(e). Indeed, as far as defendants know, and based on the facts alleged by plaintiff, Velac is the only drug *ever rejected* by the FDA because of a positive Tg.AC study response. As such, the facts indicate that CW5's alleged hypothetical opinion was formed with the benefit of hindsight, which of course renders it completely meaningless here and for purposes of the Reform Act.

-8-

DEFS' REPLY ISO MOTION TO STRIKE                                          CASE NO. C 07-02940 SI

1 regarding ECAC's alleged statement is based *solely* on the allegation of another litigant in
2 another case that is refuted by plaintiff's own confidential "witness." As before, this Court
3 should strike the allegation in paragraph 108 regarding the contents of the call with ECAC
4 because it is based solely on the SEC's complaint.

Even if not stricken, paragraph 108 does not support a cogent and compelling inference of scienter. As shown, plaintiff cannot plead a claim under the Reform Act based on the generalized allegation that "ECAC told [something to] Connetics . . . ." Rather, plaintiff must plead, among other things, who at Connetics allegedly heard ECAC's alleged statement. *See supra* at pp. 6-7. Plaintiff's opposition does nothing to provide the missing facts. In fact, CW6 destroys the required inference of scienter because he/she does not identify any of the defendants as being present during the alleged ECAC call or otherwise privy to ECAC's alleged statement that the test results were a "serious issue." Plaintiff has not – and cannot – cure its legally deficient allegations. Moreover, putting aside plaintiff's failure to identify any defendant as privy to such a statement, plaintiff does not allege – nor could it – that ECAC said anything about the approvability of Velac during the April 13, 2005 call. Plaintiff simply has no answer for the fact that nobody – not the FDA, not ECAC, not an alleged confidential "source" – ever told defendants that Velac would not be approved or even that it required additional testing.[5]

## III. PLAINTIFF SEEKS TO EVADE THIS COURT'S PRIOR RULING

Plaintiff's opposition is remarkable in one respect: it barely mentions this Court's prior ruling. This Court was clear and direct when it held that plaintiff may not plead factual allegations on the basis of an "SEC complaint with no additional investigation." Order at 10. Instead of amending and properly supporting its factual allegations in response, plaintiff attempts to avoid the holding by arguing that only allegations *first* shown to be "factually baseless" are

---

[5] Recognizing that it cannot plead facts creating the necessary cogent and compelling inference of scienter, plaintiff blatantly mischaracterizes the allegations that it does make. For example, plaintiff argues that "the FDA told Connetics that the positive dermal in the Mouse Study was a serious impediment to the approval of Velac." Opp. MTS at 18. The SAC alleges no such thing. In fact, ECAC is only one of several FDA advisory committees, and by regulation, its views are "***not to be interpreted by the sponsor as a measure of approvability***." Ex. 27 (FDA Manual § 7412.2) (emphasis added).

-9-

DEFS' REPLY ISO MOTION TO STRIKE                              CASE NO. C 07-02940 SI

susceptible to a motion to strike under the Federal Rules. Opp. MTS at 2-4. As this Court already recognized, that is not the law. Rather, plaintiff has a non-delegable duty to "conduct a reasonable factual investigation" and cannot simply base a factual allegation "on the analysis of attorneys in *different actions*." Order at 10 (emphasis in original).

Putting aside the fact that the Court did not invite plaintiff to reargue the point, neither of the cases plaintiff cites stands for the proposition that a court cannot strike a factual allegation because of plaintiff's failure to conduct a reasonable inquiry. Rather, the decisions plaintiff relies on grapple with whether the imposition of sanctions *against individuals* was appropriate where a suit was found to have been brought frivolously (*i.e.*, was either legally or factually baseless and could not have been the result of any reasonable inquiry). *See Holgate v. Baldwin*, 425 F.3d 671, 676-77 (9th Cir. 2005) (sanctioning attorney for bringing frivolous complaint where there was no legal merit to the claim and any reasonable inquiry would have revealed the complaint was ill-founded); *Patterson v. Apple Computer, Inc.*, 256 Fed. Appx. 165, 168 (9th Cir. 2007) (sanctions appropriate where facts alleged were directly contradicted by plaintiff and any objectively reasonable inquiry by counsel would have precluded suit on that basis).

No such similar contention is leveled here. Rather, the basis for the motion to strike by the moving defendants remains plaintiff's continuing inability to demonstrate that plaintiff can support specific factual allegations by reference to its own investigation, with particularity, and without wholly relying on allegations lifted from an SEC complaint, much less a complaint that does not name the moving defendants. It is on that very basis that the Court previously struck the allegations as deficient, and it is on that same basis that the Court should do so once again. Order at 9 (Federal Rules permit the Court to strike unsupported matters "upon a motion made by a party or 'upon the court's own initiative.'").

Plaintiff's other legal arguments are meritless and do not support the proposition that plaintiff can base its factual allegations solely on the separate allegations of another litigant in a different lawsuit. *First*, plaintiff points to two district court decisions (*Enron* and *DaimlerChrysler*) suggesting that it may be proper, in certain circumstances, for plaintiff to plead

-10-

in reliance on the investigative efforts of another.[6]  Yet, plaintiff misreads each of those decisions.  In *Enron*, a court found it acceptable to plead, in part, on a bankruptcy examiner's *findings*, stressing that the reports were by "*independent* examiners, [who are] required by statute to be *disinterested*." 2005 WL 3504860, at *6 n.11 (emphasis added).  The *Enron* court did not hold that a plaintiff could base its factual allegations solely on the allegations of another plaintiff in a different lawsuit.  As shown, this Court properly rejected that proposition.  Indeed, there is a significant difference between a finding and an allegation in a complaint: the former is proven, the latter is not.[7]  Similarly, unlike this Court's prior ruling, the *DaimlerChrysler* decision did not deal with the sufficiency of an attorney's investigation under the Federal Rules.  *See* 197 F. Supp. 2d at 80-81 n.19 (noting "the issue [raised by defendants] is not Rule 11's reasonable inquiry requirement" and that, although "the requirements of Rule 11 and the PSLRA may be related . . . they are not interchangeable.").  Nor did the case deal with the propriety of reliance, even for pleading purposes, on a *complaint* (which, by its very nature, is an advocacy piece).  Rather, *DaimlerChrysler* allowed that plaintiff could rely *in part* on news articles and periodicals for pleading purposes, and distinguished that holding from precedent expressly considering *reasonable inquiry* under the Federal Rules and finding that reliance on such sources *failed to satisfy* the duty of independent corroboration.[8]  *Id*. at 79-80 (distinguishing *Garr,* 22 F.3d at 1280-81).  Thus, contrary to plaintiff's assertion, *DaimlerChrysler* and *Enron* do nothing to alter this Court's prior holding and, in fact, more readily support defendants' motion to strike.

---

[6] Opp. MTS at 3, 10 (citing *In re Enron Corp. Sec. Litig.*, 2005 WL 3504860 (S.D. Tex. Dec. 22, 2005) and *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 42, 80-81 (D. Del. 2002)).

[7] The *Enron* court also did not address whether the plaintiff's reliance on the findings of a bankruptcy examiner would satisfy the plaintiff's affirmative obligation to independently corroborate allegations under the Federal Rules.  As such, its holding does not address the issue that was previously addressed and ruled on by this Court.

[8] Moreover, *DaimlerChrysler* still hinged on the need for independent corroboration.  197 F. Supp. 2d at 80 (holding that the pleading was satisfactory "more importantly" because plaintiffs "*do not rely solely on newspaper articles without having conducted an independent investigation*.") (emphasis added).  The *DaimlerChrysler* court also expressly disavowed reliance on the reported *opinions* of others where plaintiff could not "provide any [additional] factual allegations" validating the opinion.  *Id*.  It is this latter scenario which is most akin to plaintiff's position here:  an attempt to build allegations upon uncorroborated third party allegations and the baseless views of witnesses like CW6 without providing independent factual support for the allegations, the views, or the conclusions plaintiff attempts to draw from them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Second*, not one case cited by plaintiff stands for the proposition that it is reasonable to base allegations solely on the investigation of unrelated attorneys, as plaintiffs seeks to do here. For example, plaintiff cites *Morris v. Wachovia Secs., Inc.* to suggest that one "may [properly] rely on other attorneys for factual assertions," but that case dealt with the issue of whether an attorney may rely, in part, on the work of attorneys *one directly supervises*. 2007 WL 2126344, at *9-10 (E.D. Va. July 20, 2007). Nowhere does the case contemplate *complete* reliance on the work of *wholly unrelated* counsel. Plaintiff's other authority is similarly inapt. *See* Opp. MTS at 4 (citing *Unioil Inc. v. E.F. Hutton & Co.*, 809 F.2d 548 (9th Cir. 1986) and *Refac Int'l Ltd. v. Hitachi Ltd.*, 1991 U.S Dist. LEXIS 20733, at *3 (C.D. Cal. Dec. 23, 1991)). *Unioil* held only that, in certain circumstances, reliance on *co-counsel* may be appropriate, but even then, only where the relying attorney has also "acquire[d] knowledge of facts sufficient to enable him to certify that the paper is well-grounded in fact" as part of the non-delegable duty of inquiry. 809 F.2d. at 558. *Refac Int'l* is similarly distinguishable. That case provides only that reliance by counsel on the representations *of a client* (a renowned patent expert) *and the client's experienced East-coast counsel* in that field was reasonable at the time of the pleading. 1991 U.S. Dist. LEXIS at *3. Accordingly, plaintiff provides no support for the suggestion that reliance on a complaint or investigation by others is appropriate merely because it represents the work of an attorney.

*Third*, plaintiff's contention that the need for independent investigation is disposed of where the complaint at issue is an *SEC* complaint is similarly misguided. Opp. MTS at 11-12. Aside from the fact that this argument was previously rejected by the Court and implicitly acknowledges an inability to satisfy the Court's request for independent corroboration, plaintiff block cites the central authority for the proposition – *De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003) – in a manner that misrepresents the holding. *De La Fuente* does not suggest that allegations largely based on and bearing a "striking similarity" to an SEC complaint satisfy the duty of reasonable inquiry so as to make it "unnecessary [for the court] . . . to make findings on the adequacy of the independent verification efforts" of plaintiff's counsel, as plaintiff asserts. Opp. MTS at 12 (quoting *De La Fuente*, 259 F. Supp. 2d at 260). To

-12-

the contrary, as plaintiff concedes (albeit in a footnote), the *De La Fuente* plaintiff documented that "every allegation in the complaint was verified by plaintiff's counsel through independent investigation." Opp. MTS at 12 n.3. What plaintiff fails to acknowledge is the next point: that the *De La Fuente* Court found it unnecessary to make findings as to the *adequacy* of plaintiffs' independent corroborative investigation for purposes of the Federal Rules because "[the court] dispose[d] of the motion as to those claims on *other grounds*." 259 F. Supp. 2d at 260 (emphasis added). As such, it was unnecessary to determine whether plaintiff had satisfied its duty of independent corroboration – not because the allegations relying on the SEC complaint were sufficient in and of themselves (as plaintiff suggests) – but because the allegations at issue were time barred and the question moot. Accordingly, properly read, *De La Fuente* is consistent with this Court's prior holding that a plaintiff cannot base a factual allegation solely on an allegation lifted from an SEC complaint. Order at 10.[9]

## IV.    CONCLUSION

This Court made clear that reliance on an SEC complaint alone does not satisfy plaintiff's affirmative duty to investigate and corroborate its factual allegations. That burden is especially heavy here because plaintiff faces the heightened pleading requirements of the Reform Act. Yet once again, plaintiff fails to demonstrate that it can rely on anything but the SEC complaint as the basis for the factual allegations in paragraphs 92, 94 and 108 in the SAC. Having failed to provide the requested and required support, the Court should once again strike paragraphs 92, 94, and 108 and any other paragraphs of the SAC that suffer from the same infirmity. Alternatively, the Court should find that plaintiff's offering falls far short of the particularized pleading required

---

[9] Indeed, no court has cited *De La Fuente* for the proposition that independent inquiry is not required where allegations are based on an SEC complaint. Plaintiff's only other authority, *Berke v. Presstek, Inc.*, involved the propriety of striking allegations based on facts set out in the *findings* of an SEC consent decree (not a complaint). 188 F.R.D. 179, 180 (D.N.H. 1998). Notably, the consent decree that ultimately resolved the SEC complaint at issue here made no findings relevant to this case and further undercuts the notion that it is reasonable for plaintiff to continue to rely on the SEC complaint. *See* SEC Release No. 20601, 2008 WL 2186431 (May 27, 2008). Plaintiff cannot have it both ways: suggesting that settlement with the SEC makes reliance on the SEC complaint proper (Opp. MTS at 6), yet neglecting to note that the resulting consent decree proceeded *on a different basis* and made no findings whatsoever concerning the disclosure allegations plaintiff attempts to reassert here.

-13-

DEFS' REPLY ISO MOTION TO STRIKE                                         CASE NO. C 07-02940 SI

by the Reform Act. Plaintiff cannot meet its pleading burden by copying allegations from a different civil complaint, brought against others, that does not meet – or even attempt to meet – the Reform Act's stringent requirements.

Dated: July 18, 2008

Respectfully submitted,

FENWICK & WEST LLP

By: /s/ Christopher J. Steskal
Christopher J. Steskal

Attorneys for Defendants Connetics Corp., John L. Higgins, Lincoln Krochmal, C. Gregory Vontz, and Thomas G. Wiggans

25251/00402/SF/5234893.9

-14-

DEFS' REPLY ISO MOTION TO STRIKE          CASE NO. C 07-02940 SI