BERNSTEIN LITOWITZ BERGER
  &amp; GROSSMANN LLP
DAVID R. STICKNEY  (Bar No. 188574)
NIKI L. MENDOZA (Bar No. 214646)
MATTHEW P. SIBEN   (Bar No. 223279)
TAKEO A. KELLAR  (Bar No. 234470)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
nikim@blbglaw.com
matthews@blbglaw.com
takeok@blbglaw.com
      -and-
CHAD JOHNSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444
chad@blbglaw.com

Attorneys for Lead Plaintiff Teachers'
Retirement System of Oklahoma and Lead
Counsel to the Class

SUSAN S. MUCK (CSB NO. 126930)
CATHERINE KEVANE (CSB NO. 215501)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350
smuck@fenwick.com
ckevane@fenwick.com

Attorneys for Defendants
Connetics Corp., John L. Higgins, Lincoln
Krochmal, C. Gregory Vontz, and Thomas G.
Wiggans

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CONNETICS CORP.<br>SECURITIES LITIGATION | Case No. C 07-02940 SI<br><br>STIPULATED PROTECTIVE ORDER |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

This Stipulated Protective Order is meant to govern the use of, and protect from public disclosure, any non-public and confidential or proprietary information used or disclosed in this litigation.

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and ask this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  DEFINITIONS

2.1  Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their respective support staff).

2.2  Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "CONFIDENTIAL" Information or Items: Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under applicable Fed. R. Civ. P. 26(c) standards.

2.4  Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.5     Producing Party:  A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" pursuant to the terms of this Order.

2.8     Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, along with their associated support staff.

2.9     In-House Counsel:  Attorneys who are employees of a Party, along with their associated support staff.

2.10     Counsel (without qualifier):  Outside Counsel and In-House Counsel (and their associated support staffs).

2.11     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes professional jury or trial consultants retained in connection with this litigation.

2.12     Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify such that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): The Producing Party shall affix the legend "CONFIDENTIAL" prominently on each document that contains Protected Material.

A Party or non-party that makes original documents or materials available

FENWICK & WEST LLP
ATTORNEYS   AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

for inspection need not designate them for protection until after the inspecting Party has indicated

which material it would like copied and produced.  During the inspection and before the

designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

produced, the Producing Party must determine which documents qualify for protection under this

Order, then, before producing the specified documents, the Producing Party must affix the legend

"CONFIDENTIAL" prominently on each document that contains Protected Material.

(b)     For testimony given in deposition or in other pretrial or trial

proceedings:  The Party or non-party offering or sponsoring the testimony shall identify on the

record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

When it is impractical to identify separately each portion of testimony that is entitled to protection

or when it appears that substantial portions of the testimony may qualify for protection, the Party

or non-party that sponsors, offers, or gives the testimony may designate the entire transcript and

testimony for protection under the provisions of this Order.

Transcript pages containing Protected Material must be separately bound

by the Court reporter, who must affix prominently on each such page the legend

"CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or

presenting the testimony.

(c)     For information produced in some form other than documentary,

and for any other tangible items:  The Producing Party shall affix in a prominent place on the

exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL."  If only portions of the information or item warrant protection, the

Producing Party, to the extent practicable, shall identify the protected portions.  The Receiving

Party shall mark prominently any documents it prints or information it derives from such

designated information "CONFIDENTIAL" and treat them as such, in accordance with the

provisions of this Order.

5.3     Documents Previously Provided to the SEC.  Plaintiff has requested that

Defendants produce documents previously provided to the Securities and Exchange Commission

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

("SEC") in connection with its investigation of the Company concerning many of the matters referenced in the Second Amended Complaint ("SEC DOCUMENTS"). The SEC DOCUMENTS were produced to the SEC subject to a broad confidentiality designation and requiring Defendants to undertake a re-review of such designations would be time-consuming and expensive. In order to expedite production of the SEC DOCUMENTS, Plaintiff and Defendants have agreed that all SEC DOCUMENTS produced to Plaintiff shall be designated as "CONFIDENTIAL" and, solely with respect to SEC DOCUMENTS, Section 5.1 shall not apply. Any such designation of the SEC DOCUMENTS as "CONFIDENTIAL" shall be deemed to be have been done in good faith in order to facilitate discovery and shall not expose the Designating Party to any sanctions. Plaintiff may challenge the confidentially designations of SEC Documents as set forth in Section 6 below, provided, however, that Plaintiff may not make any such challenge prior to the mediation session in February 2009.

5.4     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is promptly and appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not

5

STIPULATED PROTECTIVE ORDER                                    CASE NO. C 07-02940 SI

sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g)    the author of the document or the original source of the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

STIPULATED PROTECTIVE ORDER                                      CASE NO. C 07-02940 SI

FENWICK & WEST LLP
ATTORNEYS  AT LAW
SAN FRANCISCO

1   "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by fax

2   or email, if possible) immediately and in no event more than three court days after receiving the

3   subpoena or order.  Such notification must include a copy of the subpoena or court order.

4           The Receiving Party also must immediately inform in writing the party who

5   caused the subpoena or order to issue in the other litigation that some or all the material covered

6   by the subpoena or order is subject to the terms of this Order.  In addition, the Receiving Party

7   must deliver a copy of this Order promptly to the party in the other action that caused the

8   subpoena or order to issue.

9           The purpose of imposing these duties is to alert the interested parties to the

10  existence of this Order and to afford the Designating Party in this case an opportunity to try to

11  protect its confidentiality interests in the court from which the subpoena or order issued.  The

12  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

13  confidential material, and nothing in these provisions should be construed as authorizing or

14  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15          9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17  Protected Material to any person or in any circumstance not authorized under this Order, the

18  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

19  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

20  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

21  (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

22  Bound" that is attached hereto as Exhibit A.

23          10.     FILING PROTECTED MATERIAL

24          Without written permission from the Designating Party or a Court order secured

25  after appropriate notice to all interested persons, a Party may not file in the public record in this

26  action any Protected Material.  A Party that seeks to file under seal any Protected Material must

27  comply with Civil Local Rule 79-5.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even materials containing Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered this Order.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER                                CASE NO. C 07-02940 SI

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated: November 4, 2008          Respectfully submitted,

3                                 BERNSTEIN LITOWITZ BERGER
                                      & GROSSMANN LLP

4

5                                       /s/
                                  DAVID STICKNEY

6                                  12481 High Bluff Drive, Suite 300
                                  San Diego, CA 92130

7                                  Tel:   (858) 793-0070
                                  Fax:   (858) 793-0323

8

9                                  Attorneys for Lead Plaintiff Teachers'
                                  Retirement

10                                System of Oklahoma and Lead Counsel to
                                the Class

11

12   Dated: November 4, 2008

13                                  /s/
                                  SUSAN S. MUCK

14                                  FENWICK & WEST LLP
                                555 California Street, 12th Floor

15                                San Francisco, CA 941014
                              Tel:   (415) 875- 2300

16                                Fax:   (415) 281-1350

17                                Attorneys for Defendants Connetics Corp.,
                              John L. Higgins, Lincoln Krochmal, C.

18                                Gregory Vontz, and Thomas G. Wiggans

19   Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest

20   under penalty of perjury that concurrence in the filing of the document has been obtained from

21   David Stickney.

22

23

24   PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

25

26   Dated: _____   _____

27                                  The Honorable Susan Illston
                                United States District Court Judge

28

*FENWICK & WEST LLP*
*ATTORNEYS AT LAW*
*SAN FRANCISCO*

10

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of *In re Connetics Corp. Securities Litigation*,

Case No. CV 07-02940 SI.   I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Dated: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO