IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 07-02940 SI

In re CONNETICS CORPORATION
SECURITIES LITIGATION

**ORDER GRANTING DEFENDANTS'
DISCOVERY REQUEST [Docket No. 170]**

_____/

Now before the Court is defendants' request for an order compelling lead plaintiff Teachers' Retirement System of Oklahoma ("plaintiff") to respond to Interrogatory No. 9 of defendants' First Set of Interrogatories. Interrogatory No. 9 states, "Identify all persons whom you have named as confidential witnesses in your complaint." Def. Letter Br., ex. 1. Plaintiffs' Second Amended Consolidated Complaint ("SAC") [Docket No. 86] alleges the existence of twelve confidential witnesses. *See* SAC ¶ 43. Plaintiff claims that it disclosed the identities of the twelve witnesses in its initial disclosures. (It appears that plaintiff has previously provided the names of 200 individuals in its initial disclosures and a list of 88 percipient witnesses who are current and former employees, FDA employees and members of Connectics Corporation's "expert panel." Def. Letter Br., ex. 4.) Plaintiff contends that the information requested by defendants (i.e. identification of the confidential witnesses from among the previously disclosed witnesses) is protected by the work product doctrine.

The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3), which provides, in relevant part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial . . . . But . . . those materials may be discovered if:
> (i) they are otherwise discoverable . . . and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by

other means.

Fed. R. Civ. Pro. 26(b)(3). The Court recognizes that there is no Ninth Circuit or Supreme Court precedent on whether the disclosure of the identity of a confidential witness at this stage in the litigation is protected by the work product doctrine. District courts have reached different conclusions on this issue. *Compare In re Ashworth, Inc. Securities Litigation*, 213 F.R.D. 385, 389 (S.D. Cal. 2002) (identity of witnesses plaintiffs' counsel had interviewed in preparing the complaint was protected by the work product privilege), *and In re Veeco Instruments, Inc. Securities Litigation*, 2007 WL 274800 (S.D.N.Y. Jan. 29, 2007) (unpublished disposition) (same), *with In re Harmonic, Inc. Securities Litigation*, 245 F.R.D. 424 (N.D. Cal. 2007) (disclosure of confidential witnesses' identities would not reveal attorney's mental impressions and was therefore not privileged work product), *and Miller v. Ventro Corp.*, No. C01-01287, 2004 WL 868202 (N.D. Cal. Apr. 21, 2004) (unpublished disposition) (same).

The Court finds *Harmonic* and *Ventro* persuasive and finds that, under the circumstances of this case, the information defendants request is not attorney work product. In *Harmonic*, Judge Chen reasoned:

> The issue here, like that in *Ventro*, is not *if* the [confidential witnesses'] identities will ever be discovered, but rather *when* they will be discovered. [citation] Plaintiffs admit as much by acknowledging that the five CWs have been identified among the list of 77 witnesses in their initial disclosures. They concede that by deposing or otherwise investigating all of the 77 witnesses, [d]efendants will eventually be able to discern who the five CWs are. . . . While there are some instances in which the timing or sequencing of disclosures may affect counsel's strategy (such as the sequence and timing of expert disclosures), here there is no cognizable strategic advantage to be gained by [p]laintiffs in withholding the identities. The only effect is to force the [d]efendants to expend resources on taking the depositions of 77 people in order to obtain the information. Because the information will inevitably be disclosed and the earlier disclosure does not compromise [p]laintiffs' strategic or tactical position, there is no basis for finding work product protection. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); *Hickman v. Taylor,* 329 U.S. 495, 512 (1947) (basing work product protection on attorney's need to "prepare his legal theories and plan his strategy without undue interference"); *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1494 (9th Cir.1989) ("The conditional protections afforded by the work product rule prevent exploitation of party's efforts in preparing litigation."). Rather, requiring such a dilatory exercise runs counter to the "just, speedy, and inexpensive determination" directed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1.

245 F.R.D. 427-28.

Here, just as in *Ventro* and *Harmonic*, counsel for plaintiff have made no secret of their mental impressions. They reveal which witness statements they evaluated as being important by attributing statements to particular witnesses in the SAC. *See, e.g.*, SAC ¶¶ 96-98, 166-68. Plaintiff does not argue that revealing this information at this stage would prejudice it by affecting its trial strategy. While plaintiff is correct that defendants will eventually be able determine the identities of the confidential witnesses from among the 88 disclosed names, they do not explain the benefit of proceeding in this inefficient way.

Plaintiff also argues that disclosure could be prejudicial to the confidential witnesses as they may be labeled whistleblowers. The Court recognizes the policy concerns implicated by revealing the identities of whistleblowers. *See Ferruza v. MTI Tech.*, 2002 WL 32344347 at *5 (C.D. Cal. June 13, 2002) (unpublished disposition) ("Although the whistle-blower privilege is not available in this private suit, that does not lessen the need to consider the practical results of an order requiring disclosure of the employees' identities."). These concerns are mitigated in this case, however, by the fact that Connectics Corporation ceased to exist three years ago. Plaintiff points out that many of the witnesses still work in the same industry, but the Court finds that this concern is too attenuated here, where the witnesses' identities will eventually be revealed irrespective of whether plaintiff provides this information.

Finally, plaintiff contends that defendants have no need for this information because plaintiff is under no obligation to rely on the statements in the SAC in proving its case at trial. This argument might have more weight if plaintiff had stipulated that it no longer intended to use or rely on these witnesses at trial, which it has not done.

For these reasons, the Court GRANTS defendants' discovery request and orders plaintiff to provide the names of the individuals identified in the SAC **within seven days of the filing of this order.**

**IT IS SO ORDERED.**

Dated: April 27, 2009

SUSAN ILLSTON
United States District Judge

3