BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
DAVID R. STICKNEY   (Bar No. 188574)
NIKI L. MENDOZA   (Bar No. 214646)
TAKEO A. KELLAR   (Bar No. 234470)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
davids@blbglaw.com
nikim@blbglaw.com
takeok@blbglaw.com
      -and-
CHAD JOHNSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444
chad@blbglaw.com

Attorneys for Lead Plaintiff Teachers' Retirement
System of Oklahoma and Lead Counsel to the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CONNETICS SECURITIES LITIGATION. | Case No. C 07-02940 SI |
| | NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | DATE:        July 17, 2009<br>TIME:        9:00 a.m.<br>COURTROOM:  10<br>JUDGE:     Hon. Susan Illston |

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ...................................................................................................2

II.     STATEMENT OF FACTS .....................................................................................3

      A.      Summary Of The Case ...............................................................................3

      B.      History Of The Litigation ...........................................................................3

      C.      Reasons For The Settlement .......................................................................6

III.    ARGUMENT ..........................................................................................................7

      A.      The Standards For Preliminary Approval Of A
            Class Action Settlement ..............................................................................7

      B.      This Court Should Grant Preliminary Approval Of
            The Proposed Settlement .............................................................................8

            1.      The Settlement Was Vigorously Negotiated
                 And Is Supported By Experienced Counsel...................................8

            2.      The Substantial Benefit Obtained For The
                 Class, Especially In Light Of Serious Risks
                 Of Lesser Or No Recovery, Supports
                 Approval Of The Settlement .........................................................10

            3.      The Stage Of The Proceedings Supports
                 Approval Of The Settlement .........................................................11

      C.      The Form And Manner Of The Proposed Notice To
            The Class Is Adequate ...............................................................................11

IV.     PROPOSED SCHEDULE OF EVENTS................................................................13

V.      CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

CASES                                                                   PAGE(S)

*Bellows v. NCO Financial Systems, Inc.*,
  2008 WL 5458986 (S.D. Cal. Dec. 10, 2008)..........................................................9

*Biancur v. Hickey*,
  1997 WL 767521 (N.D. Cal. Nov. 19, 1997) ..........................................................8

*Clark v. Michaels Stores, Inc.*,
  2007 WL 4058758 (S.D. Cal. Nov. 14, 2007) .........................................................7

*Class Plaintiffs v. Seattle*,
  955 F.2d 1268 (9th Cir. 1992) .................................................................7, 8, 11

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ........................9

*Glass v. UBS Fin. Servs., Inc.*,
  2007 WL 221862 (N.D. Cal. Jan. 26, 2007).........................................................10

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007)...............................................................12

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) .........................................................................8, 9

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ...........................................................................7, 8

*In re Pacific Enter. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) ................................................................................7

*In re Portal Software, Inc. Sec. Litig.*,
  2007 WL 1991529 (N.D. Cal. June 30, 2007) .....................................................13

*Rodriquez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...........................................................................12

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ................................................................................8

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) ..............................................................................7

*In re Veritas Software Corp. Sec. Litig.*,
  496 F.3d 962 (9th Cir. 2007) ............................................................................11

1

*In re Wireless Facilities, Inc. Sec. Litig.*,
   253 F.R.D. 630 (S.D. Cal. 2008) ...........................................................................................11

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that pursuant to the Court's Order dated July 7, 2009 (Dkt. No. 189), on July 17, 2009, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Susan Illston, located at the United States District Court, 450 Golden Gate Avenue, San Francisco, California, Lead Plaintiff Teachers' Retirement System of Oklahoma will move this Court for entry of the [Proposed] Order Preliminarily Approving Settlement And Providing For Notice ("Notice Order"), attached hereto as Exhibit 1. The proposed Notice Order will, *inter alia*: (i) grant preliminary approval of the proposed class action settlement on the terms set forth in the Stipulation And Agreement Of Settlement dated as of July 10, 2009; and (ii) approve the form and manner of giving notice of the proposed Settlement to the Class.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

Lead Plaintiff Teachers' Retirement System of Oklahoma ("Lead Plaintiff" or "Oklahoma

3

Teachers") respectfully moves this Court for entry of the [Proposed] Order Preliminarily

4

Approving Settlement And Providing For Notice ("Notice Order"), attached hereto as Exhibit 1.

5

The proposed Notice Order will, *inter alia*: (i) grant preliminary approval of the proposed class

6

action settlement on the terms set forth in the Stipulation And Agreement Of Settlement dated as

7

of July 10, 2009 (the "Stipulation" or "Settlement");[1] and (ii) approve the form and manner of giving

8

notice of the proposed Settlement to the Class.

9

## I.    INTRODUCTION

10

The proposed Settlement provides for the payment of $12.75 million in cash (the

11

"Settlement Fund") plus interest for the benefit of the Class, in exchange for the dismissal of the

12

claims against Connetics Corporation ("Connetics" or the "Company"[2]); the Individual Defendants[3];

13

and the Dismissed Defendants.[4]

14

The Settlement was reached only after extensive litigation and negotiations overseen by

15

the Mediator, the Honorable Daniel Weinstein (Ret.).  The proposed Settlement is a substantial

16

result for the Class, in light of the risks Lead Plaintiff faced in establishing Defendants' liability

17

and establishing the full amount of damages at summary judgment or trial.  In addition, litigating

18

this complex securities fraud class action to completion would result in significant expense and

19

delay.

20

21

22

[1] All capitalized terms that are not defined herein are defined in the Stipulation which is submitted herewith and attached as Exhibit 2.

23

[2] Connetics has been acquired twice since the case began, first by Stiefel Laboratories, Inc. in December 2006, and later by GlaxoSmithKline in April 2009.

24

25

[3] "Individual Defendants" includes Thomas G. Wiggans ("Wiggans"), Gregory Vontz ("Vontz"), John Higgins ("Higgins") and Lincoln Krochmal ("Krochmal").  The Individual Defendants and Connetics are collectively referred to herein as "Defendants."  The "Settling Parties" include (i) Defendants and (ii) Lead Plaintiff on behalf of itself and the Class Members.

26

27

[4] "Dismissed Defendants" includes Alexander J. Yaroshinsky ("Yaroshinsky") and Victor E. Zak ("Zak").  The claims against Yaroshinsky and Zak were dismissed pursuant to this Court's Order dated February 21, 2009 (Dkt. No. 150).

28

Lead Plaintiff and its counsel–based upon their evaluation of the facts and applicable law, and their recognition of the substantial risk and expense of continued litigation–submit that the proposed Settlement is in the best interests of the Class, providing a meaningful recovery for the Class now.   Accordingly, Lead Plaintiff respectfully moves for preliminary approval of the Settlement.

## II.   STATEMENT OF FACTS

### A.   Summary Of The Case

This is a securities fraud class action on behalf of a certified Class against Connetics and certain of its officers alleging that Defendants misled investors regarding the business results and prospects of Connetics during the Class Period, including (1) concealing and misrepresenting the safety and FDA approvability of Connetics' product, an acne medication called Velac Gel; and (2) engaging in improper "channel-stuffing" and understating Connetics' reserves.   Ultimately, Connetics restated its financial results.   The operative complaint, the Second Amended Complaint (the "Complaint"), alleges that these false and misleading statements inflated the price of Connetics' securities during the Class Period.   It further alleges that, when the truth was revealed in a series of disclosures, investors who purchased Connetics securities during the Class Period suffered damages.   The Complaint alleges claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

### B.   History Of The Litigation

Beginning on or about October 31, 2006, various investors filed class actions against Connetics, Wiggans, Vontz and Yaroshinsky in the Southern District of New York, docket numbers 06-11496 and 06-12875.   By Order dated December 14, 2006, the Southern District of New York consolidated the two actions and appointed the Teachers' Retirement System of Oklahoma as the Lead Plaintiff.

On February 14, 2007, Lead Plaintiff filed a consolidated class action complaint against the Company, certain officers and directors, Victor Zak, certain underwriters, and Ernst & Young LLP.   The consolidated complaint asserted claims under §§ 10(b), 20(a) and 20A of the Exchange Act, and §§ 11 and 15 of the Securities Act of 1933 ("Securities Act").

On March 5, 2007, Defendants moved to transfer the case to the Northern District of California.  The motion was granted by Order filed May 23, 2007, and the consolidated case was therefore transferred to this Court where it was docketed as case number 07-02940.

On June 28, 2007, Lead Plaintiff filed an amended consolidated complaint (Dkt. No. 12) against the Company, certain officers and directors, and Victor Zak.   The amended consolidated complaint asserted claims under §§ 10(b), 20(a) and 20A of the Exchange Act.

On August 13, 2007, Zak filed an Answer to the amended consolidated complaint (Dkt. No. 20), and the remaining Defendants filed motions to dismiss, motions to strike, and motions for judicial notice (Dkt. Nos. 22, 24, 27, 29, 31, 38, 41).   Lead Plaintiff filed oppositions to Defendants' motions (Dkt. Nos. 42, 43, 44, 45, 47, 74, 79), and Defendants filed reply briefs (Dkt. Nos. 49, 50, 52, 54, 56, 66).

Following a hearing on October 19, 2007, the Court granted in part and denied in part Defendants' motions, and granted Lead Plaintiff leave to amend the complaint (Dkt. No. 83).

On March 14, 2008, Lead Plaintiff filed the Second Amended Complaint, alleging claims against the defendants named therein under §§ 10(b), 20(a), and 20A of the Exchange Act.

Following briefing on Defendants' second round of motions to dismiss, strike, and for judicial notice (Dkt. Nos. 93, 94, 96, 98, 101, 103, 106, 107, 110, 111, 112, 115, 116, 118, 119, 120, 121), by Order dated August 14, 2008 (Dkt. No. 126), the Court granted in part and denied in part Defendants' motions to dismiss and denied Defendants' motions to strike.  The Court dismissed the claims against Yaroshinsky and Zak, and granted leave to amend.

Lead Plaintiff thereafter provided notice (Dkt. No. 129) that it would, without amending its complaint, proceed under the Second Amended Complaint in accordance with the Court's August 14, 2008 Order.  Defendants filed an Answer to the Complaint on October 6, 2008 (Dkt. No. 132).

During the course of the Litigation, Lead Plaintiff and Defendants conducted discovery, including but not limited to Lead Plaintiff's review and analysis of a substantial volume of documents produced by Defendants and third-parties.

On November 14, 2008, counsel for the parties appeared before Judge Illston for an Initial Case Management Conference, at which time the Court set a briefing schedule for Lead Plaintiff's motion for class certification (Dkt. No. 141).

On March 2, 2009, Lead Plaintiff and Defendants voluntarily participated in a mediation session with the Honorable Daniel Weinstein (Ret.) in San Francisco, California.  Counsel for the Settling Parties, as well as Assistant Attorney General, David Kinney, participated in person at the mediation.  During the mediation, the parties reached an impasse and no settlement was reached.  Following the mediation, Judge Weinstein remained in communication with the parties about the case and prospects for a potential settlement.

On March 16, 2009, Lead Plaintiff filed its motion for class certification (Dkt. No. 155). Defendants filed an opposition brief on April 6, 2009 (Dkt. Nos. 161, 168), and Lead Plaintiff filed its reply brief on April 27, 2009 (Dkt. No. 176).  On May 11, 2009, the Court heard oral argument on Lead Plaintiff's motion, and also held a Case Management Conference (Dkt. No. 184).

By Order dated May 12, 2009 (Dkt. No. 183), the Court granted Lead Plaintiff's motion to certify the Class and to appoint Lead Plaintiff as the class representative pursuant to the Fed. R. Civ. P. 23(a), certifying a Class of all persons and entities who purchased or otherwise acquired the publicly traded securities of Connetics from January 27, 2004, through July 9, 2006 (the 'Class Period'), and who suffered damages as a result.[5]

By Order dated May 15, 2009 (Dkt. No. 185), the Court set certain deadlines for fact discovery completion, identification of experts, expert discovery completion, and for distributing

---

[5] Excluded from the Class are:  (i) the Defendants and Dismissed Defendants; (ii) members of the family of each Individual Defendant or Dismissed Defendant; (iii) any person who was an officer or director of Connetics during the Class Period; (iv) any person who is or was named as a defendant in any U.S. Government or state criminal or civil proceeding relating to Connetics; (v) any firm, trust, corporation, officer, or other entity in which any Defendant or Dismissed Defendant has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

notice to the Class.  The Court also set dates for further Case Management Conferences, for the Pretrial Conference, and a June 28, 2010 trial date.

Following the extensive litigation summarized above, on May 29, 2009, the Settling Parties reached an agreement in principle regarding a proposed settlement of the Consolidated Action.  The proposed Settlement is contained in the Stipulation, attached hereto as Exhibit 2.

## C.    Reasons For The Settlement

Lead Plaintiff has entered into this Settlement with a thorough understanding of the strengths and weaknesses of the claims.  This understanding is based on Lead Counsel's prosecution of this Litigation which has included, *inter alia*: (i) drafting of a detailed amended consolidated complaint and the Second Amended Compliant after review and analysis of the Company's SEC filings, annual reports, and other public statements, and interviews with confidential witnesses; (ii) extensive briefing on Defendants' motions to dismiss; (iii) review and analysis of documents produced by Defendants and third-parties; (iv) consultations with experts; (v) review and analyses of potential sources of recovery; (vi) drafting of a mediation statement and preparing for and participating in mediation; and (vii) briefing a motion for class certification.  Lead Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed the evidence adduced during its investigation and has researched the applicable law with respect to the claims of Lead Plaintiff and the Class against the Defendants and the potential defenses thereto.  Lead Plaintiff and Lead Counsel have taken into account the Court's decision dismissing plaintiffs' claims in part, and the possibility that the remaining claims might have been later dismissed at the summary judgment stage or resulted in lesser or no damages at trial.

In sum, Lead Plaintiff and Lead Counsel have concluded that the Settlement is in the best interests of Lead Plaintiff and the Class and that the Settlement is fair, reasonable, and adequate. This conclusion is based on, among other things: (a) the substantial benefits that Lead Plaintiff and the members of the Class will receive from resolution of the Litigation against the Defendants; (b) the attendant risks of litigation, including the potential sources of recovery;  (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this

Stipulation; (d) the substantial expense and time necessary to continue prosecuting this Litigation through dispositive motions, trial, appeals or any other potential proceedings; (e) the significant uncertainties in predicting the outcome of this complex litigation; and (f) the likelihood that the Class would recover less than the amount provided by the Settlement, or nothing at all.

## III.    ARGUMENT

### A.    The Standards For Preliminary Approval Of A Class Action Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise of claims brought on a class basis. "The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions." *Clark v. Michaels Stores, Inc.*, 2007 WL 4058758, at *1 (S.D. Cal. Nov. 14, 2007) (citations omitted).  The issue of whether a proposed settlement should be approved is within the sound discretion of the district court, which should be exercised in the context of public policy strongly favoring the pretrial settlement of class action lawsuits.  *See Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  "[T]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

"Parties represented by competent counsel are better positioned than courts to produce a settlement that reflects each party's expected outcome in litigation" and, therefore, absent conflict of interests, fraud, collusion or overreaching among the negotiating parties, "strong judicial policy" favors approval of the negotiated settlement.  *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).  The Ninth Circuit has held that "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625.

In considering whether to grant preliminary approval of a class action settlement, courts make a preliminary evaluation of the fairness of the settlement prior to issuing notice to the class,

and to holding a final approval hearing.  The general standard by which courts are guided when deciding whether to grant preliminary approval of a class action settlement is whether the proposed settlement falls within the range of what could be found "fair, adequate and reasonable," so that notice may be given to the proposed class and a hearing for final approval can be scheduled.  *Class Plaintiffs*, 955 F.2d at 1276; *Officers for Justice*, 688 F.2d at 625.

At this point, the Court need not answer the ultimate question:  whether the Settlement is fair, reasonable and adequate.  In later making that ultimate determination, the Court will be asked to review and balance the following factors, among others:  the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; and the stage of the proceedings; the experience and views of counsel.  *See, e.g., Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (*citing Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)); *accord Biancur v. Hickey*, 1997 WL 767521, at *2 (N.D. Cal. Nov. 19, 1997).  Different factors may predominate in different factual contexts.  *See Torrisi*, 8 F.3d at 1376.

Lead Plaintiff here requests only that the Court now take the first step in the settlement process, which is to grant preliminary approval of the proposed Settlement.  The proposed Settlement, which provides the sum of $12.75 million in cash plus interest for distribution to eligible Class Members after deduction of Court-awarded fees and expenses, is unquestionably beneficial to the Class.  Given the complexities of this case, and the continued risks if the parties were to proceed, the Settlement represents a reasonable resolution, and eliminates the risk that the Class might later recovery less or nothing at all.

**B.    This Court Should Grant Preliminary
      Approval Of The Proposed Settlement**

As summarized below, and as will be further detailed subsequently in Lead Plaintiff's motion for final approval of the Settlement, a preview of factors considered by courts in granting ultimate final approval of class action settlements demonstrates that the Settlement is well within the range of approval.

**1.    The Settlement Was Vigorously Negotiated
      And Is Supported By Experienced Counsel**

Courts recognize that the opinion of experienced counsel supporting the settlement after vigorous arm's-length negotiations is entitled to considerable weight. *See, e.g., Bellows v. NCO Financial Systems, Inc.*, 2008 WL 5458986, at *7 (S.D. Cal. Dec. 10, 2008) (presumption of fairness arises when proposed settlement reached after meaningful discovery and arm's length negotiation between capable counsel); *Linney v. Alaska Cellular P'ship,* 1997 WL 450064, at *16 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair"), *aff'd,* 151 F.3d 1234 (9th Cir. 1998); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

Here, the parties have been actively litigating this consolidated action for over two years since its commencement in October 2006. Lead Counsel conducted a sophisticated and extensive investigation into the claims asserted in the complaints, including, but not limited to, multiple interviews with confidential witnesses, review and analysis of documents produced by Defendants and third parties, and consultation with experts. Thus, by the time the Settlement was reached, Lead Counsel had a solid understanding of the strengths and weaknesses of the claims, both factually and legally, and was able to engage in a rigorous negotiation process with Defendants.

Additionally, throughout the Litigation and settlement negotiations, both Lead Plaintiff and Defendants have been represented by experienced counsel from prominent law firms. The Settling Parties, including Assistant Attorney General, David Kinney, participated in a mediation session conducted under the direction of the Honorable Daniel Weinstein (Ret.), a retired federal judge and well-regarded mediator with extensive experience in the mediation of complex actions such as this case. After reaching an impasse at the mediation, counsel for the Settling Parties continued with discovery, and vigorously represented their respective clients during the class certification process, related oral argument and the further case management conference. Simultaneously, the Settling Parties continued communications with the mediator regarding the

case and potential settlement.   The settlement amount is consistent with the Mediator's recommendation based on his familiarity with the facts, claims, defenses and issues.   The presumptive fairness of the Settlement is underscored by the fact that Lead Plaintiff and Defendants reached a compromise only after these extensive and informed negotiations before Judge Weinstein.   *See Glass v. UBS Fin. Servs., Inc.,* 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) ("The settlement was negotiated and approved by experienced counsel on both sides of the litigation, with the assistance of a well-respected mediator with substantial experience . . . [and] this factor supports approval of the settlement.").

There is, therefore, no doubt that the Settlement was reached without collusion and after good-faith bargaining between the Settling Parties, and this factor supports a finding that the Settlement is fair, adequate and reasonable, at a minimum, for purposes of preliminary approval.

### 2. The Substantial Benefit Obtained For The Class, Especially In Light Of Serious Risks Of Lesser Or No Recovery, Supports Approval Of The Settlement

As set forth above, the Settlement provides for the recovery of $12.75 million in cash plus interest to be allocated among Class Members after deduction for Court-approved fees and expenses.   If the Litigation had continued, Lead Plaintiff faced substantial risks, including establishing Defendants' liability and the Class' full amount of damages at summary judgment or trial.   For example, Lead Plaintiff and Lead Counsel took into account the Court's decision dismissing Lead Plaintiff's claims in part, and the possibility that the remaining claims asserted in the Complaint might have been dismissed in response to Defendants' anticipated motions for summary judgment.   They further considered that certain issues would have been decided by a jury in the event of a trial of the Litigation, including whether Defendants acted with an intent to mislead investors, whether the alleged misrepresentations or omissions were material to investors, whether all of Class Members' losses were caused by the alleged misrepresentations or omissions, and the amount of damages.   In addition, litigating this complex securities fraud class action to completion would result in significant expense and delay.   This recovery, obtained in the face of the real risk of lesser or no recovery, is particularly supportive of approval of the Settlement.

### 3.    The Stage Of The Proceedings
     <u>Supports Approval Of The Settlement</u>

The stage of proceedings and discovery completed are additional factors supporting the Settlement.    Here, Lead Counsel advanced the case through, among other things, the investigation and drafting of the consolidated complaints and the operative Complaint, opposing Defendants' motions to dismiss and related motions, consulting with experts, certifying the Class, and preparing for and participating in mediation overseen by Judge Weinstein.    Importantly, Lead Counsel conducted a thorough investigation of the facts and claims of this case, including: (a) review and analysis of a substantial volume of documents produced by Defendants and third-parties; (b) review and analysis of the Company's SEC filings and annual reports, sworn declarations in *SEC v. Yaroshinsky*, extensive literature concerning relevant mouse studies, and other public statements; (c) interviews with witnesses; (d) consultation with experts; and (e) review and analyses of potential sources of recovery.    There can be no question that at the time the Settlement was reached Lead Plaintiff had a clear view of the strengths and weaknesses of the claims.

### C.    The Form And Manner Of The
     <u>Proposed Notice To The Class Is Adequate</u>

Notice of a proposed settlement to class members must be given in the most practicable manner under the circumstances.    Fed. R. Civ. P. 23(c)(2)(B);  *In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630, 636 (S.D. Cal. 2008).    In addition, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "every settlement notice must include a statement explaining a plaintiff's recovery."  *Id.* at 636 (citing *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 969 (9th Cir. 2007)).    This statement should include "the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged."  *Id.* at 636-37 (quoting 15 U.S.C. § 78u-4(a)(7)(B)).

The proposed Notice to the Class in this Litigation more than satisfies this standard.    The proposed Notice informs the Class of:  (a) the amount of the Settlement – $12.75 million – to be distributed to the Class, less Court-approved fees and expenses; (b) the average recovery per share; (c) attorneys' fees and expenses sought; (d) the name, telephone number, and address of

representatives of Lead Counsel who will be reasonably available to answer questions from Class Members concerning matters contained in the Notice; (e) the right of Class Members to object to the Settlement or seek exclusion from the Class; (f) the reasons why the Settling Parties propose the Settlement; and (g) the dates and deadlines for certain settlement-related events.  15 U.S.C. § 78u-4(a)(7).

Here, the proposed Notice is adequate and complies with due process, Rule 23, and the PSLRA. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1170 (S.D. Cal. 2007) (notice providing description of the nature of the action and issues involved in the litigation, concise and clear statement of definition of the class that was certified, procedure for requesting appearance at the settlement hearing, procedure for exclusion from the class, binding effect of the class judgment and deadline for filing objections approved).

If the Court grants preliminary approval of the Settlement and the proposed form of Notice, the Notice will be mailed to all Class Members who appear on the transfer records of Connetics as having transferred to their names Connetics securities during the Class Period. Further, Lead Counsel, through the Claims Administrator, will use reasonable efforts to give notice to nominee holders such as brokerage firms and other persons or entities who purchased and/or acquired Connetics securities during the Class Period as record owners but not as beneficial owners.  The Summary Notice will also be published once in the national edition of *The Investor's Business Daily.*  In addition, the Notice and Claim Form will be placed on the Claims Administrator's website and a website specifically dedicated to the Settlement.

Courts routinely find that comparable notice programs meet the requirements of due process, Rule 23, and the PSLRA.  *See Rodriquez v. West Publishing Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward and be heard') (citations omitted); *In re Portal Software, Inc. Sec. Litig.*, 2007 WL 1991529, at *7 (N.D. Cal. June 30, 2007) (dissemination of notice to all reasonably identifiable class members with summary notice published in *The Investor Business Daily* approved as best practical) (citing

Manual for Complex Litigation (4th ed. 2004) §21.311) ("Publication in magazines, newspapers, or trade journals may be necessary if class members are not identifiable after reasonable effort").

## IV.   PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing of the Notice and Claim Form, and deadlines for submitting claims, and for opting out of or objecting to the Settlement.   The Settling Parties propose the following schedule:

| Event | Timeframe for Compliance | Deadline if Preliminary Approval is granted on July 17, 2009, and Final Approval Hearing set for October 9, 2009 |
|---|---|---|
| Deadline for mailing the Notice and Claim Form to Class Members ("Notice Date") | No later than ten (10) business days after entry of the Preliminary Approval Order | July 31, 2009 |
| Deadline for publishing Summary Notice | No later than ten (10) business days after mailing of the Notice | August 14, 2009 |
| Deadline for submitting exclusion requests or objections | No later than twenty-one (21) calendar days prior to the Final Approval Hearing | September 18, 2009 |
| Filing of papers in support of final approval of Settlement, Plan of Allocation and Lead Counsel's application for attorneys' fees and expenses | No later than seven (7) business days prior to the Final Approval Hearing | September 30, 2009 |
| Final Approval Hearing | [To be set by the Court] | [Proposed for October 9, 2009] |
| Deadline for submitting Claim Forms | No later than 120 calendar days after the Notice Date | November 30, 2009 |

## V.   CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement.

Dated: July 10, 2009

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP


_____/s/ David R. Stickney_____
        DAVID R. STICKNEY

DAVID R. STICKNEY
NIKI L. MENDOZA
TAKEO A. KELLAR
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323

*Attorneys for Lead Plaintiff Teachers' Retirement
System of Oklahoma and Lead Counsel to the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Kristina L. Sousek, do hereby certify that on this 10th day of July, 2009, true and correct copies of the foregoing:

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

was filed electronically.  Those attorneys who are registered with the Electronic Case Filing ('ECF) System may access this filing through the Court's system, and notice of this filing will be sent to the parties by operation of the Court's ECF System.  Attorneys not registered with the Court's ECF system will be duly and properly served via Federal Express or U.S. Mail (as indicated on the attached Service List), in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

*/s/ Kristina L. Sousek*
KRISTINA L. SOUSEK

**Service List**

In re CONNETICS SECURITIES LITIGATION
Case No.: 07-02940

| **COUNSEL FOR DEFENDANTS CONNETICS CORPORATION, THOMAS G. WIGGANS, C. GREGORY VONTZ, JOHN HIGGINS, LINCOLN KROCHMAL** | |
|---|---|
| Susan S. Muck<br>Dean S. Kristy<br>Catherine D. Kevane<br>Christine A. Vogelei<br>**FENWICK & WEST**<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Tel: 415-875-2300<br>Fax: 415-281-1350<br>smuck@fenwick.com<br>dkristy@fenwick.com<br>ckevane@fenwick.com<br>cvogelei@fenwick.com<br><br>***Via ECF*** | |

#26071/v7