1   BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
2   DAVID R. STICKNEY   (Bar No. 188574)
    NIKI L. MENDOZA   (Bar. No. 214646)
3   TAKEO A. KELLAR   (Bar No. 234470)
    12481 High Bluff Drive, Suite 300
4   San Diego, CA 92130
    Tel:    (858) 793-0070
5   Fax:    (858) 793-0323
    davids@blbglaw.com
6   nikim@blbglaw.com
    takeok@blbglaw.com
7        -and-
    CHAD JOHNSON
8   1285 Avenue of the Americas, 38th Floor
    New York, NY 10019
9   Tel:    (212) 554-1400
    Fax:    (212) 554-1444
10  chad@blbglaw.com

11  Attorneys for Lead Plaintiff Teachers' Retirement
    System of Oklahoma and Lead Counsel to the Class
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16  In re CONNETICS SECURITIES            Case No. C 07-02940 SI
    LITIGATION.
17
                                          **[PROPOSED] ORDER**
18  This Document Relates To:             **PRELIMINARILY APPROVING**
                                          **SETTLEMENT AND PROVIDING FOR**
19       ALL ACTIONS.                     **NOTICE**

20

21

22

23

24

25

26

27

28

ORDER PRELIMINARILY APPROVING SETTLEMENT
Case No. C 07-02940 SI

WHEREAS, Lead Plaintiff Teachers' Retirement System of Oklahoma ("Oklahoma Teachers" or "Lead Plaintiff"), and Connetics Corporation ("Connetics" or the "Company"); and Thomas G. Wiggans ("Wiggans"), Gregory Vontz ("Vontz"), John L. Higgins ("Higgins") and Lincoln Krochmal ("Krochmal," collectively the "Individual Defendants") (collectively, with Connetics, the "Defendants"), have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving the settlement of the above-captioned litigation (the "Litigation") in accordance with the Stipulation and Agreement of Settlement dated as of July 10, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation (the "Settlement") and for dismissal of the Litigation with prejudice as against all of the Released Persons, upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     This order (the "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.  Any inconsistencies between the Stipulation and the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") will be controlled by the language of the Stipulation.

2.     The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Class, pending a final hearing on the Settlement.

**CLASS CERTIFICATION**

3.     By Order filed May 12, 2009 (Dkt. No. 183), the Court certified the Class which is defined as all persons and entities who purchased or otherwise acquired the publicly traded securities of Connetics from January 27, 2004, through July 9, 2006, and who suffered damages as a result.  Excluded from the Class are:  (i) the Defendants and Dismissed Defendants; (ii) members of the family of each Individual Defendant or Dismissed Defendant; (iii) any person who was an officer or director of Connetics during the Class Period; (iv) any person who is or

1   was named as a defendant in any U.S. Government or state criminal or civil proceeding relating

2   to Connetics; (v) any firm, trust, corporation, officer, or other entity in which any Defendant or

3   Dismissed Defendant has a controlling interest; and (vi) the legal representatives, agents,

4   affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from

5   the Class are any persons who validly exclude themselves by filing a request for exclusion in

6   accordance with the requirements set forth in the Notice.

7        4.    The Court appoints the firm of A.B. Data, Ltd. ("Claims Administrator") to

8   supervise and administer the notice procedure as well as the processing of claims as more fully

9   set forth below:

10           a.    On or before July 31, 2009, the Claims Administrator shall cause a copy

11   of the Notice and the Proof of Claim Form (the "Claim Form"), annexed hereto respectively as

12   Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all members of the

13   Class at the address of each such person as set forth in the records of Connetics, or its

14   successor(s) or its transfer agent, or who are identified by further reasonable efforts ("Notice

15   Date");

16           b.    A summary notice ("Publication Notice"), annexed hereto as Exhibit A-3,

17   shall be published once in the national edition of *The Investor's Business Daily* on or before

18   August 14, 2009; and

19           c.    The Notice, Publication Notice and Claim Form shall also be placed on

20   the Claims Administrator's website, on or before the Notice Date.

21        5.    The Court approves the form of Notice and Publication Notice (together, the

22   "Notices") and Claim Form, and finds that the procedures established for publication, mailing

23   and distribution of such Notices substantially in the manner and form set forth in paragraph 6 of

24   this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private

25   Securities Litigation Reform Act of 1995 ("PSLRA"), and due process, and constitute the best

26   notice practicable under the circumstances.

27        6.    Within five (5) business days of entry of this Order, Defendants shall provide the

28   Claims Administrator with shareholder information to the extent available in the records of

1  Connetics or its successor(s) or transfer agent, providing the identity of all record holders of

2  Connetics securities, in electronic form.  To the extent available in Connetics' or its successors(s)

3  or transfer agent's records, this information shall contain the names and addresses of all

4  purchasers of Connetics securities during the Class Period, as reflected in Connetics' or its

5  successor(s) or its transfer agent's records.

6      7.      On or before September 18, 2009, Lead Counsel shall cause to be filed with the

7  Clerk of this Court affidavits or declarations of the person or persons under whose general

8  direction the mailing of the Notice and the publication of the Publication Notice shall have been

9  made, showing that such mailing and publication have been made in accordance with this Order.

10     8.      Nominees who purchased or otherwise acquired Connetics securities for

11  beneficial owners who are Class Members are directed to: (a) request within fourteen (14) days

12  of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims

13  Administrator for such beneficial owners; or (b) send a list of the names and addresses of such

14  beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the

15  Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to

16  mail the Notice within fourteen (14) days of receipt of the copies of the Notice from the Claims

17  Administrator, and upon such mailing, the nominee shall send a statement to the Claims

18  Administrator confirming that the mailing was made as directed, and the nominee shall retain the

19  list of names and addresses for use in connection with any possible future notice to the Class.

20  Upon full compliance with this Notice Order, including the timely mailing of Notice to

21  beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually

22  incurred in complying with this Notice Order by providing the Claims Administrator with proper

23  documentation supporting the expenses for which reimbursement is sought and reflecting

24  compliance with these instructions, including timely mailing of the Notice, if the nominee

25  elected or elects to do so.  Such properly documented expenses incurred by nominees in

26  compliance with the terms of this Notice Order shall be paid from the Settlement Fund.

27

28

**HEARING: RIGHT TO BE HEARD**

9.     There shall be a hearing on October 9, 2009, at 9:00 a.m. (the "Final Approval Hearing") at which time the Court shall address the fairness, reasonableness and adequacy of the Settlement, the fairness and reasonableness of the Plan of Allocation, and Lead Counsel's application for attorneys' fees and payment of expenses.  The Final Approval Hearing shall be held before the Honorable Susan Illston at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, CA 94102.

10.     Papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for attorneys' fees and payment of expenses shall be submitted for receipt on or before September 18, 2009.   Any reply briefs shall be submitted for receipt on or before October 7, 2009.

11.     Any member of the Class may appear at the Settlement Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable and adequate, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and payment of litigation expenses.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and payment of litigation expenses unless that Class Member or person (i) has served written objections, by hand or first-class mail including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt on or before September 30, 2009:

David R. Stickney                                    Susan S. Muck
Niki L. Mendoza                                      Catherine D. Kevane
Bernstein Litowitz Berger & Grossmann LLP            Fenwick & West LLP
12481 High Bluff Drive, Suite 300                    555 California Street, 12th Floor
San Diego, CA  92130                                 San Francisco, CA 94104
Counsel for Lead Plaintiff                           Counsel for Defendants

1  and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court

2  for the Northern District of California.  Any Class Member who does not make his, her or its

3  objection in the manner provided for herein shall be deemed to have waived such objection and

4  shall forever be foreclosed from making any objection to the fairness or adequacy of the

5  Settlement as incorporated in the Stipulation, to the Plan of Allocation or to the application by

6  Lead Counsel for an award of attorneys' fees and payment of litigation expenses unless

7  otherwise ordered by the Court.  The manner in which a notice of objection should be prepared,

8  filed and delivered shall be stated in the Notice.

9       12.    If approved, all Class Members will be bound by the proposed Settlement

10  provided for in the Stipulation, and by any judgment or determination of the Court affecting

11  Class Members, regardless of whether or not a Class Member submits a Claim Form.

12       13.    Any member of the Class may enter an appearance in the Litigation, at their own

13  expense, individually or through counsel of their own choice.  If they do not enter an appearance,

14  they will be represented by Lead Counsel.

15       14.    The Court reserves the right to adjourn or continue the Final Approval Hearing, or

16  any adjournment or continuance thereof, without any further notice to Class Members and to

17  approve the Stipulation with modification and without further notice to Class Members.  The

18  Court retains jurisdiction of this Litigation to consider all further applications arising out of or

19  connected with the proposed Settlement, and as otherwise warranted.

20       15.    All Class Members shall be bound by all determinations and judgments in the

21  Litigation concerning the settlement, whether favorable or unfavorable to the Class.

22  **CLAIMS PROCESS**

23       16.    In order to be entitled to participate in the Settlement, a Class Member must

24  complete and submit a Claim Form in accordance with the instructions contained therein.  To be

25  valid and accepted, Claim Forms submitted in connection with this Settlement must be

26  postmarked on or before November 30, 2009.

27       17.    Any Class Member who does not timely submit a valid Claim Form shall not be

28  entitled to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless

shall be barred and enjoined from asserting any of the Settled Claims and shall be bound by any judgment or determination of the Court affecting the Class Members.   Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

**REQUEST FOR EXCLUSION FROM THE CLASS**

18.   Any requests for exclusion must be submitted for receipt on or before September 30, 2009.   Any person who wishes to be excluded from the Class must provide (a) the name, address and telephone number of the person requesting exclusion; (b) the person's transactions in Connetics securities during the Class Period, including the dates, the number of securities purchased or acquired, the date of each purchase, acquisition or sale and the price paid and/or received; and (c) that the person wishes to be excluded from the Class.   No later than ten (10) business days prior to the Final Approval Hearing, copies of all such requests received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to Lead Counsel and counsel for Defendants.   All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

19.   Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses.   The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement.   At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and litigation expenses to be awarded to Lead Counsel.   Any appeal from any orders relating to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and litigation expenses, or reversal or modification

thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement and the settlement of the Litigation set forth therein.

20.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

22.     As set forth in the Stipulation, immediately after payment of the Settlement Fund to the Escrow Agent, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account for the actual costs incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying taxes, escrow fees and costs, if any.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

23.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any act performed nor document executed pursuant to or in furtherance of it (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing, fault, or liability of the Settling Parties or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, fault, or liability of any of the Settling Parties or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

24.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their

behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

25.    There shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or *certiorari* or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

IT IS SO ORDERED.

DATED: __7/17/09_____    _____

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONNETICS<br>SECURITIES LITIGATION | File No. C 07-02940 SI<br><br>EXHIBIT A-1 |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Litigation") if, during the period from January 27, 2004 through July 9, 2006, you purchased or acquired the publicly traded securities of Connetics Corp. ("Connetics" or the "Company").**

**NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff, Teachers' Retirement System of Oklahoma ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Litigation for a total of $12.75 million that will resolve all claims in the Litigation.**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully and in its entirety!**

1. **Description of the Litigation and Class:**  This Notice relates to the pendency and proposed settlement of a class action lawsuit against Defendants Connetics, and Thomas G. Wiggans, Gregory Vontz, John L. Higgins, and Lincoln Krochmal (the "Individual Defendants," collectively with Connetics, the "Defendants").  The proposed settlement, if approved by the Court, will settle certain claims of all persons and entities who purchased or acquired Connetics publicly traded securities from January 27, 2004, through July 9, 2006, inclusive (the "Class Period") and suffered damages as a result (the "Class").

2. **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶7-32 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all claims related to the purchase or acquisition of Connetics publicly traded securities that were or could have been asserted against Defendants and other Released Parties in the Litigation in exchange for a settlement payment of $12.75 million to be deposited into an interest-bearing escrow account (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and litigation expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3. **Statement of Average Amount of Damages Per Share:**  The Settlement Fund consists of $12.75 million plus interest earned.  Your recovery will depend on the number and type of Connetics securities you purchased or acquired, and the timing of those transactions.  It will also depend on the number of valid claim forms that members of the Class submit and the amount of such claims.  Assuming that all of the investors who purchased or acquired Connetics publicly traded securities during the Class Period and suffered damages participate in this settlement, Lead Counsel estimates that the estimated average distribution will be approximately:  $0.24 per share of Connetics common stock before the deduction of Court-approved fees and expenses as described in ¶78 below and the cost of

1

notice and claims administration.  The amount per share could be further reduced by amounts, pursuant to the Plan of Allocation, claimed by purchasers of other publicly traded securities of Connetics.  Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

4.   **Statement of the Parties' Position on Damages:**  The parties do not agree on the total amount of recoverable damages or on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail.  Defendants deny that they are liable in any respect or that Lead Plaintiff or other Class Member suffered any injury.  The issues on which the parties disagree include, but are not limited to:  (1) whether the statements made or facts allegedly omitted were material, false, misleading, or whether the Defendants are otherwise liable under the securities laws for those statements or omissions; (2) the amount by which the prices of Connetics securities were allegedly inflated (if at all) during the Class Period; and (3) the effect of various market forces influencing the trading prices of Connetics securities at various times during the Class Period.

5.   **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel (as defined in ¶6 below) will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply for the reimbursement of litigation expenses paid or incurred in connection with the prosecution and resolution of the Litigation, in an amount not to exceed $550,000 plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the average cost per affected share of common stock will be approximately $0.07.

6.   **Identification of Attorney Representatives:**  Lead Plaintiff and the Class are being represented by David Stickney, Esq. and Niki L. Mendoza, Esq. of Bernstein Litowitz Berger & Grossmann LLP, the Court-appointed Lead Counsel.  Any questions regarding the Settlement should be directed to Mr. Stickney or Mrs. Mendoza at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130-3582 (888) 924-1888, blbg@blbglaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to get a payment.  If you wish to obtain a payment as a Class Member, you will need to file a Claim Form (which is included with this Notice) postmarked no later than November 30, 2009. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 30, 2009.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or other Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN SEPTEMBER 30, 2009.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You cannot object to the Settlement unless you are a Class Member and do not validly exclude yourself.  Papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for attorneys' fees and payment of expenses will be submitted for receipt on or before September 18, 2009.  Copies of such papers will be available at www.ConneticsSecuritiesLitigation.com. |

| | |
|---|---|
| **GO TO THE HEARING ON OCTOBER 9, 2009 AT 9:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 30, 2009.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Get no payment.  Remain a Class Member.  Give up your rights. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?
Page 3

What Is This Case About?  What Has Happened So Far?
Page 4

How Do I Know If I Am Affected By The Settlement?
Page 5

What Are The Lead Plaintiff's Reasons For The Settlement?
Page 5

What Might Happen If There Were No Settlement?
Page 6

How Much Will My Payment Be?
Page 6

What Rights Am I Giving Up By Agreeing To The Settlement?
Page 6

What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid?
Page 7

How Do I Participate In The Settlement?  What Do I Need To Do?
Page 7

What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?
Page 8

When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement?
Page 8

What If I Bought Shares On Someone Else's Behalf?
Page 9

Can I See The Court File?  Whom Should I Contact If I Have Questions?
Page 9

| WHY DID I GET THIS NOTICE? |
|---|

7.   This Notice is being sent to you pursuant to an Order of the United States District Court for the Northern District of California (the "Court") because you or someone in your family may have purchased or otherwise acquired Connetics securities during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally

affect your legal rights.  If the Court approves the Settlement a claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.      In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Litigation, the Court has appointed the Teachers' Retirement System of Oklahoma to serve as "Lead Plaintiff" under a federal law governing lawsuits such as this one, and approved Lead Plaintiff's selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") to serve as Lead Counsel in the Litigation.  The Lead Plaintiff is the Class Representative.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  The Court certified the Class on May 12, 2009.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

9.      The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *In re Connetics Securities Litigation*.  The Judge presiding over this case is the Honorable Susan Illston, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class, and Defendants are Connetics and the Individual Defendants.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Final Approval Hearing").

11.     The Final Approval Hearing will be held on October 9, 2009, at 9:00 a.m., before the Honorable Susan Illston, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California 94102 to determine:

    (i)      whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

    (ii)     whether the Settled Claims against Defendants and the other Released Parties should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement (the "Stipulation");

    (iii)    whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

    (iv)     whether Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses should be approved by the Court.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

| WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
| --- |

13.     Beginning on or about October 31, 2006, plaintiffs filed class actions against Connetics, Wiggans, Vontz and Alexander J. Yaroshinsky ("Yaroshinsky") in the Southern District of New York, docket numbers 06-11496 and 06-12875, asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").

14.     By Order dated December 14, 2006, the Southern District of New York consolidated the two actions then before it and all related actions filed thereafter, and appointed Teachers' Retirement System of Oklahoma as the Lead Plaintiff.

15.     On February 14, 2007, Lead Plaintiff filed a consolidated class action complaint against Connetics, Wiggans, Vontz, Higgins and Krochmal, Yaroshinsky, Victor E. Zak ("Zak," Yaroshinsky and Zak are referred to herein as the "Dismissed Defendants"), certain directors, certain underwriters, and Ernst & Young LLP.  The

4

consolidated complaint asserted claims under §§ 10(b), 20(A) and 20A of the Exchange Act, and §§ 11 and 15 of the Securities Act of 1933 ("Securities Act").

16.    On March 5, 2007, the defendants moved to transfer the case to the Northern District of California.  The motion was granted by Order dated May 23, 2007, and the consolidated case was therefore transferred to the Northern District of California where it was docketed as case number 07-02940 and later assigned to the Honorable Susan Illston.

17.    On June 28, 2007, Lead Plaintiff filed an amended consolidated complaint.

18.    On January 29, 2008, the Court granted in part and denied in part defendants' motions to dismiss and to strike with leave to amend.

19.    On March 14, 2008, Lead Plaintiff filed the Second Amended Complaint against Defendants and Dismissed Defendants under §§ 10(b), 20(a), and 20A of the Exchange Act alleging that Defendants knowingly or recklessly made materially false and misleading statements or concealed material adverse information regarding Velac (a development-stage product) and Connetics' financial statements.  The Complaint alleges that the price of Connetics' securities was inflated as a result of the alleged misstatements or omissions and that when the truth was revealed in a series of disclosures, investors who purchased the securities during the Class Period suffered damages.

20.    By Order dated August 14, 2008, the Court granted in part and denied in part defendants' motions to dismiss the Second Amended Complaint and denied defendants' motions to strike.   The Court sustained the §§ 10(b) and 20(a) claims as a matter of pleading.  The Court dismissed the claims against Dismissed Defendants, and granted leave to amend.

21.    Lead Plaintiff thereafter provided notice that it would not amend its complaint and would proceed under the Second Amended Complaint ("Complaint") in accordance with the Court's August 14, 2008 Order.  Defendants filed an Answer to the Complaint on October 6, 2008.

22.    During the course of the litigation, Lead Plaintiff and Defendants conducted discovery, including but not limited to Lead Plaintiff's review and analysis of a substantial volume of documents produced by Defendants and third-parties, and the deposition of two representatives of Lead Plaintiff.

23.    On March 2, 2009, Lead Plaintiff and Defendants voluntarily participated in a mediation session with the Honorable Daniel Weinstein (Ret.) in San Francisco, California.  At the mediation, the parties reached an impasse and no settlement was reached.  Following the mediation, Judge Weinstein remained in communication with the parties about the case and prospects for a potential settlement.

24.    By Order dated May 12, 2009, the Court granted Lead Plaintiff's motion for class certification and approved certain notice procedures in accordance with the May 11, 2009 Case Management Conference.

25.    By Order dated May 14, 2009, the Court set certain discovery and other deadlines and set a June 29, 2010 trial date.

26.    On May 29, 2009, the Settling Parties reached an agreement in principle regarding a proposed settlement of the Litigation.

27.    On [INSERT], the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

28.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons and entities who purchased or acquired publicly traded Connetics securities during the period from January 27, 2004, through July 9, 2006, inclusive and suffered damages as a result. Excluded from the Class are:  (i) the Defendants and Dismissed Defendants; (ii) members of the family of each Individual Defendant or Dismissed Defendant; (iii) any person who was an officer or director of Connetics during the Class Period; (iv) any person who is or was named as a defendant in any U.S. Government or state criminal or civil proceeding relating to Connetics; (v) any firm, trust, corporation, officer, or other entity in which any Defendant or Dismissed Defendant has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  The Class also does not include those persons and entities who timely request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Class And The Settlement?  How Do I Exclude Myself?" below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN NOVEMBER 30, 2009.**

| WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

29.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability for allegations of fraud.  Lead Plaintiff and Lead Counsel have taken into account the Court's decision dismissing plaintiffs' claims in part and the possibility that the remaining claims asserted in the Complaint might have been dismissed in response to Defendants' anticipated motions for summary judgment, and have considered issues that would have been decided by a jury in the event of a trial of the Litigation, including whether Defendants acted with an intent to mislead investors, whether the alleged misrepresentations or omissions were material to investors, whether all of Class Members' losses were caused by the alleged misrepresentations or omissions, and the amount of damages.  Lead Plaintiff and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

30.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $12.75 million (less the various deductions described in this Notice), as compared to the risk that the claims in the Complaint would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

31.     Each of the Defendants has denied and continues to deny each and all of the claims alleged by the Lead Plaintiff in this Litigation.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  The Defendants also have denied and continue to deny, among other things, the allegations that the Lead Plaintiff or the Class have suffered damage, that the price of Connetics securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint and Defendants believe that the evidence developed to date supports their positions.  The Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have asserted.  Defendants expressly deny that Lead Plaintiff has asserted a valid claim and deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

32.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

### THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

33.     Connetics has agreed to cause its insurers to pay $12.75 million.

34.    Your share of the fund will depend on the number of Connetics securities represented by valid claim forms that members of the Class send in and the amount of those claims, how many Connetics securities you held, what type of Connetics securities you bought, and when you bought and sold them.  A claim will be calculated as follows:

35.    The Net Settlement Fund will be distributed to Claimants under the Plan of Allocation (the "Plan") described below.  The Plan provides that Claimants will be eligible to participate in the distribution of the Net Settlement Fund only if, among other requirements described herein, Claimants have a net market loss on all transactions in Connetics securities during the Class Period.

36.    To the extent there are sufficient funds in the Net Settlement Fund, each Claimant will receive an amount equal to the Claimant's "Recognized Loss," as defined below.  If, however, (and as is more likely) the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Claimant, then each Claimant shall be paid the percentage of the Net Settlement Fund that each Claimant's claim bears to the total of the Recognized Losses of all Claimants (*i.e.,* the Claimant's *pro rata* share).  Payment in this manner shall be deemed conclusive against all Claimants.

37.    For purposes of determining the amount a Claimant may recover under the Plan, Lead Counsel conferred with its damages consultant and the Plan reflects an assessment of the damages that they believe could have been recovered had Lead Plaintiff prevailed at trial.

38.    The Defendants have denied and continue to deny, among other things, the characterization that the Lead Plaintiff or the Class have suffered damage

39.    The Plan, subject to Court approval or modification without further notice, is as follows:

I.    GENERAL PROVISIONS
    A.    <u>Definitions</u>:

40.    The defined terms used herein (e.g., "Connetics"), have the meanings given to them in this Notice and/or in the Stipulation.

41.    The term "market loss" means the amount by which the actual purchase or acquisition price of that security is greater than the actual sale price of that security.

42.    The term "market profit" means the amount by which the actual purchase or acquisition price of that security is less than the actual sale price of that security.

43.    The term "net market loss" means any market loss that occurs from the trading of Connetics securities during the Class Period after deducting any profits made from the trading of other Connetics securities during the Class Period.

44.    The term "Recognized Loss," as used herein, is not market loss.  Rather, it is a calculation to arrive at a loss figure for purposes of calculating an Authorized Claimant's *pro rata* participation in the Net Settlement Fund as described below.

45.    The term "Recognized Gain," as used herein, is not market gain.  Rather, it is a calculation to arrive at a gain figure for purposes of calculating an Authorized Claimant's *pro rata* participation in the Net Settlement Fund as described below.

46.    The term "disclosure days" means those days during the Class Period when Connetics first issued allegedly false statements concerning certain of the factual allegations in the Complaint. These dates include: January 27, May 5, July 29, and October 26 in 2004, January 25, January 26, April 27, August 3, and November 2 in 2005 and February 1 in 2006.

47.     The term "corrective disclosure days" means those days during the Class Period on which Lead Plaintiff claims the abnormal change in price of Connetics securities was attributable to corrections regarding the allegedly fraudulent misstatements being disseminated into the market. These dates include: April 27, June 13 and June 14 in 2005 and May 3, May 31, and July 10 in 2006.

48.     The term "bonds," unless otherwise indicated herein, means Connetics 2.25% Convertible Senior Notes Due 5/30/2008 and/or Connetics 2.00% Convertible Senior Notes Due 3/30/2015.

B.  <u>To Receive a Distribution from the Net Settlement Fund, a Class Member MUST</u>:
1.      Establish membership in the Class;
2.      Have purchased or otherwise acquired one of the Connetics securities listed in ¶C, below;
3.      Complete and sign a Proof of Claim form and supply all required documentation;
4.      Submit the completed claim form and documentation to the Claims Administrator on or before November 30, 2009; and
5.      Have incurred a Recognized Loss and otherwise be deemed an Authorized Claimant.

C.  Persons Who Purchased or Otherwise Acquired Any of the Following Connetics Securities During the <u>Class Period May be Eligible for Participation in the Distribution</u>:
1.      Connetics common stock ("stock") and/or
2.      Connetics 2.25% Convertible Senior Notes Due 5/30/2008.

D.  <u>Each Proof of Claim Form Must Separately Set Forth</u>:
1.      The Claimant's opening securities position in Connetics common stock and/or bonds as of the close of trading on January 26, 2004, the day before the first day of the Class Period;
2.      Each transaction, i.e., purchase, acquisition, or sale, made during the Class Period (and continuing through October 6, 2006) in any Connetics security; and
3.      Each Claimant's ending securities position in Connetics common stock and/or all bonds as of the close of trading on October 6, 2006, 90 days after the last day of the Class Period.

II.   FACTORS CONSIDERED IN DEVELOPING THE PLAN OF ALLOCATION
A.  The Recognized Loss for a Claimant's transactions will be calculated by the Claims Administrator in consultation with Lead Counsel in accordance with the provisions of this Plan of Allocation. <u>Factors considered in developing the Plan of Allocation include, among others</u>:

1.      The quantity of publicly traded Connetics securities initially held, purchased, acquired or sold during the Class Period;
2.      The time period in which the Connetics security was purchased or acquired;
3.      Whether the security was held until after the end of the Class Period (July 9, 2006) or whether it was sold during the Class Period and, if so, when it was sold;
4.      The alleged artificial inflation in the price of Connetics securities at different times during the Class Period attributable to defendants' false statements as alleged in this case (alleged "artificial inflation") as calculated by Lead Plaintiff's consultant.  Based on the opinions of its damages consultant, Lead Counsel assumed, for purposes of determining the Recognized Loss, that there were varied amounts of alleged artificial inflation in prices of Connetics securities for the entire Class Period,.
5.      The type of security involved (common stock or bonds).

III.  CALCULATION OF RECOGNIZED LOSS OR GAIN FOR CLAIMS GENERALLY
49.     A "Recognized Loss" or "Gain" will be calculated for each purchase or acquisition of Connetics securities that occurred during the Class Period, listed in the claim form, and for which adequate documentation is provided.

A.    Computation of Artificial Inflation for Connetics Securities

50.    For purposes of developing the Plan of Allocation, Lead Plaintiff's consultant calculated the amount of alleged artificial inflation in the daily closing market prices for Connetics securities for each day of the Class Period. In computing alleged artificial inflation, Lead Plaintiff's consultant considered price changes of Connetics securities in reaction to certain public announcements regarding Connetics, and adjusted the price changes in Connetics securities for changes that were attributable to market forces unrelated to the alleged fraud.

51.    The alleged artificial inflation for Connetics common stock and bonds is set forth in Table A attached to this Notice.

B.    Use of "FIFO" Methodology for Computation of Recognized Losses for Class Members Who Made Multiple Transactions In Connetics Securities During the Class Period

52.    For Class Members who made multiple purchases, acquisitions or sales of Connetics securities during the Class Period, the earliest subsequent sale of the same type of security shall be matched first against those securities in the Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase or acquisition of that same type of security made during the Class Period.  Purchases, acquisitions and sales of Connetics securities shall be deemed to have occurred on the "trade" date as opposed to the "settlement" date.

C.    No Recognized Losses For Certain Purchases and Sales

53.    Purchases or acquisitions of Connetics securities that are matched to sales prior to the first corrective disclosure day (*i.e.*, April 27, 2005) will have a Recognized Loss of zero.  This is because any losses prior to the first corrective disclosure were not allegedly caused by a corrective disclosure, but rather allegedly by other market forces. Similarly, individuals who purchased and sold Connetics securities solely during a subsequent period in which the amount of alleged artificial inflation remained constant (*i.e.*, individuals who purchased and sold the same amount of Connetics securities during the period May 5, 2004, through July 28, 2004), will also have a Recognized Loss of zero.

54.    Lead Plaintiff's damages consultant has determined that the price of the 2.00% Convertible Notes Due 2015 did not decline on any corrective disclosure after it became publicly traded.  As a result, individuals who purchased these bonds will have a Recognized Loss of zero as to those purchases.

55.    As reflected in the attached Table A, Lead Plaintiff's damages consultant has determined that the price of the 2.25% Convertible Notes Due 2008 declined on corrective disclosures on April 27, June 13, and June 14 of 2005, but did not decline on corrective disclosures on May 3, May 31, or July 10 of 2006.  Therefore, individuals who purchased these bonds after June 14, 2005, will have a Recognized Loss of zero as to those purchases.

56.    There is no Recognized Loss attributable to short sales.

D.    Acquisition by Gift, Inheritance or Operation of Law

57.    If a Class Member acquired Connetics securities during the Class Period by way of gift, inheritance or operation of law ("gift acquisition"), such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  In such instances, if possible, the recipient must provide documentation of the original purchase in addition to the transfer.  To the extent those Connetics securities were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be zero.

     E.     <u>Employee Stock Options</u>

58.    For Class Members who acquired publicly traded Connetics securities by exercising employee stock options granted to him or her by Connetics, the purchase price shall be the exercise price or strike price that the Class Member actually paid.

     F.     <u>Payments Less Than $10.00</u>

59.    A payment to any Class Member that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to these Class Members will be distributed.

## IV.    CALCULATION OF RECOGNIZED LOSS AND GAIN

     A.     <u>Recognized Loss</u>
         1.     For each Connetics share or bond held as of the close of trading on January 26, 2004, the day before the beginning of the Class Period, the Recognized Loss is zero.
         2.     For each Connetics share or 2.25% Convertible Senior Note Due 5/30/2008 purchased or acquired (including share exchange acquisitions) from January 27, 2004, through July 9, 2006:
             (a)     and that was still held at the close of trading on July 9, 2006: the Recognized Loss per share or bond (which is limited to be non-negative) is the lesser of: (a) the alleged artificial inflation amount indicated in Table A, for the date such share or bond was purchased or acquired; or (b) the purchase price or acquisition price per share or bond (including commissions and other charges) less the post-Class Period rolling average closing price as indicated in Table B for the date such share or bond was sold, or October 6, 2006, if still held on October 6, 2006.
             (b)     and that was sold during the Class Period: the Recognized Loss per share (which is limited to be non-negative) is the lesser of: (a) the amount by which the alleged artificial inflation per share or bond on the date of purchase exceeds the alleged artificial inflation per share on the date of sale, as set forth in Table A; or (b) the purchase price less the sales price.
         3.     Any Recognized Loss on bonds shall be multiplied by 0.2.

     B.     <u>Recognized Gain</u>
         1.     Connetics shares or bonds held as of the close of trading on January 26, 2004, the day before the beginning of the Class Period:
             (a)     and that were still held at the close of trading on July 9, 2006: the Recognized Gain per share is zero.
             (b)     and that were sold during the Class Period: the Recognized Gain per share is the alleged artificial inflation per share on the date of sale, as set forth in Table A.
         2.     Connetics shares or bonds purchased or acquired (including share exchange acquisitions) from January 27, 2004 through July 9, 2006:
             (a)     and that were still held at the close of trading on July 9, 2006: the Recognized Gain per share is zero.
             (b)     and that were sold during the Class Period: the Recognized Gain per share (which is limited to be non-negative) is the amount by which the alleged artificial inflation per share on the date of sale exceeds the alleged artificial inflation per share on the date of purchase or acquisition, as set forth in Table A.
         3.     Any Recognized Gain on bonds shall be multiplied by 0.2.

## V.    COMPUTATION OF NET RECOGNIZED LOSS FOR EACH CLASS MEMBER

60.    Recognized Loss or Gain with respect to a purchase or acquisition of Connetics security (e.g., common stock or bonds), is calculated by multiplying the number of shares or bonds of each such security by the appropriate Recognized Loss or Gain for a single share or $100 par value of bonds of that security, as described in Section IV.

61.    The Net Recognized Loss for each Class Member is calculated by (1) adding the Recognized Losses for each Connetics security purchased or acquired by the Class Member during the Class Period (*i.e.*, adding all Recognized Losses for common stock and/or bonds); and (2) subtracting any Recognized Gains for each Connetics security held or sold by the Class Member during the Class Period (*i.e.*, subtracting all Recognized Gains for common stock and/or bonds).

62.    All market profits shall be subtracted from all market losses on all transactions in Connetics publicly-traded securities during the Class Period to determine the net market loss of each Class Member.

63.    For purposes of determining whether a Claimant had a market profit or suffered a market loss from his, her or its overall transactions in any Connetics security during the Class Period, the Claims Administrator shall: (i) total the amount paid (including commissions and other charges) for all Connetics securities purchased during the Class Period by the Claimant (the "Total Purchase Amount"); (ii) match any sales of each respective Connetics security during the Class Period first against the Claimant's opening position in each respective Connetics security (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received (net of commissions, etc.) for sales of the remaining Connetics security sold during the Class Period (the "Sales Proceeds"); and (iv) assign the holding price indicated in Table B for each security (the closing price of each Connetics security on July 10, 2007) for the number of Connetics securities purchased during the Class Period and still held at the end of the Class Period ("Holding Value"). The Total Purchase Amount (i) less the Sales Proceeds (ii) and less the Holding Value (iii) will be deemed a Claimant's market profit or market loss (a profit occurs if a negative number is calculated) on his, her or its overall transactions in each Connetics security during the Class Period.

64.    If, during the Class Period, a Class Member made a net market profit in his, her or its transactions in publicly-traded Connetics securities, the amount of the Class Member's Recognized Loss shall be zero.

65.    If, during the Class Period, a Class Member has a net market loss in his, her or its trading in publicly-traded Connetics securities that is less than his, her or its Recognized Loss, the Class Member's claim shall be limited to the Class Member's net market loss.

VI.    DISTRIBUTION OF THE NET SETTLEMENT FUND
66.    "Net Recognized Loss" will be used for calculating the relative amount of participation by Authorized Claimants in the Net Settlement Fund and does not reflect the actual amount an Authorized Claimant can expect to recover from the Net Settlement Fund. The Net Recognized Losses of all Authorized Claimants may be greater than the Net Settlement Fund. In such event, subject to the $10.00 minimum payment requirement discussed above, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, which shall be his, her or its Net Recognized Loss divided by the total of all Net Recognized Losses to be paid, multiplied by the total amount in the Net Settlement Fund.

67.    Although short sales will have no Recognized Loss under the Plan of Allocation, any Recognized Gain attributable to such short sales will be used to offset Recognized Losses from other transactions. Furthermore, market gains or losses attributable to short sales will be calculated as part of the market gain or loss calculation.

68.    Payment pursuant to the Plan shall be conclusive against all Claimants. No Person shall have any claim against Lead Counsel, Lead Plaintiff, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court. All Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the settlement, but will in all other respects be subject to and bound by the terms of the settlement, including the releases.

69.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

70.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.

---

**WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?**

---

71.     If the Settlement is approved, the Court will enter a judgment (the "Judgment").   The Judgment will dismiss with prejudice the claims against the Defendants and will provide that Lead Plaintiff and all other Class Members shall be deemed to have – and by operation of the Judgment shall have – fully and finally released, waived, discharged, and dismissed each and every Settled Claim (as defined in paragraph 73 below), including Unknown Claims (as defined in the Stipulation) against the Released Parties (as defined in paragraph 74 below), and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

72.     "Unknown Claims" means any and all Settled Claims that any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims that any Defendant or Related Party does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Defendants' Claims, the parties stipulation and agree that, upon the Effective Date, the Lead Plaintiff and the Defendants shall expressly waive, and each Class Member and Related Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but which Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and the Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled claims and Defendants' Claims was separately bargained for and was a key element of the Settlement.

73.     "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, fixed or contingent, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Litigation or (b) could have asserted in any forum, that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, statements, representations or omissions involved, set forth, or referred to in the Complaint that relate to the purchase or acquisition of the Company's publicly traded securities during the Class Period or to the adequacy of any disclosures during the Class Period or that could have been asserted in the Litigation.

74.     "Released Parties" means:  (i) Defendants; (ii) Dismissed Defendants; and (iii) each of the Related Parties.

75.     "Related Parties" means each of Defendants' respective present or former officers, directors, agents, employees, attorneys, any auditor of the Company named as a defendant in any complaint filed in this Litigation, controlling shareholders, insurers, co-insurers, re-insurers, representatives, trustees, spouses, heirs, executors, administrators, predecessors, subsidiaries, divisions, joint ventures, parents and officers, directors and employees thereof; affiliates and officers, directors and employees thereof; subsidiaries and officers, directors and employees thereof; general and limited partners, principals, and successors and assigns.

76.     The Judgment also will provide that Defendants and each of their Related Parties shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every of the

Defendants' Claims (as defined in paragraph 77 below), and shall forever be enjoined from prosecuting any or all of the Defendants' Claims, against Lead Plaintiff, the Class Members and their counsel.

77.   "Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, fixed or contingent, whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Litigation or any forum by the Defendants and/or their Related Parties or any of them or the successors and assigns of any of them against the Lead Plaintiff, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation (except for claims to enforce the Settlement).

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
### HOW WILL THE LAWYERS BE PAID?

---

78.   Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund plus interest at the same rate and for the same time period as earned by the Settlement Fund.  At the same time, Lead Counsel also intends to apply for the reimbursement of Litigation Expenses not to exceed $550,000 plus interest at the same rate and for the same time period as earned by the Settlement Fund.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

79.   If you purchased or otherwise acquired publicly traded Connetics securities during the period between January 27, 2004 through July 9, 2006, inclusive, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is www.ConneticsSecuritiesLitigation.com.  You may also request a Claim Form by calling toll-free (800)-494-9209.  Copies of the Claim Form can also be downloaded from Lead Counsel's website at www.blbglaw.com.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation will not be entitled to share in the Settlement.  Please retain all records of your ownership of, or transactions in Connetics securities, as they may be needed to document your Claim.

80.   As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

81.   If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement?  How Do I Exclude Myself?" below.

82.   If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?
### HOW DO I EXCLUDE MYSELF?

---

83.   Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Class, addressed to *In re Connetics Securities Litigation* - EXCLUSIONS, - c/o A.B. Data, Ltd., PO Box 170500, Milwaukee, WI

13

53217-8042.  The exclusion request must be *received* no later than September 30, 2009.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity requests exclusion from the Class in *In re Connetics Securities Litigation*, C 07-02940 SI; (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Connetics securities during the Class Period.  Requests for exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines.

84.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Settled Claims.

85.    If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the settlement.

86.    If Class Members who purchased or acquired more than a certain number of shares of Connetics common stock during the Class Period choose to exclude themselves  from the Class, as set forth in a separate supplemental agreement between Lead Plaintiff and Defendants (the "Supplemental Agreement"), Defendants shall have, in their sole and absolute discretion (which must be unanimously exercised), the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

87.    **If you do not wish to object in person to the proposed Settlement, proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.**

88.    The Final Approval Hearing will be held on October 9, 2009, at 9:00 a.m. before the Honorable Susan Illston, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California 94102.  The Court reserves the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of expenses at or after the Final Approval Hearing without further notice to the members of the Class.

89.    Any Class Member who does not request exclusion *received* no later than September 30, 2009 may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses.  Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other papers (including proof of all purchases or acquisitions of Connetics securities during the Class Period) and briefs, with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before September 30, 2009.  You must also serve the papers on Lead Counsel for the Class and counsel for Defendants at the addresses set forth below so that the papers are *received* on or before September 30, 2009.

**Clerk's Office**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
Clerk of the Court
450 Golden Gate Avenue
San Francisco, California 94102

**Lead Counsel for the Class**

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
David Stickney, Esq.
Niki L. Mendoza, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582

**Counsel for Defendants**

FENWICK & WEST LLP
Susan S. Muck, Esq.
Catherine D. Kevane, Esq.
555 California Street, 12th Floor
San Francisco, CA 94104

90.    The filing must demonstrate your membership in the Class, including the number of shares of Connetics securities purchased or otherwise acquired or sold during the Class Period and the price(s) paid and received. You may not object to the Settlement or any aspect of it, if you are not a Class Member or if you excluded yourself from the Class.

91.    You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

92.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before September 30, 2009, concerning your intention to appear. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

93.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before September 30, 2009.

94.    The Final Approval Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| --- |

95.    If you purchased or otherwise acquired Connetics securities during the Class Period for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such Connetics securities, postmarked no later than fourteen (14) days after you receive this Notice, or (ii) provide the names and addresses of such persons no later than fourteen (14) days after you receive this Notice to *In re Connetics Securities Litigation*, Attention: Fulfillment Department, Claims Administrator, c/o A.B. Data , Ltd., 3410 West Hopkins Street, PO Box 170500, Milwaukee, WI 53217-8042. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.    Copies of this Notice may also be obtained from the Claims Administrator's website

www.abdataclassaction.com, or by calling toll-free (800)-494-9209, may be downloaded from the settlement website, www.ConneticsSecuritiesLitigation.com, or from Lead Counsel's website, www.blbglaw.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

96.     This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Litigation is available at www.ConneticsSecuritiesLitigation.com, including, among other documents, copies of the Stipulation, Claim Form, the Complaint, and certain Court Orders.  Papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for attorneys' fees and payment of expenses will be submitted for receipt on or before September 18, 2009.  Copies of such papers will be available at www.ConneticsSecuritiesLitigation.com.

97.     All inquiries concerning this Notice or the Claim Form should be directed to:

|  |  |  |
| --- | --- | --- |
| *In re Connetics Securities Litigation* |  | David Stickney, Esq. |
| Claims Administrator |  | Niki L. Mendoza, Esq. |
| c/o A.B. Data , Ltd., | **OR** | BERNSTEIN LITOWITZ BERGER |
| PO Box 170500 |  | & GROSSMANN LLP |
| Milwaukee, WI 53217-8042 |  | 12481 High Bluff Drive, Suite 300 |
| (800)-494-9209 |  | San Diego, California 92130-3582 |
| **Claims Administrator** |  | (888) 924-1888 |
|  |  | blbg@blbglaw.com |
|  |  | **Lead Counsel** |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____

By Order of the Clerk of Court
United States District Court
for the Northern District of California

16

1   BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
2   DAVID R. STICKNEY   (Bar No. 188574)
    NIKI L. MENDOZA (Bar No. 214646)
3   TAKEO A. KELLAR   (Bar No. 234470)
    12481 High Bluff Drive, Suite 300
4   San Diego, CA 92130
    Tel:     (858) 793-0070
5   Fax:     (858) 793-0323
    davids@blbglaw.com
6   nikim@blbglaw.com
    takeok@blbglaw.com
7         -and-
    CHAD JOHNSON
8   1285 Avenue of the Americas, 38th Floor
    New York, NY 10019
9   Tel:     (212) 554-1400
    Fax:     (212) 554-1444
10  chad@blbglaw.com

11  Attorneys for Lead Plaintiff Teachers' Retirement
    System of Oklahoma and Lead Counsel to the Class

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16  | In re CONNETICS SECURITIES | Case No. C 07-02940 SI |
    | LITIGATION. | |
17  | | **PROOF OF CLAIM FORM** |
18  | This Document Relates To: | |
    | | **EXHIBIT A-2** |
19  |     ALL ACTIONS. | |

## I.   **GENERAL INSTRUCTIONS**

1.   To recover as a member of the Class based on your claims in the action entitled *In re Connetics Securities Litigation,* Case No. C 07-02940 SI (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim Form.  If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.   Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.   **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE NOVEMBER 30, 2009, ADDRESSED AS FOLLOWS:**

> *In re Connetics Securities Litigation*
> Claims Administrator
> c/o A.B. Data , Ltd.
> PO Box 170500
> Milwaukee, WI 53217-8042

If you are NOT a member of the Class (as defined below and in the Notice Of Pendency Of Class Action And Proposed Settlement, Final Approval Hearing, And Motion For Attorneys' Fees And Reimbursement Of Litigation Expenses ("Notice")), **DO NOT** submit a Proof of Claim Form.

4.   If you are a member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## II.   **CLAIMANT IDENTIFICATION**

If you purchased or acquired Connetics securities, and held documents evidencing these transactions (i.e., stock certificate(s), etc.) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or acquired Connetics securities and the

transactional document(s) was/were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of the Proof of Claim Form – entitled "Claimant Identification" – to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Connetics securities which forms the basis of this claim. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE CONNETICS SECURITY OR SECURITIES UPON WHICH THIS CLAIM IS BASED.**

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Part II of Proof of Claim and Release – entitled "Transactions in Connetics Securities" – to supply all required details of your transaction(s) in Connetics securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of Connetics securities which took place at any time during the Class Period, and including up through October 6, 2006, whether such transactions resulted in a profit or loss. Failure to report all requested information may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Connetics

securities.  The date of a "short sale" is deemed to be the date of sale of Connetics securities.

Copies of broker confirmations or other documentation of your transactions in Connetics securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

## *In re Connetics Securities Litigation*

### PART I: CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)        / Joint Owner's Name

_____

Street Address

_____        _____

City                             State            Zip Code

_____        _____

Foreign Province                 Foreign Country

_____        _____ (Daytime)

Area Code                        Telephone Number

_____        _____ (Evening)

Area Code                        Telephone Number

_____    or    _____

Social Security Number     or    Taxpayer Identification Number

_____

Record Owner's Name (if different from beneficial owner listed above)

Check appropriate box (check only one box):

☐    Individual/Sole Proprietor    ☐    Joint Owners    ☐    Pension Plan
☐    Corporation                   ☐    Partnership     ☐    Trust
☐    IRA                           ☐    Other (describe:_____)

NOTE:  Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (*e.g.*, a Corporation with multiple brokerage accounts should include all

1  transactions in Connetics securities) during the Class Period on one Proof of Claim, no matter
2  how many accounts the transactions were made in.

3  NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of
   transactions may request, or may be requested, to submit information regarding their transactions
4  in electronic files.   All Claimants MUST submit a manually signed paper Proof of Claim form
   listing all their transactions, whether or not they also submit electronic copies. If you wish to file
5  your claim electronically, you must contact the Claims Administrator at (800)-494-9209, or visit
   their website at www.abdataclassaction.com, to obtain the required file layout.   No electronic
6  files will be considered to have been properly submitted unless the Claims Administrator issues
7  to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted
   data.

## PART II: TRANSACTIONS IN CONNETICS SECURITIES

**A.     INITIAL COMMON STOCK HOLDINGS:**  State the number of shares of Connetics common stock the Claimant owned at the close of trading on January 26, 2004.  If none, write "zero" or "0".   If other than zero, be sure to attach the required documentation.

_____

**B.     COMMON STOCK PURCHASES:**  List all purchases of Connetics common stock made between January 27, 2004, and October 6, 2006, inclusive.  (NOTE:  If you acquired your Connetics common stock during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page).  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price* |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

* excluding commissions, transfer taxes or other fees

**C.     COMMON STOCK SALES:** List all sales of Connetics common stock made between January 27, 2004, and October 6, 2006, inclusive.   Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Sale Price* |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

*excluding commissions, transfer taxes or other fees

**D.     UNSOLD COMMON STOCK HOLDINGS AT OCTOBER 6, 2006:**  State        the number of shares of Connetics common stock the Claimant owned at the close of trading on October 6, 2006.  Be sure to attach the required documentation. _____

**E.     CONNETICS   2.25%   CONVERTIBLE   SENIOR   NOTES   DUE   5/30/2008 HOLDINGS:**  State the number of Connetics 2.25% Convertible Senior Notes Due 5/30/2008 the Claimant owned at the close of trading on January 26, 2004.  If none, write "zero" or "0".  If other than zero, be sure to attach the required documentation.  _____

**F.     CONNETICS   2.25%   CONVERTIBLE   SENIOR   NOTES   DUE   5/30/2008 PURCHASES:** List all purchases of  Connetics 2.25% Convertible Senior Notes Due 5/30/2008 made between January 27, 2004, and October 6, 2006, inclusive.  (NOTE:  If you acquired such Notes during this period other than by an open market purchase, please provide a complete

description of the terms of the acquisition on a separate page.).  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price* |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

* excluding commissions, transfer taxes or other fees

**G.     CONNETICS 2.25% CONVERTIBLE SENIOR NOTES DUE 5/30/2008 SALES:** List all sales of Connetics 2.25% Convertible Senior Notes Due 5/30/2008 made between January 27, 2004, and October 6, 2006, inclusive.   Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Sale Price* |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

*excluding commissions, transfer taxes or other fees

**H.     UNSOLD CONNETICS 2.25% CONVERTIBLE SENIOR NOTES DUE 5/30/2008 HOLDINGS AT OCTOBER 6, 2006:**     State the number of Connetics 2.25% Convertible Senior Notes Due 5/30/2008 the Claimant owned at the close of trading on October 6, 2006.  Be sure to attach the required documentation. _____

**I.     CONNETICS 2.00% CONVERTIBLE SENIOR NOTES DUE 3/30/2015 PURCHASES:** List all purchases of Connetics 2.00% Convertible Senior Notes Due 3/30/2015 made between January 27, 2004, and October 6, 2006, inclusive.  (NOTE:  If you acquired such Notes during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page.).  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price* |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

* excluding commissions, transfer taxes or other fees

**G.    CONNETICS 2.00% CONVERTIBLE SENIOR NOTES DUE 3/30/2015 SALES:**
List all sales of Connetics 2.00% Convertible Senior Notes Due 3/30/2015 made between
January 27, 2004, and October 6, 2006, inclusive.   Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Sale Price* |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

*excluding commissions, transfer taxes or other fees

**H.    UNSOLD CONNETICS 2.00% CONVERTIBLE SENIOR NOTES DUE 3/30/2015
HOLDINGS AT OCTOBER 6, 2006:**    State the number of Connetics 2.00% Convertible
Senior Notes Due 3/30/2015 the Claimant owned at the close of trading on October 6, 2006.  Be
sure to attach the required documentation. _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE
PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS
BOX ☐**

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE
REVIEWED**

---

## PART III: RELEASE OF CLAIMS AND SIGNATURE

**Definitions**

"Effective Date," as further defined in the Stipulation, means the date on which all of the
following shall have occurred: (a) the Court has entered the Preliminary Approval Order; (b)
payment has been made pursuant to paragraph 6 of the Stipulation; (c) the Court has approved
the Settlement, following notice to the Class and a hearing; and (d) the Court has entered the
Judgment, which has become Final.

"Judgment" means the judgment to be rendered by the Court substantially in the form
attached to the Stipulation as Exhibit B.

"Defendants" means Connetics, Thomas G. Wiggans, Gregory Vontz, John L. Higgins, and
Lincoln Krochmal.

"Dismissed Defendants" means Alexander J. Yaroshinsky and Victor E. Zak.

"Released Parties" means (i) Defendants; (ii) Dismissed Defendants; and (iii) each of
Defendants' respective present or former officers, directors, agents, employees, attorneys, any
auditor of the Company named as a defendant in any complaint filed in this Litigation,
controlling shareholders, insurers, co-insurers, re-insurers, representatives, trustees, spouses,
heirs, executors, administrators, predecessors, subsidiaries, divisions, joint ventures, parents and
officers, directors and employees thereof; affiliates and officers, directors and employees thereof;

subsidiaries and officers, directors and employees thereof; general and limited partners, principals, and successors and assigns.

"Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, fixed or contingent, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Litigation or (b) could have asserted in any forum, that arise out of, are based upon or in any manner relate to the allegations, transactions, facts, matters or occurrences, statements, representations or omissions involved, set forth, or referred to in the Complaint that relate to the purchase or acquisition of the Company's publicly traded securities during the Class Period or to the adequacy of any disclosures during the Class Period or that could have been asserted in the Litigation.

"Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, fixed or contingent, whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Litigation or any forum by the Defendants and/or their Related Parties or any of them or the successors and assigns of any of them against the Lead Plaintiff, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation (except for claims to enforce the Settlement).

"Class" means the Class as certified by the Court's Order filed May 12, 2009 (Dkt. No. 183), which is defined as all persons and entities who purchased or otherwise acquired the publicly traded securities of Connetics from January 27, 2004, through July 9, 2006, and who suffered damages as a result. Excluded from the Class are: (i) the Defendants and Dismissed Defendants; (ii) members of the family of each Individual Defendant or Dismissed Defendant; (iii) any person who was an officer or director of Connetics during the Class Period; (iv) any person who is or was named as a defendant in any U.S. Government or state criminal or civil proceeding relating to Connetics; (v) any firm, trust, corporation, officer, or other entity in which any Defendant or Dismissed Defendant has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any persons who validly exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

"Unknown Claims" means any and all Settled Claims that any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims that any Defendant or Related Party does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Defendants' Claims, the parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff and the Defendants shall expressly waive, and each Class Member and Related Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Lead Plaintiff shall expressly and each Class Member, upon the

Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Defendants acknowledge, and Class Members and Related Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Defendants' Claims was separately bargained for and was a key element of the Settlement.

**The Release**

I (we) understand and acknowledge that without further action by anyone, on and after the Effective Date, each Class Member, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Settled Claims (including Unknown Claims) against each and all of the Released Parties, whether or not a Proof of Claim Form is executed and delivered by, or on behalf of, such Class Member.

## SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim Form under the terms of the Stipulation and Agreement of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of Connetics securities during the Class Period and know of no other person having done so on my behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge all Settled Claims (including Unknown Claims) against each and all the "Released Parties," defined as Defendants; (ii) Dismissed Defendants; and (iii) each of their Related Parties (defined above).

1.  that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice;

2.  that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in Connetics securities;

3.  that I (we) own(ed) the Connetics securities identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4.  that Claimant(s) may be entitled to receive a distribution from the Net Settlement Fund;

5.  that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties or the Court may require;

6.  that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this

---

PROOF OF CLAIM FORM
Case No. C 07-02940 SI

9

Proof of Claim;

    7.   that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

    8.   that I (we) have included information about all of my (our) transactions in Connetics securities which occurred during the Class Period, and up through October 6, 2006; and

    9.   that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

Signature of Claimant

_____    _____

Print Name of Claimant                              Date

Signature of Joint Claimant, if any

_____    _____

Print Name of Joint Claimant                     Date

***If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of Person Completing Form

_____    _____

Print Name of Person Completing Form            Date

Capacity of Person Signing (Executor, President, Trustee, etc.)

## REMINDER CHECKLIST

Please sign the Certification Section of the Proof of Claim and Release form.

If this Claim is being made on behalf of Joint Claimants, then both must sign.

Please remember to attach supporting documents.

**DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (800)-494-9209.

If you move, please send your new address to:

*In re Connetics Securities Litigation*
Claims Administrator
c/o A.B. Data , Ltd.,
PO Box 170500
Milwaukee, WI 53217-8042

**Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN NOVEMBER 30, 2009, AND MUST BE MAILED TO:**

*In re Connetics Securities Litigation*
Claims Administrator
c/o A.B. Data , Ltd.,
PO Box 170500
Milwaukee, WI 53217-8042

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
## THANK YOU FOR YOUR PATIENCE

1   BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
2   DAVID R. STICKNEY   (Bar No. 188574)
   NIKI L. MENDOZA   (Bar No. 214646)
3   TAKEO A. KELLAR   (Bar No. 234470)
   12481 High Bluff Drive, Suite 300
4   San Diego, CA 92130
   Tel:   (858) 793-0070
5   Fax:   (858) 793-0323
   davids@blbglaw.com
6   nikim@blbglaw.comtakeok@blbglaw.com
        -and-
7   CHAD JOHNSON
   1285 Avenue of the Americas, 38th Floor
8   New York, NY 10019
   Tel:   (212) 554-1400
9   Fax:   (212) 554-1444
   chad@blbglaw.com
10

11   Attorneys for Lead Plaintiff Teachers' Retirement
   System of Oklahoma and Lead Counsel to the Class

12

13               UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

16   In re CONNETICS SECURITIES        Case No. C 07-02940 SI
   LITIGATION.
17
                           **SUMMARY NOTICE**
18   This Document Relates To:
                           **EXHIBIT A-3**
19       ALL ACTIONS.

20

21

22

23

24

25

26

27

28

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED CONNETICS SECURITIES BETWEEN JANUARY 27, 2004, THROUGH JULY 9, 2006, INCLUSIVE:**

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action, and that the plaintiff, on behalf of itself and the Class, has reached a proposed settlement with Connetics Corp. ("Connetics"), and Thomas G. Wiggans, Gregory Vontz, John L. Higgins, and Lincoln Krochmal (collectively, "Defendants"), valued at $12.75 million plus interest thereon. A hearing will be held before the Honorable Susan Illston at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, CA 94102 at 9:00 a.m. on October 9, 2009, to determine (1) whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate, (2) whether a final judgment and order of dismissal with prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved in connection with this Settlement, and (4) whether the application of Lead Counsel for attorneys' fees and litigation expenses should be approved.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the (1) Notice of Pendency And Proposed Settlement of Class Action ("Notice"); and (2) Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting: *In re Connetics Securities Litigation*, Claims Administrator, c/o A.B. Data , Ltd., PO Box 170500, Milwaukee, WI 53217-8042. Copies of the Notice and Claim Form may also be downloaded from: www.blbglaw.com or at www.ConneticsSecuritiesLitigation.com. If you are a Class Member, in order to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form no later than November 30, 2009, establishing that you are entitled to a recovery. You will be bound by any judgment entered in the Consolidated Action whether or not you make a Claim.

1     If you desire to be excluded from the Settlement Class, you must submit a request for

2 exclusion to be received by September 30, 2009, in the manner and form explained in the Notice.

3 All Class Members who do not timely request exclusion from the Class will be bound by any

4 judgment entered in the Litigation.

5     Any objection to the proposed Settlement, Plan of Allocation or application for attorneys'

6 fees and payment of litigation expenses must be filed with the Court and be received by counsel

7 for the parties no later than September 30, 2009, in the manner and form set forth in the Notice.

8     **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

9 **REGARDING THIS NOTICE.**  Inquiries, other than requests for the Notice and Claim Form,

10 may be made to Lead Counsel:

11     David R. Stickney, Esq.
       Niki L. Mendoza, Esq.
12     Bernstein Litowitz Berger & Grossmann LLP
       12481 High Bluff Drive, Suite 300
13     San Diego, CA  92130
       888-924-1888
14

15

16 Dated: _____, 2009              By Order of the Clerk of the Court
                                        United States District Court
17                                      for the Northern District of California

18

19

20

21

22

23

24

25

26

27

28