BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
DAVID R. STICKNEY   (Bar No. 188574)
NIKI L. MENDOZA   (Bar No. 214646)
TAKEO A. KELLAR   (Bar No. 234470)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
davids@blbglaw.com
nikim@blbglaw.com
takeok@blbglaw.com
       -and-
CHAD JOHNSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444
chad@blbglaw.com

Attorneys for Lead Plaintiff Teachers' Retirement System of Oklahoma and Lead Counsel to the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CONNETICS SECURITIES LITIGATION.<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. C 07-02940 SI<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Order of this Court filed July 20, 2009, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of July 10, 2009 (the "Stipulation"). Full and adequate notice having been given to the Settlement Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3. "Class" means the Class as certified by the Court's Order filed May 12, 2009 (Dkt. No. 183), which is defined as all persons and entities who purchased or otherwise acquired the publicly traded securities of Connetics from January 27, 2004, through July 9, 2006, and who suffered damages as a result. Excluded from the Class are: (i) the Defendants and Dismissed Defendants; (ii) members of the family of each Individual Defendant or Dismissed Defendant; (iii) any person who was an officer or director of Connetics during the Class Period; (iv) any person who is or was named as a defendant in any U.S. Government or state criminal or civil proceeding relating to Connetics; (v) any firm, trust, corporation, officer, or other entity in which any Defendant or Dismissed Defendant has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any persons who validly exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Lead Plaintiff, the Class and each of the Class Members. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length

negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class. The Court further finds that the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

5. Except as to any individual claim of those persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including the Settled Claims and the Defendants' Claims, are dismissed with prejudice as to Lead Plaintiff and the other Members of the Class, and as against the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. All Class Members are hereby forever barred and enjoined from prosecuting any of the Settled Claims.

7. Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

8. Upon the Effective Date, Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Defendants' Claims, and shall forever be enjoined from prosecuting any or all of the Defendants' Claims, against Lead Plaintiff, the Class Members and their counsel.

9. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the

1    matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all
2    persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of
3    Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-
4    4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and
5    any other applicable law.

      10.    Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorney fee and/or expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

      11.    Neither the Stipulation nor the Settlement shall be:

      a.    offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Released Parties in this Litigation or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

      b.    offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiff or any Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

      c.    offered or received against any of the Released Parties, or against the Lead Plaintiff or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if the Stipulation is

approved by the Court, Defendants or any other Released Party may refer to it to effectuate the protection from liability granted them hereunder;

   d. construed against any of the Released Parties, Lead Plaintiff or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

   e. construed against Lead Plaintiff or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

 12. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Class Members, Defendants and/or the other Released Parties may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

 13. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

 14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

 15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order

of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: __10/9/09_____

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE